1  REBECCA EISEN, State Bar No. 096129
   JENNIFER SVANFELDT, State Bar No. 233248
2  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001
   reisen@morganlewis.com
5  jsvanfeldt@morganlewis.com

6  JILL A. PORCARO, State Bar No. 190412
   MORGAN, LEWIS & BOCKIUS LLP
7  300 South Grand Avenue, 22nd Floor
   Los Angeles, CA 90071
8  Tel:  213.612.2500
   Fax:  213.612.2501
9  jporcaro@morganlewis.com

10  Attorneys for Defendant
    SERVISAIR, LLC

11

12              UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14

15  ROBERT NAVARRO,                    Case No.

16                      Plaintiff,     **SERVISAIR, LLC'S NOTICE OF
                                       REMOVAL OF ACTION TO THE UNITED
17            vs.                       STATES DISTRICT COURT FOR THE
                                       NORTHERN DISTRICT OF CALIFORNIA**
18  SERVISAIR, LLC,
                                       [28 U.S.C. §§ 1332(d), 1331 and 1441]
19                      Defendant.

20

21          DEFENDANT SERVISAIR LLC ("Servisair") gives notice that this cause is hereby

22  removed from the Superior Court of the State of California for the County of San Francisco, to

23  the United States District Court for the Northern District of California.  Servisair removes this

24  matter pursuant to 28 U.S.C. sections 1331, 1332(d),1441, 1446, and 1453, and states that this

25  Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005

26  ("CAFA") and 28 U.S.C. section 1331.

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7704817.1                                          NOTICE OF REMOVAL

1    As and for its Notice of Removal, Servisair pleads as follows:

2        1.    This lawsuit is a civil action within the meaning of the Acts of Congress
3    relating to removal of class actions. *See* 28 U.S.C. § 1453.

4        2.    Plaintiff Robert Navarro ("Plaintiff") instituted this civil action in the
5    Superior Court of the State of California for the County of San Francisco on or about April 24,
6    2008, against Servisair, and was assigned Case Number 08-CV-474610 in said court.

7        3.    This action was therefore commenced after the effective date of the Class
8    Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28
9    U.S.C. sections 1332(d), 1453 and 1711-1715.

10        4.    The Summons, Civil Case Cover Sheet and Complaint were served upon
11    Servisair on May 5, 2008 by process server.  True and correct copies of the Summons, Civil Case
12    Cover Sheet and Complaint are attached hereto as Exhibit A.

13        5.    On May 29, 2008, Servisair filed and served its Answer to Plaintiff's
14    unverified complaint ("Answer").  A true and correct copy of Servisair's Answer is attached
15    hereto as Exhibit B.  The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached
16    hereto as Exhibits A and B) constitute all process, pleadings and orders that have been filed in
17    this action.

18        6.    Because this Notice of Removal is filed within thirty days of service of the
19    Summons, Civil Case Cover Sheet and Complaint upon the Servisair, it is timely under 28 U.S.C.
20    section 1446(b) and 28 U.S.C. section 1453.

21        7.    This lawsuit was brought by a putative representative person on behalf of a
22    proposed class of individuals.  Ex. A, ¶¶ 1-3, 21.  As such, this matter is a purported class action,
23    as that term is defined pursuant to 28 U.S.C. section 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

24        8.    This action originally could have been filed in this Court under
25    28 U.S.C. section 1332(d) because this matter was brought as a class action, complete diversity of
26    citizenship exists between one or more members of the class and Servisair, and the amount in

27    _____

[1]/    Servisair does not concede, and reserves the right to contest, at the appropriate time, Plaintiff's allegations
that this action can properly proceed as a class action.  Servisair further does not concede that any of Plaintiff's
allegations constitute a cause of action under applicable California law.

28

1  controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs. This action

2  also originally could have been filed in this Court under 28 U.S.C. section 1331(federal question

3  jurisdiction) because it includes claims arising under the laws of the United States. Further, this

4  action also includes claims over which this Court may properly exercise supplemental jurisdiction

5  pursuant to 28 U.S.C. section 1367(a) because they form part of the same case or controversy as

6  the claims over which this Court has original jurisdiction. Removal is therefore proper pursuant

7  to 28 U.S.C. sections 1441, 1446 and 1453.

8  **I.    DIVERSITY OF CITIZENSHIP EXISTS**

9      **A.    The Parties Are Diverse.**

10          9.    Plaintiff is employed by Servisair as a ramp agent in California and resides

11  in California. Ex. A, ¶ 8. Plaintiff does not allege any alternative state of residence.

12  Accordingly, upon information and belief, Plaintiff was at the institution of this civil action, and

13  was at all times intervening, a citizen and resident of California.

14          10.    Servisair, an operator of aviation ground services, has approximately 4,100

15  employees nationwide. The majority of Servisair's tangible property is located in Illinois. The

16  majority of Servisair's production activities are performed in Illinois and the majority of its

17  income is earned in Illinois.

18          11.    Servisair is, and was at the time of the institution of this civil action, and at

19  all times intervening, a corporation organized and existing under and by virtue of the laws of the

20  State of Delaware with its principal place of business (where the majority of its executive and

21  administrative functions are performed) in Houston, Texas. Servisair, therefore, is a citizen of

22  Delaware and Texas for the purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

23          12.    As of the end of 2007, Servisair conducted business in 12 states.

24          13.    Servisair's business activities do not substantially predominate in any one

25  state and the percentage of Servisair's total business activity that is conducted in California is not

26  significantly larger than other states in which it conducts business. As a result, Servisair is not

27  now, and was not at the time of the filing of the Complaint, a citizen of the State of California

28  within the meaning of the Acts of Congress relating to the removal of causes. *See Arellano v.*

1  *Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1105 (S.D. Cal. 2003); *Industrial Tectonics v.*

2  *Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990).  Accordingly, Servisair is a citizen of

3  Delaware and Texas.

4        14.    Based on the Complaint, therefore, at least one member of the proposed

5  class of plaintiffs (Navarro) is a citizen of a state different from Servisair.

6      **B.**    **The Amount-In-Controversy Requirement is Satisfied.**

7        15.    Pursuant to CAFA, the claims of the individual members in a class action

8  are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

9  *See* 28 U.S.C. § 1332(d)(6).

10        16.    In addition, Congress intended for federal jurisdiction to be appropriate

11  under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint

12  of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,*

13  damages, injunctive relief, or declaratory relief)."  Senate Judiciary Report, S. REP. 109-14,

14  at 42.

15        17.    The Complaint seeks relief on behalf of a putative class consisting of "all

16  current and former employees of [Servisair] who worked in the State of California at any time

17  from [sic] period commencing four years from the filing of this action through the entry of final

18  judgment of this action."  Ex. A, ¶ 24.  Servisair currently employs approximately 950 employees

19  in California.  Of these 950 employees, approximately 405 are ramp agents.

20        18.    The Complaint in the instant action purports to allege multiple claims on

21  behalf of the putative class members for unpaid wages and other relief including civil penalties

22  and injunctive and equitable relief under various sections of the California Labor Code and the

23  California Industrial Welfare Commission ("IWC") Wage Orders, and for restitution under

24  Business and Professions Code section 17200.  Ex. A, ¶¶ 1-6, 8, 11, 31, 32, 35, 41, 43, 47-50, 53,

25  54, 61-63, 66, 67, 70-73, 78, 81, 86; Prayer for Relief ¶¶ D-K.

26        19.    Plaintiff alleges that his claims are typical of the claims of the members of

27  the proposed class.  Ex. A, ¶ 32.

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1    20.    The Complaint alleges that Plaintiff and the members of the class worked

2  in excess of five hours a day without being afforded at least a thirty minute meal period each day,

3  worked in excess of five hours and were not provided with pay of one-hour for each workday,

4  and that a proper meal period was not provided in violation of California Labor Code sections

5  226.7 and 512, and Wage Order 9 section 11(B). Ex. A, ¶¶ 43, 44.

6    21.    Plaintiff alleges that he and similarly situated current and former

7  employees are entitled to one hour of pay at the employee's regular rate of compensation for each

8  workday that a proper meal period was not provided. Ex. A, ¶ 43.

9    22.    Plaintiff has worked for Servisair since March 15, 1999. Ex. A, ¶ 8.

10  Plaintiff alleges that he sometimes works over eight hours a day. Ex. A, ¶ 23.

11    23.    Plaintiff's hourly rate of pay is $11.88.

12    24.    Under Plaintiff's theory of the case, if Plaintiff and the putative class

13  members were not provided with a required meal and/or rest periods at least three times a week

14  and were entitled to one additional hour of pay for each work day on which a meal and/or rest

15  period was not provided, the potential liability would be at least: 405 putative class members[2] x

16  $35.64 (three hours of pay) x 156 weeks (3 years) = **$2,251,735**.

17    25.    Plaintiff alleges that he and similarly situated current and former

18  employees are entitled to overtime pay compensation because they worked over eight hours a day

19  or 40 hours a week. Ex. A, ¶¶ 23, 53. Plaintiff, however, does not specify the number of

20  overtime hours he allegedly worked for which he did not receive overtime compensation.

21    26.    Under Plaintiff's theory of the case, if Plaintiff and the putative class

22  members worked three overtime hours per week and were entitled to overtime compensation for

23  each overtime hour worked, the potential liability would be at least: 405 putative class members x

24  $17.82 (1.5x base pay) x 3 overtime hours x 156 weeks (3 years) = **$3,377,602**.

25  ///

26

27  [2]    For the purposes of this removal, Servisair conservatively uses only the number of *ramp agents currently* employed in California. The class, purportedly defined by Plaintiff is all current and *former* employees, whether or not ramp agents, who have worked in California in the past four years, and thus will be far greater than 405. (*See* Ex. A; ¶ 24 [Definition].) Servisair currently employs approximately 950 employees total.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1    27.    Plaintiff alleges that Servisair unlawfully took deductions from his wages

2    and the wages of similarly situated current and former employees to cover health benefits that

3    were not requested or received. Ex. A, ¶ 61. Under Plaintiff's theory of the case, if $1.25 was

4    withheld per hour of work from his pay and the pay of the putative class members, the total

5    amount of potential liability would be: 405 putative class members x $1.25 x 6,240 hours of work

6    (3 years) = **$3,159,000**.

7    28.    Plaintiff also seeks attorneys' fees under various laws. Attorneys' fees are

8    properly included in determining the amount in controversy. *Sanchez v. Wal-Mart Stores, Inc.*,

9    2007 WL 1345706, *2 (E.D. Cal. 2007) ("attorney's fees, if authorized by statute or contract, are

10    also part of the calculation"). Assuming Plaintiff can recover on his theories and allegations,

11    under his theory of the case, he would undoubtedly urge that he is entitled to receive attorneys'

12    fees of approximately 25% of the total recovery or **$2,197,084**. *Cf. In re Quintus Securities*

13    *Litigation*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting in the class action settlement

14    context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).

15    29.    Thus, although Servisair denies Plaintiff's factual allegations or that he or

16    the class he purports to represent are entitled to the relief for which he has prayed, based on

17    Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the

18    $5,000,000 threshold set forth under 28 U.S.C. section 1332(d)(2).

19    **II.    FEDERAL QUESTION JURISDICTION EXISTS**

20    30.    As set forth below, this is a civil action of which the Court has original

21    jurisdiction pursuant to 28 U.S.C. section 1331 (federal question jurisdiction). Further, this action

22    also includes claims over which this Court may properly exercise supplemental jurisdiction

23    pursuant to 28 U.S.C. section 1367(a), because they form part of the same case or controversy as

24    the claims over which this Court has original jurisdiction. Accordingly, this entire action is one

25    which may be removed to this Court by Servisair pursuant to the provisions of 28 U.S.C. section

26    1441(b) in that it includes claims arising under the laws of the United States.

27    31.    Plaintiff alleges in his Complaint that he "was employed as a ramp agent

28    with [Servisair] from March 15, 1999 to the present." Ex. A; ¶ 8. As a ramp agent, Plaintiff's

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1    employment was subject to a Collective Bargaining Agreement ("CBA") between Servisair, LLC

2    (or its predecessor) and The International Association of Machinists & Aerospace Workers, AFL-

3    CIO, District Lodge 190 and its Affiliated Peninsula Auto Machinists Local Lodge 1414, which

4    governs the employment, including the wages and work schedules, of ramp agents, aircraft

5    cleaners and ground support equipment mechanics employed by Servisair at the San Francisco

6    International Airport.  The CBA is governed by the terms of the Labor Management Relations

7    Act ("LMRA") 29 U.S.C. Sections 141 *et seq.* and the Railway Labor Act ("RLA"), 45 U.S.C.

8    section 151 *et seq.*

9         32.    Plaintiff alleges in his First Cause of Action that Plaintiff and similarly

10    situated current and former employees were not compensated for all hours worked in violation of

11    California Labor Code section 1194 and IWC Order No. 9. <u>Ex. A</u>, ¶¶ 35, 36.

12         33.    Plaintiff further alleges in his Second Cause of Action, that Plaintiff and

13    similarly situated current and former employees were "required to work through their meal

14    periods without proper compensation" in "violation of California law." <u>Ex. A</u>, ¶ 45.

15         34.    Plaintiff further alleges in his Third Cause of Action that Servisair failed to

16    pay Plaintiff and similarly situated current and former employees overtime compensation in

17    violation of California Labor Code section 510 and IWC Order No. 9, section 3.  <u>Ex. A</u>, ¶ 52.

18         35.    Plaintiff further alleges in his Fourth Cause of Action that Servisair

19    violated the California Labor Code by "unlawfully taking deductions from Plaintiff's and

20    similarly situated [current and former] employees' compensation to cover health benefits." <u>Ex.</u>

21    <u>A</u>, ¶ 61.

22         36.    Plaintiff further alleges that Servisair violated the California Business and

23    Professions Code section 17200 by: (a) failing and refusing to record meal periods; (b) failing to

24    pay one hour compensation for improper or missed meal periods; (c) failing to pay all wages due;

25    (d) failing to pay overtime compensation; (e) failing to provide adequate itemized wage

26    statements; (f) illegally deducting wages for health benefits not requested or received; and (g)

27    failing to pay all earned wages. <u>Ex. A</u>, ¶ 78.

28    ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

37.     This action is properly removed to this Court because it has federal question jurisdiction under the RLA.  Pursuant to 28 U.S.C. section 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Under 28 U.S.C. section 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

38.     This Court has original jurisdiction over this action because the RLA completely preempts any of Plaintiff's state wage and hour claims that require interpretation or application of the CBA.  Where a federal cause of action completely preempts a state law cause of action, any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.  *Franchise Tax Board of California v. Construction Laborers, Vacation Trust for So. California*, 463 U.S. 1 (1983).  Here, the fact that Plaintiff has pled only state law claims and seeks only a remedy under state law is immaterial because the Court may uphold removal "even though no federal question appears on the fact of the complaint." *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000); *see Schroeder v. Trans World Airlines*, 702 F.2d 189, 190 (9th Cir. 1983) (stating that the court will look at the complaint together with the notice of removal to determine whether the plaintiff intended to "avoid application of federal law and rel[y] solely on state law to articulate their claims.").

39.     Congress enacted the RLA, which was extended to cover the airline industry in 1936, "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (*citing Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994). The RLA establishes a mandatory arbitral mechanism for settling "minor disputes" that grow out of "grievances or out of the interpretation or application of agreements covering rates of pay, rules or working conditions." *Id.*  Adjustment boards have primary and exclusive jurisdiction over minor disputes. *Union P.R. Co. v. Sheenan*, 439 U.S. 89, 99 (1978).

///

40.    Although the RLA specifically governs common carriers by rail or air, it also applies to entities that do not operate a rail or air carrier directly but perform similar functions or support services. *Servicemaster Aviation Serv.*, 24 NMB 181, 183 (1997). In determining whether the RLA covers a particular employer, the National Mediation Board considers whether the nature of the work performed by the employees is similar to that traditionally performed by rail and air carriers and whether there is ownership or control, direct or indirect, by a common carrier over the entity in question. *Servicemaster Aviation Serv.*, 24 NMB at 183. Using this standard, the RLA has been applied to companies performing various services related to rail and air transport. *See Servicemaster Aviation Services*, 24 NMB at 182 (skycap services and wheelchair attendants); *Sky Valet*, 23 NMB 155, 157 (1996) (airport janitorial services); *Matter of International Total Services, Inc.*, 16 NMB 44, 45 (1988) (airport security services). Here, Servisair is directly or indirectly controlled by the airlines with which it contracts to do business. This carrier control includes, but is not limited to, the following: (1) airlines may request the permanent removal of Servisair employees from an account; (2) Servisair employees are, in fact, removed from an account at an airline's request; (3) Servisair responds to airline complaints regarding its employees; (4) Servisair has taken disciplinary action against employees in response to airline complaints, up to and including termination; (5) employee work schedules are based on airline flight schedules; (6) airlines direct some of the work performed by Servisair employees; (7) certain Servisair employees are required to wear uniforms provided by the airlines; (8) airlines reserve the right to request a list of employees scheduled to work a particular flight prior to those employees performing any services for the airline under the contract; and (9) certain airlines reserve the right to train Servisair employees.

41.    The RLA completely preempts state law claims where the resolution of that claim depends upon the interpretation of a collective bargaining agreement. *Schroeder*, 702 F.2d at 191 (affirming removal, court stated that "the application of the RLA and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiff's cause of action, providing the basis for removal."); *see Adams v. Executive Airlines, Inc.*, 258

1   F.3d 7 (1st Cir. 2001) (action preempted by the RLA because flight attendant compensation was

2   based on a CBA that took into account flight time, on duty time and a flight time guarantee.).

3          42.    Plaintiff's Complaint is no more than an artful effort to evade the

4   mandatory system of adjustment board arbitration under the RLA.  The allegations set forth above

5   will require the Court to interpret and/or apply the CBA in order to resolve issues which include

6   the following: (1) whether the CBA at issue provides different requirements regarding wage

7   payments than state law; (2) entitlement to overtime pay; (3) entitlement to and frequency of meal

8   and/or rest breaks; (4); base and overtime pay; (5) the difference between employee schedules

9   and actual hours worked; and (6) employees' entitlement to health benefits.

10         43.    Because Plaintiff's Complaint necessarily depends on the interpretation

11  and/or application of the CBA and because disputes involving the interpretation and application

12  of the CBA are subject to mandatory arbitration under the RLA, Plaintiff's claims are preempted

13  by the RLA and are removable under 28 U.S.C. section 1441(b) to the United States District

14  Court.

15         44.    This action may also be removed to this Court pursuant to the provisions of

16  28 U.S.C. section 1441(b) because it arises under the Labor Management Relations Act

17  ("LMRA"), 29 U.S.C. section 185.

18         45.    Claims which require the Court to interpret the terms of a CBA or whose

19  claims are substantially dependent on the CBA, are completely preempted by section 301 of the

20  LMRA. *See, United Steelworkers of America v. Rawson*, 495 U.S. 362, 368-69 (1990)

21  (employees' state law claim preempted because it required interpretation of collective bargaining

22  agreement); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (state claim preempted

23  because it was substantially dependent on analysis of collective bargaining agreement); *Aguilera*

24  *v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) (state contract claim

25  preempted where it required interpretation of collective bargaining agreement).

26         46.    State law claims preempted by section 301 are considered to arise under

27  federal law, thus providing the federal courts with subject matter jurisdiction. *Franchise Tax*

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

*Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (state claim preempted under section 301 "is purely a creature of federal law").

47.     Here, as explained *supra*, Plaintiffs' First Cause of Action for Failure to Compensate for All Hours Worked, Second Cause of Action for Failure to Provide Proper Meal Breaks, Third Cause of Action for Failure to Provide Overtime Compensation, and Fourth Cause of Action for Unlawful Deductions from Wages are preempted by Section 301. Plaintiff alleges that he was not properly compensated pursuant to state wage and hour law. However, Plaintiff's rate of pay, rate of overtime compensation, hours of work, and frequency of meal and rest breaks are governed exclusively by the CBA. Accordingly, Plaintiff's claims require interpretation of the CBA and/or are dependent on the CBA.

48.     Because Plaintiff's Complaint necessarily depends on the interpretation of the CBA, his claims are preempted by the LMRA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

49.     This action may also be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because it arises under the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. section 41713(b)(1). The ADA provides that a state "may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route or service" of an air carrier. *Morales v. Trans World Airlines, Inc.* 504 U.S. 374, 374 (1992). Plaintiff alleges *inter alia* that Servisair violated California's overtime laws, that Plaintiff worked through meal and rest breaks without being properly compensated and that Servisair committed unfair business practices. The ADA preempts actions to enforce state wage and hour laws and claims brought under California Unfair Business Practices Act. *See In re JetBlue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299, 315-16 (E.D.N.Y. 2005) (action brought under California Unfair Business and Practices Act preempted by ADA).

50.     Because Plaintiff's Complaint relates to the price, route and/or service of an air carrier, his claims are preempted by the ADA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

///

### III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

51.    As set forth above, this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon Servisair.

52.    Servisair will promptly serve Plaintiff with this Notice of Removal and will promptly file a copy of this Notice of Removal with the clerk of the state court in which the action is pending, as required under 28 U.S.C. section 1446(d).

53.    The prerequisites for removal under 28 U.S.C. sections 1441 and 1453 have been met.

54.    Venue is proper in this district pursuant to 28 U.S.C. section 1441(a) because the District Court for the Northern District of California, San Francisco Division, is the judicial district and division embracing the place where the state court case is pending.

55.    Because this Court has original jurisdiction under the provisions of 28 U.S.C. sections 1331 and 1332, removal of this action is proper pursuant to 28 U.S.C. section 1441.

56.    If any question arises as to the propriety of the removal of this action, Servisair requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

WHEREFORE, Servisair, desiring to remove this case to the United States District Court for the Northern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: May 29, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca D. Eisen

Attorneys for Defendant
SERVISAIR, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

# Exhibit A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Servisair, a Limited Liablility Corporation; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Robert Navarro, on behalf of himself, and on behalf of others similarly situated, and the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*

CASE NUMBER:
*(Número del Caso):* CGC 8 474610

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, 400 McAllister, San Francisco, CA 94102

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Arlo Garcia Uriarte, Liberation Law Group, 2760 Mission Street, San Francisco, CA 94110, 415 695-1000

DATE: APR 2 4 2008                     GORDON PARK-LI                     Clerk, by _____, Deputy
*(Fecha)*                              *(Secretario)*                     *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.   www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Arlo Garcia Uriarte
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110

TELEPHONE NO.: 415 695 1000    FAX NO.: 415 695 1006

ATTORNEY FOR (Name): Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME:

CASE NAME:
Robert Navarro, et al. v. Servisair LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter   ☐ Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | CGC-08-474610 |
| | | | JUDGE: | |
| | | | DEPT: | |

Items 1–5 below must be completed (see instructions on page 2).

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. ☐ Large number of separately represented parties
b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. ☑ Substantial amount of documentary evidence
d. ☑ Large number of witnesses
e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. ☑ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action (specify): six

5. This case ☑ is   ☐ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 24, 2008

Arlo Garcia Uriarte
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American LegalNet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | |
|---|---|
| **DATE:** | **SEP-26-2008** |
| **TIME:** | **9:00AM** |
| **PLACE:** | **Department 212** |
| | **400 McAllister Street** |
| | **San Francisco, CA 94102-3680** |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL.**
**(SEE LOCAL RULE 4)**

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400 McAllister Street, Room 103
San Francisco, CA 94102
(415) 551-3876

**See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges**

Arlo Garcia Uriarte, SBN 231764
Jason J. Szydlik, SBN 238356
LIBERATION LAW GROUP
2760 Mission Street
San Mateo, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Jennifer Kramer, SBN 203385
Judith Wiederhorn, SBN 239885
JENNIFER KRAMER LEGAL, APC
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017
Telephone: (213) 955-0200
Facsimile: (213) 955-0215

Attorneys for PLAINTIFFS

FILED
Superior Court of California
County of San Francisco

APR 2 4 2008

GORDON PARK-LI, Clerk
BY CRISTINA E. BAUTISTA
Deputy

CASE MANAGEMENT CONFERENCE SET

SEP 2 6 2008 - 9 AM

DEPARTMENT 212

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Robert Navarro, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>                  Plaintiffs,<br>        vs.<br><br>Servisair, a Limited Liablility Corporation; and DOES 1 through 50, inclusive,<br><br>                  Defendants. | Case No. CGC 08 - 474 610<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**(1) FAILURE TO PAY WAGES**<br><br>**(2) FAILURE TO COMPENSATE FOR IMPROPER OR MISSED MEAL PERIODS**<br><br>**(3) FAILURE TO PAY OVERTIME COMPENSATION**<br><br>**(4) UNLAWFUL DEDUCTIONS FROM WAGES**<br><br>**(5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**<br><br>**(6) WAITING TIME PENALTIES**<br><br>**(7) UNFAIR BUSSINESS PRACTICES** |

1

PLAINTIFF Robert Navarro ("PLAINTIFF"), hereby submits his Complaint against Defendant Servisair LLC, and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself, and the class of others similarly situated, as follows:

## INTRODUCTION

1.  This class action is within the Court's jurisdiction under California Labor Code Sections 201-204, 226, 510, 1194, 226.7, 221, 223, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of DEFENDANTS.

3.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal periods.

4.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due (b) the opportunity to take proper meal periods, and (c) receive accurate wage statements.

5.  The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over the violations of the California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the

Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged herein. Damages alleged herein are in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

7.    Venue is proper because the alleged wrongs occurred in the County of San Francisco. DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFF worked for DEFENDANTS in the San Francisco International Airport, Westfield Road, San Francisco, CA 94128.

## PARTIES

8.    PLAINTIFF Robert Navarro was employed as a ramp agent with DEFENDANTS from March 15, 1999 to the present. PLAINTIFF was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12. PLAINTIFF resides in San Mateo County, but was employed by DEFENDANTS at all times relevant to this complaint in San Francisco County.

9.    SERVISAIR LLC is a Limited Liability Corporation doing business in the State of California with its principal place of business in the County of San Francisco.

10.    PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. DEFENDANTS own and operate an industry, business and establishment in the County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related services to Airlines that serve San Francisco International Airport. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512,

3

California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12.

12.    PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known.  PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    PLAINTIFF is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity.  To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.    At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

4

and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

17.    At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## STATEMENT OF FACTS

18.    Servisair LLC is one of the world's leading operators in aviation ground services. Servisair LLC's dedicated employees offer a spectrum of services including, but not limited to: passenger services, ramp services, fuelling, load control and operations and aircraft cleaning.

19.    PLAINTIFF and similarly situated employees are required to clock in and clock out each work day. PLAINTIFF and similarly situated employees do not clock in and clock out for required meal periods. Instead, DEFENDANTS have a system in place to automatically deduct one hour of time from each employee's daily actual hours timekeeping records.

20.    Despite the actual hours worked by each employee or whether a proper meal period, or whether one hour was actually taken by each employee each workday, the payroll system and practice in place deducts one hour of time from each workday and each employee's time records, thereby reducing the amount of pay received each pay period.

21.    DEFENDANTS failed to account for day to day circumstances that required an employee to miss a required meal period and thereby entitling that employee to an extra one hour compensation as required by law.

22.    PLAINTIFF and similarly situated employees worked full-time for DEFENDANTS and their daily rate of pay were reduced to account for employee contributions made health benefits. PLAINTIFF and similarly situated employees did not receive any health benefits, nor elected to receive health benefits, or opted out of receiving health benefits. Despite not receiving health benefits through DEFENDANTS, PLAINTIFF and similarly situated employees' regular rate of pay were reduced.

5

23.    PLAINTIFF and similarly situated employees are entitled to overtime pay compensation because they worked over eight hours a day or 40 hours a week. Because of DEFENDANTS illegal payroll system that deducted an automatic one hour each workday, PLAINTIFF and similarly situated employees did not receive proper overtime rate compensation sometimes worked over eight hours a day or 40 hours per week without being compensated at the overtime rate required by law.

## CLASS ACTION ALLEGATIONS

24.    **Definition:** The named individual PLAINTIFF brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The class is defined as:

"All current and former employees of DEFENDANTS who worked in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

25.    **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFF is informed and believes that the San Francisco location of Servisair LLC employs about 200 employees. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFF is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal breaks.

26.    **Adequacy of Representation:** PLAINTIFF is a member of the class, PLAINTIFF does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFF will fairly and adequately represent and protect the interests of the class members. The PLAINTIFF's counsel are competent and experienced in litigating employment class actions, including wage and hour class actions.

6

27.    **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

28.    The California <u>Labor Code</u> and Wage Order provisions upon which PLAINTIFF bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

29.    The nature of this action and the format of laws available to PLAINTIFF and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

30.    The prosecution of separate actions by the individual class members, even if

7

possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

   31.   **Common Question of Law and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

   a.   Whether DEFENDANTS have failed to pay its employees overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

   b.   Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

   c.   Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

   d.   Whether DEFENDANTS failure to pay overtime compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

   e.   Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

8

f. Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

g. Whether DEFENDANTS have made deductions from the compensation paid to Drivers in violation of Labor Code §§ 221, 223, and IWC wage order No. 9, § 8.;

h. Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i. Whether the wage statements provided to PLAINTIFF and similarly situated employees were inaccurate pursuant to Labor Code § 226 and IWC Wage Order 9.

j. Whether PLAINTIFF and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

k. Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

l. Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing, upon termination, to timely pay employees wages that were due for overtime, missed meal periods, and/or wrongful deductions from wages;

9

COMPLAINT [CLASS ACTION]

m.   Whether DEFENDANTS failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq; and

n.   The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFF and the class alleged herein.

32.   **Typicality:**  The claims of PLAINTIFF are typical of the claims of all members of the class.  The PLAINTIFF is a member of the class and has suffered the alleged violations of California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

## FIRST CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 9 AND LABOR CODE § 1194)

33.   PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

34.   This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

35.   At all times relevant herein, DEFENDANTS were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 9.

36.   As a pattern and practice, DEFENDANTS regularly automatically deducted 60 minutes of pay from employees' daily time records to document meal breaks that were never taken.  PLAINTIFF and class members were not compensated for all hours they were subject to

the control of DEFENDANTS; including all time they were suffered or permitted to work.

37.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required PLAINTIFF and the class members to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required PLAINTIFF and members of the class to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

38.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFF and the class took their meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

39.    The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of PLAINTIFF's and class members' rights, and was done by managerial employees of DEFENDANTS. PLAINTIFF and class members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

40.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all hours worked. PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF and other members of the class who have separated from employment are entitled to compensation

11

COMPLAINT [CLASS ACTION]

pursuant to Labor Code § 203.

41.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code §1194, et seq.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER MEAL BREAKS IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512 AND IWC WAGE ORDER NO. 9

42.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43.    DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including PLAINTIFF and other members of the class, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. PLAINTIFF and the class were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). DEFENDANTS shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

44.    PLAINTIFF and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

45.    As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation. DEFENDANTS did staff employees in such a manner and at such posts that would make it impossible for these employees to take their meal period. This policy of requiring employees to work through their legally mandated meal

1    periods is a violation of California law.

2        **46.**    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

3    failure to provide PLAINTIFF and other members of the class with the opportunity to take meal

4    breaks was willful and done with the wrongful and deliberate intention of injuring PLAINTIFF

5    and other members of the class, from improper motives amounting to malice, and in conscious

6    disregard of PLAINTIFF and other members of the class' rights.

7        **47.**    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

8    willfully failed to pay employees who were not provided the opportunity to take meal breaks the

9    premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B).

10   PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure

11   to provide PLAINTIFF and other members of the class the wages due and owing them upon

12   separation from employment results in a continued payment of wages up to thirty (30) days from

13   the time the wages were due.  Therefore, PLAINTIFF and other members of the class who have

14   separated from employment are entitled to compensation pursuant to Labor Code § 203.

15       **48.**    As a pattern and practice, in violation of the aforementioned labor laws and wage

16   orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not

17   properly maintain records pertaining to when PLAINTIFF began and ended each meal period in

18   violation of California Labor Code §1174 and Section 7 of the applicable IWC Wage Order(s).

19       **49.**    Such a pattern, practice and uniform administration of corporate policy as

20   described herein is unlawful and creates an entitlement to recovery by the PLAINTIFF and the

21   class identified herein, in a civil action, for the unpaid balance of the unpaid premium

22   compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B), including

23   interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate

24   of California Labor Code §§ 218.5 or 1194.

25       **50.**    DEFENDANTS' wrongful and illegal conduct in failing provide class members

26   with the opportunity to take meal breaks and to provide premium compensation in accordance

27   with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

13

obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to PLAINTIFF and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same.  This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. PLAINTIFF has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)

51.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set for herein.

52.    By failing to pay overtime compensation to PLAINTIFF and similarly situated employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

53. As a result of DEFENDANTS' unlawful acts, PLAINTIFF and the similarly situated employees have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

54. By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

55. PLAINTIFF, on behalf of themselves and similarly situated employees, request relief as described below.

14

COMPLAINT |CLASS ACTION|

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES
### (LABOR CODE §§ 221, 223 IWC. WAGE ORDER NO. 9)

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set for herein.

57. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

58. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

59. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage is if the employer can show that cash shortage, breakage, or loss of equipment was the result of the employee's gross negligence or dishonest or willful act.

60. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

61. DEFENDANTS have violated Labor Code §§ 221, 223, and IWC wage order No. 9, §§ 8 & 9 by unlawfully taking deductions from PLAINTIFFS' and similarly situated employees compensation to cover health benefits that were neither requested nor received.

15

COMPLAINT [CLASS ACTION]

**62.** Because DEFENDANTS made unlawful deductions from compensation, they are liable to PLAINTIFF and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Labor Code §§ 221, 223 and IWC wage order No. 9, § 8.

**63.** By unlawfully deducting wages and failing to pay PLAINTIFF and other similarly situated employees, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

**64.** PLAINTIFF, on behalf of himself and similarly situated employees, request relief as described below.

### FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ 226; IWC WAGE ORDER NO. 9)

**65.** The allegations of Paragraphs 1 through 64 are realleged and incorporated herein by reference.

**66.** Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

**67.** DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS, are liable to PLAINTIFFS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

68.    PLAINTIFF, on behalf of themselves and similarly situated Employees, requests relief as described below.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

69.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 68 as though fully set for herein.

70.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

71. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

72. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

73. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal compensation, overtime wages and sums wrongfully deducted from compensation, to employees whose employment terminated.  As a result, DEFENDANS are liable to former employees for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

74. PLAINTIFF, on behalf of all terminated employees, request relief as described below.

17

## SEVENTH CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS
### FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*)

75.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set for herein.

76.     Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

77.     Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

78.     Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

    a.   failing and refusing to record meal periods of PLAINTIFF and similarly situated employees;

    b.   failing to pay one hour compensation for improper or missed meal periods;

    c.   failing to pay all wages due to PLAINTIFF and similarly situated employees;

    d.   failing to pay overtime compensation to PLAINTIFF and similarly situated employees;

    e.   failing to provide accurate itemized wage statements to PLAINTIFF and similarly situated employees;

    f.   by illegally deducting wages from Plaintiff and similarly situated employees for health benefits that were not provided nor requested;

18

g.  by intentionally and illegally failing to pay all earned wages to PLAINTIFF and class members on the next payday after such wages were earned by each class member; and

79.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

80.    As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFF and class members.  As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFF and class members have suffered economic injuries including, but not limited to loss of wages, including overtime wages, pay for missed meal and rest periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFF and similarly situated Employees.

81. PLAINTIFF and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

82. PLAINTIFF and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

83. PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFF sues on behalf of the public as well as on behalf of himself and others similarly situated.  PLAINTIFF seeks and is entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

84. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

19

85. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFF requests an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

86. PLAINTIFF has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

87. By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

88. As a direct and proximate result of the unfair business practices described above, PLAINTIFF, other Employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

89. Pursuant to Business & Prof. Code §17203, PLAINTIFF, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

90. PLAINTIFF, on behalf of themselves and similarly situated Employees, request relief as described below.

91.    PLAINTIFF is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFF and other members of the class the minimum working condition standards and conditions due to them under the California laws and

20

Industrial Welfare Commission wage orders as specifically described therein.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

A.     Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

B.     Certification of the above-described class as a representative class under Business and Professions Code § 17200;

C.     Class notice be provided to all employees who worked for DEFENDANTS in California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action;

D.     A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1.     Labor Code §§ 221 and 223 and IWC wage order No. 9 by making unlawful deductions from the compensation paid to PLAINTIFF and the class;

2.     Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to provide proper off-duty meal periods to PLAINTIFF and the class;

3.     Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to PLAINTIFFS and the class;

4.     Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide PLAINTIFFS and the class with accurate itemized statements of the actual total hours worked with each payment of wages;

5.     Labor Code §§ 201-203, for willful failure to pay overtime

COMPLAINT [CLASS ACTION]

compensation, pay for missed meal and rest periods, and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

6.      Cal. Business and Professions Code §§ 17200-17208, by failing to provide proper off-duty meal periods and/or pay meal period compensation, by illegally deducting a health care premium from the hourly rate when no health benefit was provided, failing to pay all wages due and overtime compensation, failing to provide accurate itemized wage statements showing all actual hours worked, and willfully failing to pay all compensation owed to Drivers upon termination of employment;

E.      A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.      An equitable accounting to identify, locate, and restore to all current and former employees the wages that are due;

G.      An award to PLAINTIFF and the Class Members of damages in the amount of unpaid wages and overtime, meal period pay, and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H.      An award to PLAINTIFF and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFF and the Class Members with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

I.      An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

J.      An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFF and similarly situated employees of DEFENDANTS for failure to pay legally required overtime, meal period pay, and interest thereon and for failure to repay amounts

22

COMPLAINT [CLASS ACTION]

unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

K.    An award to PLAINTIFF and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226, 203, 1194 and/or other applicable law; and

L.    An award to PLAINTIFF and the Class Members of such other and further relief as this Court deems just and proper.

Dated:  April 24, 2008

LIBERATION LAW GROUP

By:

Arlo Garcia Uriarte
Attorney for PLAINTIFFS

23

**COMPLAINT [CLASS ACTION]**

**F I L E D**

*San Francisco County Superior Court*

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                                          )
                                                )
        COMPLEX LIGITATION                      )   **AMENDED GENERAL ORDER RE:**
                                                )   **PROCEDURE FOR APPROVAL OF**
                                                )   **COMPLEX LITIGATION DESIGNATION**
                                                )
                                                )   The Honorable Richard A. Kramer
                                                )
                                                )
_____)

        This Order shall apply to any case designated as a Complex Case on the Civil Case Cover

Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco

Superior Court.  As to all such cases:

        1. The fee(s) required by California Government Code section 70616 shall be paid upon

filing such designation.

        2. No case shall be assigned to the Complex Litigation Department until an Application For

Approval of Complex Litigation Designation has been made in accordance with this Order, and the

Court has ordered the case so assigned.

-1-

GENERAL ORDER re: COMPLEX LITIGATION DESIGNATION

3. An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: October 23, 2007

The Honorable Richard A. Kramer

GENERAL ORDER IN COMPLEX LITIGATION

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years mediation experience and 125 hours formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation provides photographs, short biographies, and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org. It is very likely we can match your need with one of our panelists.

**WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600**

## EXPERIENCED MEDIATORS ARE AVAILABLE IN THE FOLLOWING AREAS

Business
Civil Rights
Commercial
Construction
Contracts
Disability
Discrimination
Education
Employment/Workplace
Environmental
Family
Fee Disputes
Financial
Gay/Lesbian/Bisexual/Transgender Issues
Government
Insurance
Intellectual Property
Intra-Organizational
Labor
Landlord/Tenant
Land Use
Malpractice:
Legal-Medical-Professional
Partnership Dissolutions
Personal Injury
Probate/Trust
Products Liability
Real Estate
Securities
Taxation
Uninsured Motorist
Women's Issues
And more...

www.sfbar.org/mediation

QUESTIONS?
adr@sfbar.org or 415-982-1600

PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS

# MEDIATION SERVICES

THE BAR ASSOCIATION OF SAN FRANCISCO

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

**The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint. (CRC 201.9(c))**

**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

"It is the policy of the Superior Court that every noncriminal, nonjuvenile case participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to a mandatory settlement conference or trial." (Superior Court Local Rule 4)

This guide is designed to assist attorneys, their clients and self-represented litigants in complying with San Francisco Superior Court's alternative dispute resolution ("ADR") policy. Attorneys are encouraged to share this guide with clients. By making informed choices about dispute resolution alternatives, attorneys, their clients and self-represented litigants may achieve a more satisfying resolution of civil disputes.

The San Francisco Superior Court currently offers three ADR programs for general civil matters; each program is described below:

    1)    Judicial Arbitration
    2)    Mediation
    3)    The Early Settlement Program (ESP) in conjunction with the San Francisco Bar Association.

## JUDICIAL ARBITRATION

### *Description*

In arbitration, a neutral "arbitrator" presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case. When the Court orders a case to arbitration it is called judicial arbitration. The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.

Although not currently a part of the Court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

A mediator does not propose a judgment or provide an evaluation of the merits and value of the case.  Many attorneys and litigants find that mediation's emphasis on cooperative dispute resolution produces more satisfactory and enduring resolutions.  Mediation's non-adversarial approach is particularly effective in disputes in which the parties have a continuing relationship, where there are multiple parties, where equitable relief is sought, or where strong personal feelings exist.

### Operation

San Francisco Superior Court Local Court Rule 4 **provides three different voluntary mediation programs** for civil disputes.  An appropriate program is available for all civil cases, regardless of the type of action or type of relief sought.

To help litigants and attorneys identify qualified mediators, the Superior Court maintains a list of mediation providers whose training and experience have been reviewed and approved by the Court. The list of court approved mediation providers can be found at www.sfgov.org/courts.   Litigants are not limited to mediators on the court list and may select any mediator agreed upon by all parties.  A mediation provider need not be an attorney.

Local Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate within 240 days from the date the complaint is filed.  If settlement is not reached through mediation, a case proceeds to trial as scheduled.

### Private Mediation

The Private Mediation program accommodates cases that wish to participate in private mediation to fulfill the court's alternative dispute resolution requirement. The parties select a mediator, panel of mediators or mediation program of their choice to conduct the mediation.  The cost of mediation is borne by the parties equally unless the parties agree otherwise.

Parties in civil cases that have not been ordered to arbitration may consent to private mediation at any point before trial.  Parties willing to submit a matter to private mediation should indicate this preference on the Stipulation to Alternative Dispute Resolution form or the Case Management Statement (CM-110).  Both forms are attached to this packet.

## *Mediation Services of the Bar Association of San Francisco*

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

### *Judicial Mediation*

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

## Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| Plaintiff | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| Defendant | |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**  ☐ **Mediation Services of BASF**  ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                                   Judge _____
☐ **Non-binding judicial arbitration**                                          Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

**Name of Party Stipulating**          **Name of Party or Attorney Executing Stipulation**      **Signature of Party or Attorney**

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____

**Name of Party Stipulating**          **Name of Party or Attorney Executing Stipulation**      **Signature of Party or Attorney**

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____

**Name of Party Stipulating**          **Name of Party or Attorney Executing Stipulation**      **Signature of Party or Attorney**

☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant          Dated: _____

☐ *Additional signature(s) attached*

ADR-2  3/06                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

**A CASE MANAGEMENT CONFERENCE is scheduled as follows:**

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint     *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial      *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

   c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a.  Attorney:
   b.  Firm:
   c.  Address:
   d.  Telephone number:
   e.  Fax number:
   f.  E-mail address:
   g.  Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a.  Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | |

The party or parties are willing to participate in *(check all that apply):*

- (1) ☐ Mediation
- (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
- (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
- (4) ☐ Binding judicial arbitration
- (5) ☐ Binding private arbitration
- (6) ☐ Neutral case evaluation
- (7) ☐ Other *(specify):*

☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

**Insurance**

☐ Insurance carrier, if any, for party filing this statement *(name):*

Reservation of rights:  ☐ Yes  ☐ No

☐ Coverage issues will significantly affect resolution of this case *(explain):*

**Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy  ☐ Other *(specify):*

Status:

**Related cases, consolidation, and coordination**

☐ There are companion, underlying, or related cases.
 (1) Name of case:
 (2) Name of court:
 (3) Case number:
 (4) Status:

☐ Additional cases are described in Attachment 14a.

☐ A motion to  ☐ consolidate  ☐ coordinate  will be filed by *(name party):*

**Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and I possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 4 of 4



# Superior Court of California
## County of San Francisco

**HON. DAVID BALLATI**
**PRESIDING JUDGE**

### Judicial Mediation Program

**JENIFFER B. ALCANTARA**
**ADR PROGRAM ADMINISTRATOR**

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

1 | Arlo Garcia Uriarte, SBN 231764
2 | Jason J. Szydlik, SBN 238356
  | LIBERATION LAW GROUP
3 | 2760 Mission Street
  | San Mateo, CA 94110
4 | Telephone: (415) 695-1000
  | Facsimile: (415) 695-1006
5 |
6 | Jennifer Kramer, SBN 203385
  | Judith Wiederhorn, SBN 239885
7 | JENNIFER KRAMER LEGAL, APC
  | 707 Wilshire Blvd., Suite 3600
8 | Los Angeles. CA 90017
9 | Telephone: (213) 955-0200
  | Facsimile: (213) 955-0215
10 |
11 | Attorneys for PLAINTIFFS
12 |

ENDORSED
FILED

APR 24 2008

GORDON PARK-LI, Clerk
BY: _____ WESLEY RAMIREZ
                  Deputy Clerk

13 |           SUPERIOR COURT OF THE STATE OF CALIFORNIA
14 |                FOR THE COUNTY OF SAN FRANCISCO
15 |

16 | Robert Navarro, on behalf of himself, and on    Case No.   CGC 08   CGC474610
   | behalf of others similarly situated, and the
17 | general public,                                  NOTICE OF APPLICATION  AND
                                                      APPLICATION FOR COMPLEX
18 |                    Plaintiffs,                    LITIGATION DESIGNATION
19 |         vs.
                                                      Hon. Richard A. Kramer
20 | Servisair, a Limited Liablility Corporation;     DEPT.: 304
   | and DOES 1 through 50, inclusive,
21 |
22 |                    Defendants.
23 |
24 |                        NOTICE AND APPLICATION
25 |     TO THE COURT AND ALL PARTIES:
26 | PLEASE TAKE NOTICE THAT Plaintiff Robert Navarro will and hereby does apply for an
27 | order designating this matter as complex pursuant to California Rule of Court 3.400 *et seq.* and
28 |

                                       1

                 APPLICATION FOR COMPLEX LITIGATION DESIGNATION

the San Francisco Local Uniform Rules. This Application will be based on this Notice of Application, the Memorandum of Points and Authorities appended hereto, the complaint, the records on file in this case, and on any matters of which the Court may or must take notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This case has been provisionally designated as complex because it encompasses claims involving a class action. Rule 3.400(c)(6), *California Rules of Court*. Plaintiff Robert Navarro ("Plaintiff") seeks recovery for himself and his co-workers for the 'wage and hour' type violations pled in Plaintiffs' Complaint. This is the type of case which requires complex case management to avoid placing unnecessary burdens on the Court and litigants and to expedite the case, keep costs reasonable and promote effective decision making by the Court, the Parties and counsel.

As discussed below, as with any class action, this case has the potential to involve numerous pretrial motions raising difficult or novel legal issues which could be time-consuming to resolve. These issues include whether class certification is appropriate, whether individual releases preclude some or all of the claims, and how to effectively and efficiently try this case. This case will also require the management of a large number of witnesses and a substantial amount of documentary evidence. This case also may require post-trial judicial supervision if Plaintiff prevail, including judicial involvement and oversight of the procedures for resolving claims and distributing back wages and other compensation.

Plaintiff's counsel request that pursuant to Rule 3.400 *et seq.*, *California Rules of Court*, this case should be designated as complex.

### II.    BACKGROUND

Plaintiff has filed an action seeking back wages and related damages resulting from Defendants' illegal payroll and timekeeping practice resulting in over 200 workers not receiving, all their actual hours worked, overtime compensation and meal period compensation. Plaintiff

2

1  allege that Defendants engaged in the intentional and illegal practice of not recording actual

2  hours worked and not providing accurate wage statements, thereby withholding wages belonging

3  to Plaintiff.

4       The putative class members are California airport workers who worked as ramp

5  employees, cabin cleaners, fuelers and other job classifications for Servisair LLC.   The proposed

6  class or sub-classes which the Plaintiff seeks to represent is composed of Defendant's current

7  and former employees within the State of California who were classified as non-exempt, hourly

8  employees. The central question in this litigation is whether Defendants engaged in a systematic

9  and company wide practice of deducting one hour from employee's work hours without regard to

10  the actual hours worked by each employee.

11       As of the filing of this Application, Defendants have not yet filed a responsive pleading.

12            III.   **ARGUMENT**

13       The claims pled in Plaintiff's Complaint involve the interests of many individuals.  As a

14  result, the claims, issues and needs of this litigation, both during the litigation and afterwards

15  should Plaintiff establish liability, are complex, for which complex case designation is

16  appropriate.  Plaintiff thus requests that the Court designate this case complex pursuant to the

17  Rule 3.400 *et seq.*, *California Rules of Court* and Local Rule 2.30(C).

18

19       A.   **This Case Should Be Designated as Complex Because It is Anticipated that**

20            **Difficult Factual & Legal Issues May Have to Necessitate The Court's**

21            **Intervention by way of Pre-Trial Management & Supervision.**

22       The ensuing litigation will seek to establish that Defendants illegally withheld one hour

23  of compensation from each employee regardless of their actual hours worked.  Plaintiff will also

24  seek evidence to establish that Defendants' illegal payroll and timekeeping practice resulted in

25  Defendant's failure to pay overtime compensation.

26       Flowing from these issues, this case could raise potentially complex issues that may

27  concern an examination of voluminous records and many witnesses.

28       •  how to calculate lost wages in a case where the putative class members were paid one

3

**APPLICATION FOR COMPLEX LITIGATION DESIGNATION**

hour less each workday regardless of their actual hours worked and when meal periods were not recorded;

- whether defendans engaged in systematically withholding wages, including overtime compensation to all of its California employees;

- whether Defendant failed to provide proper off-duty meal periods;

- whether Defendants failed to compensate employees one hour compensation for improper or missed meal periods;

- whether Defendant's conduct entitles former employees to an award of waiting time penalties under *Labor Code* § 203;

- what additional remedies are available under *Business & Professions Code* § 17200 *et seq.*;

- whether the releases signed by some class members are valid; and

- whether to certify this as a class action.

At present the parameters of the represented group are unknown, but Plaintiff estimates that the number could top 200 or more. Leading up to the class certification motion, in class cases, there are generally numerous discovery issues to be worked through including: (1) the order of discovery pre- and post-class certification; (2) the production of documents and information the Defendant could assert are proprietary; and (3) the disclosure of information about and from the class members. While counsel will strive to avoid bringing these issues before the court, it may be that the court will need to resolve discovery issues.

Should a class be certified, how the case is to be tried will necessitate significant judicial oversight. "Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage individual questions. For decades, this court has urged trial courts to be procedurally innovative in managing class actions, and the trial court has an obligation to consider the use of innovative procedural tools proposed by a party to certify a manageable class." *Sav-On Drug Stores v. Superior Court* (2004) 34 Cal.4th 319, 340. Fashioning the most efficient and fairest method of trying this case will require judicial management not typically

4

**APPLICATION FOR COMPLEX LITIGATION DESIGNATION**

1  seen in single-plaintiff actions.

2        These factors favor designation of this case as complex.

3    **B.**    **This Case Should Be Designated as Complex Because It Involves**

4            **Management of a Substantial Amount of Documentary and Electronic**

5            **Evidence**

6        Litigating this case will require the analysis of the class members' schedules, aircraft

7  scheduling and testimonial recreation of work hours performed.  As such, Plaintiff anticipates the

8  management of a large number of witnesses will be required, whether through survey evidence,

9  direct testimony, or some other method.  This weighs in favor of complex designation pursuant

10 to Rule 3.400(b)(2), *California Rules of Court*.

11   **C.**    **This Case Should Be Designated as Complex Because It Is Likely to Require**

12            **Substantial Post-Judgment Judicial Supervision if Plaintiff Were to Prevail**

13       In addition to the legal and factual complexity on the merits, discussed above, assuming

14 liability is established, the nature of Plaintiff' requested relief may require that the Court

15 maintain an active role in the determination, formulation and collection and distribution of any

16 judgment entered against Defendants.  *See* Rule 3.400(b)(5), *California Rules of Court*.

17

18       As a general matter, the class claims involve an estimated 100 employees or more, for

19 which damages and equitable relief would have to be established, calculated and administered

20 individually.  In addition, Plaintiff will also potentially seek an order declaring null and void

21 certain provisions of any release signed by any class member determined to be entitled to an

22 award of damages, which could raise a host of additional issues related to post-judgment

23 management by the Court.

24       The mere fact that the requested relief will require active participation by the Court

25 makes this matter complex.  Moreover, because the relief requested involves potentially a

26 hundred or more past and present employees, the task of monitoring claims for damages and

27 equitable relief and entitlement thereto and claims for penalties and entitlement thereto, as well

28 as the release issues discussed above, may require additional significant judicial involvement.

5

1 | Rule 3.400(b)(5), *California Rules of Court.*

2 |         **IV.**    **CONCLUSION**

3 |      For the reasons discussed above, Plaintiff requests that the Court designate this case

4 | complex and set this matter for a Complex Hearing Determination Hearing to discuss in detail all

5 | of the matters raised in this motion.

7 | DATED: **4 - 24 - 08**           **LIBERATION LAW GROUP**

10 | By: _____

                    **Arlo Garcia Uriarte**

11 |                     **Attorneys for Plaintiffs**

6

# Exhibit B

1  REBECCA EISEN, State Bar No. 096129
   JENNIFER SVANFELDT, State Bar No. 233248
2  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel: 415.442.1000
4  Fax: 415.442.1001
   reisen@morganlewis.com
5  jsvanfeldt@morganlewis.com

6  JILL A. PORCARO, State Bar No. 190412
   MORGAN, LEWIS & BOCKIUS LLP
7  300 South Grand Avenue, 22nd Floor
   Los Angeles, CA 90071
8  Tel: 213.612.2500
   Fax: 213.612.2501
9  jporcaro@morganlewis.com

10 Attorneys for Defendant
   SERVISAIR, LLC

11

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 2 9 2008

GORDON PARK-LI, Clerk
BY: _____ BERNADETTE THOMPSON
Deputy Clerk

12            SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                      COUNTY OF SAN FRANCISCO

14

15 ROBERT NAVARRO,                    Case No. CGC-08-474610

16              Plaintiff,            **DEFENDANT SERVISAIR, LLC'S
                                      ANSWER TO PLAINTIFF'S UNVERIFIED**
17         vs.                        **COMPLAINT**

18 SERVISAIR, LLC,

19              Defendant.

20

21      Defendant Servisair, LLC ("Defendant") for itself and for no other defendant, by and

22 through its undersigned counsel, hereby answers the allegations contained in the unverified

23 Complaint brought by Robert Navarro ("Plaintiff"), individually, and purportedly by and on

24 behalf of all others similarly situated, as follows:

25            **GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT**

26      Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

27 generally each and every allegation of the unverified Complaint. Defendant further denies that

28 ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                    CASE NO. CGC-08-474610

1  the named Plaintiff, or any putative member of the purported class, have been damaged in any

2  sum or sums.

3  **RELIEF SOUGHT**

4  Defendant denies that the named Plaintiff or any putative member of the purported class,

5  are entitled to any type of remedy, relief or damages of any kind, including the relief requested in

6  their prayer for relief.

7  **AFFIRMATIVE DEFENSES**

8  **FIRST AFFIRMATIVE DEFENSE**

9  **(Failure to State a Cause of Action)**

10  1.    The Complaint and each alleged cause of action contained therein fails to state a

11  cause of action upon which relief can be granted against Defendant.

12  **SECOND AFFIRMATIVE DEFENSE**

13  **(Uncertainty –Class Allegations)**

14  2.    Plaintiff's claims, and the claims of each putative member of the class as set forth

15  in the Complaint, are barred in whole or in part because the Complaint is uncertain in that the

16  purported class definition is overbroad, ambiguous and lacking in ascertainability.

17  **THIRD AFFIRMATIVE DEFENSE**

18  **(Not Appropriate For Class Action)**

19  3.    The named Plaintiff lacks standing and cannot represent the interests of others as

20  to each of the purported causes of action.

21  **FOURTH AFFIRMATIVE DEFENSE**

22  **(Individual Questions Predominate)**

23  4.    The types of claims alleged by the named Plaintiff on behalf of himself and the

24  alleged class, the existence of which is expressly denied, are matters in which individual

25  questions predominate and, accordingly, are not appropriate for class treatment.

26  ///

27  ///

28  ///

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                    2                    CASE NO. CGC-08-474610

1

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Are Not Common Or Typical)

2

3    5.    The claims alleged by the named Plaintiff are neither common to nor typical of

4    those, if any, of the alleged class Plaintiff purports to represent, the existence of which is

5    expressly denied.

## SIXTH AFFIRMATIVE DEFENSE
### (The Named Plaintiff Is Not An Adequate Representative)

6

7

8    6.    The Complaint fails to the extent it asserts a class action, because Plaintiff is not

9    an adequate representative of the purported class.

## SEVENTH AFFIRMATIVE DEFENSE
### (Superiority)

10

11

12    7.    The Complaint fails to the extent it asserts a class action because a class action is

13    not superior.

## EIGHTH AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

14

15

16    8.    Certification of a class would constitute a denial of Defendant's due process rights

17    in violation of the Fourteenth Amendment to the United States Constitution and the California

18    Constitution.

## NINTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

19

20

21    9.    Plaintiff's claims, and the claims of each putative member of the purported class

22    defined in the Complaint, are barred in whole or in part by applicable statutes of limitations,

23    including, but not limited to, the California Code of Civil Procedure Sections 338 and 340 and

24    California Business and Professions Code Section 17208.

25    ///

26    ///

27    ///

28    ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                3                    CASE NO. CGC-08-474610

### TENTH AFFIRMATIVE DEFENSE
**(Collateral Estoppel/Res Judicata)**

10.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

### ELEVENTH AFFIRMATIVE DEFENSE
**(Waiver)**

11.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

### TWELFTH AFFIRMATIVE DEFENSE
**(Accord and Satisfaction and Payment)**

12.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

### THIRTEENTH AFFIRMATIVE DEFENSE
**(Release Through Prior Settlement Agreement)**

13.     To the extent that Plaintiff or any putative class member entered into any individual settlement agreement, or was covered by and did not opt out of the terms of one or more prior class action settlements involving Defendant, any such individual has released some or all of the claims alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE
**(Laches)**

14.     Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                    4                    CASE NO. CGC-08-474610

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15.    Plaintiff's claims, and the claims of each putative member of the purported class, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

16.    The named Plaintiff lacks standing to bring claims brought under the California Labor Code and California Business and Professions Code because he and/or the putative class members did not suffer the injuries alleged in the Complaint.  The prosecution against Defendant of an action in these circumstances would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

17.    To the extent the claims of the Plaintiff and the class he purports to represents seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code Section 226(e), an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

18.    Plaintiff's cause of action and those of the putative members of the purported class defined in the Complaint brought pursuant to California Business and Professions Code Section 17200 is barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

## NINETEENTH AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

19.    To the extent Plaintiff or any putative members of the purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Conduct Reasonable and In Good Faith/Not Willful)

20.    If Defendant is found to have failed to pay Plaintiff and any putative member of the purported class defined in the Complaint, any amount due, or failed to comply with applicable California laws relating to meal and rest breaks, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with California's wage and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the California Labor Code.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Conflict of Interests)

21.    Certain of the interests of putative members of the proposed class are in conflict with the interests of other putative members of the alleged class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Irreparable Harm)

22.    Plaintiff's claims for injunctive, declaratory, or other equitable relief, and the claims of the putative class members of the purported class as defined in the Complaint, are barred in light of the fact that Plaintiff and the putative class members have not suffered and will not suffer irreparable harm due to any alleged conduct of Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED COMPLAINT                6                CASE NO. CGC-08-474610

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim Under California Business and Professions Code §§ 17200 *et. seq.*)

23.    Plaintiff and the putative class members of the purported class as defined in the Complaint have no private right of action under California Business and Professions Code sections 17200, *et. seq.* because Plaintiff and the putative class members have not suffered injury in fact and have not lost money or property as a result of any alleged unfair competition.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies and Procedures)

24.    Plaintiff's statutory claims, and the claims of each putative member of the purported class defined in the Complaint, are barred to the extent they failed to exhaust internal and/or administrative remedies or procedures under the collective bargaining agreement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Business Justification/Good Faith)

25.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred because Defendant's actions were business decisions justified by legitimate business motives, purposes and reasons and were made in good faith.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Labor Management Relations Act Preemption)

26.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are completely preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) because resolution of Plaintiff's state law claims requires interpretation of a collective bargaining agreement and substantially depends upon an analysis of a collective bargaining agreement.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Railway Labor Act Preemption)

27.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are completely preempted by the Railway Labor Act (45 U.S.C. section 151 *et seq.*) because resolution of Plaintiff's state law claims requires interpretation and/or

1  application of a collective bargaining agreement.

2  ## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
   ### (Airline Deregulation Act Preemption)

3

4  28.  Plaintiff's statutory claims, and the claims of each putative member of the

5  purported class defined in the Complaint, are completely preempted by the Airline Deregulation

6  Act (49 USC § 41713 *et seq.*).

7

8  ## RESERVATION OF RIGHTS

9  Defendant reserves the right to assert such additional affirmative defenses that may appear

10  and prove applicable during the course of this litigation.

11  **WHEREFORE**, the Defendant prays for judgment as follows:

12  1.  The Plaintiff takes nothing by the Complaint;

13  2.  That judgment be entered against Plaintiff and in favor of the Defendant;

14  3.  That Defendant be awarded attorneys' fees incurred herein;

15  4.  That Defendant be awarded costs of suit herein; and

16  5.  For such other and further relief as the Court deems just and proper.

17  Dated: May 29, 2008                MORGAN, LEWIS & BOCKIUS LLP
                                       REBECCA EISEN
18

19
                                       By _____
20                                          Rebecca Eisen

21                                       Attorneys for Defendant
                                         SERVISAIR, LLC
22

23  1-SF/7707917.1

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED          8          CASE NO. CGC-08-474610
COMPLAINT

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 29, 2008, I served the within document(s):

DEFENDANT SERVISAIR, LLC'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

Arlo Garcia Uriarte
Jason J. Szydlik
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
Telephone: 415.695.1000
Facsimile: 415.695.1006

Jennifer Kramer
Judith Wiederhorn
JENNIFER KRAMER LEGAL, APC
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: 213.955.0200
Facsimile: 213.955.0215

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 29, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Antonia M. Lee

1-SF/7709102.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

()

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 29, 2008, I served the within document(s):

SERVISAIR, LLC'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

Arlo Garcia Uriarte
Jason J. Szydlik
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
Telephone: 415.695.1000
Facsimile: 415.695.1006

Jennifer Kramer
Judith Wiederhorn
JENNIFER KRAMER LEGAL, APC
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: 213.955.0200
Facsimile: 213.955.0215

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 29, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_Antonia M. Lee_
Antonia M. Lee

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7709248.1

0

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 30, 2008, I served the within document(s):

NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF ACTION TO the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐ by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

Arlo Garcia Uriarte
Jason J. Szydlik
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
Telephone: 415.695.1000
Facsimile: 415.695.1006

Jennifer Kramer
Judith Wiederhorn
JENNIFER KRAMER LEGAL, APC
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: 213.955.0200
Facsimile: 213.955.0215

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 30, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Antonia M. Lee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

0

1  REBECCA EISEN, State Bar No. 096129
   JENNIFER SVANFELDT, State Bar No. 233248
2  MORGAN, LEWIS & BOCKIUS, LLP
   One Market, Spear Street Tower
3  San Francisco, CA 94105-1126
   Tel:  415.442.1000
4  Fax:  415.442.1001
   reisen@morganlewis.com
5  jsvanfeldt@morganlewis.com

6  MORGAN, LEWIS & BOCKIUS LLP
   JILL A. PORCARO, State Bar No. 190412
7  300 South Grand Avenue
   Twenty-Second Floor
8  Los Angeles, CA  90071-3132
   Tel:  213.612.2500
9  Fax:  213.612.2501
   jporcaro@morganlewis.com
10
   Attorneys for Defendant
11 SERVISAIR, LLC

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 3 0 2008

GORDON PARK-LI, Clerk
BY: _____
WESLEY RAMIREZ
Deputy Clerk

12        SUPERIOR COURT OF THE STATE OF CALIFORNIA

13            FOR THE COUNTY OF SAN FRANCISCO

14                 CV  08        2716

15 ROBERT NAVARRO, on behalf, and          Case No.  CGC 08-474610
   on behalf of others similarly situated,
16 and the general public,                 **MHP**

                                           **NOTICE TO STATE COURT AND**
17            Plaintiffs,                   **PLAINTIFF OF REMOVAL OF**
                                           **ACTION TO THE UNITED STATES**
18       vs.                                **DISTRICT COURT FOR THE**
                                           **NORTHERN DISTRICT OF**
19 SERVISAIR LLC, a Limited Liability       **CALIFORNIA**
   Corporation; and DOES 1 through 50,
20 inclusive,

21            Defendants.                   Date of Filing:   April 24, 2008
                                           Trial Date:       None Set

22

23

24

25 **TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF**

26 **SAN FRANCISCO AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

27        PLEASE TAKE NOTICE THAT on May 29, 2008, Defendant SERVISAIR LLC

28 filed in the United States District Court for the Northern District of California a Notice of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-LA/992332.1

NOTICE OF STATE COURT RE: REMOVAL
OF ACTION TO USDC – NORTHERN
DISTRICT

Removal of the above captioned action from the Superior Court of the State of California in and for the County of San Francisco. A copy of the Notice of Removal, with exhibits, is attached hereto as Exhibit A.

PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446, the filing of the Notice of Removal in the United States District Court, together with the instant filing of a copy of the same with this Court, effects the removal of this action and that the above-captioned Court may proceed no further unless and until the case is remanded

Dated: May 29, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By _____
    REBECCA EISEN

    Attorneys for Defendant
    SERVISAIR, LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-LA/992332.1                    2                    NOTICE OF STATE COURT RE: REMOVAL
                                                      OF ACTION TO USDC – NORTHERN
                                                      DISTRICT

# Exhibit A

1 | REBECCA EISEN, State Bar No. 096129
JENNIFER SVANFELDT, State Bar No. 233248
2 | MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
3 | San Francisco, CA 94105-1126
Tel: 415.442.1000
4 | Fax: 415.442.1001
reisen@morganlewis.com
5 | jsvanfeldt@morganlewis.com

6 | JILL A. PORCARO, State Bar No. 190412
MORGAN, LEWIS & BOCKIUS LLP
7 | 300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
8 | Tel: 213.612.2500
Fax: 213.612.2501
9 | jporcaro@morganlewis.com

10 | Attorneys for Defendant
SERVISAIR, LLC

11

12 | UNITED STATES DISTRICT COURT

13 | NORTHERN DISTRICT OF CALIFORNIA

14

15 | ROBERT NAVARRO,                        Case No.

16 |              Plaintiff,               SERVISAIR, LLC'S NOTICE OF
                                          REMOVAL OF ACTION TO THE UNITED
17 | vs.                                   STATES DISTRICT COURT FOR THE
                                          NORTHERN DISTRICT OF CALIFORNIA
18 | SERVISAIR, LLC,
                                          [28 U.S.C. §§ 1332(d), 1331 and 1441]
19 |              Defendant.

20

21 |         DEFENDANT SERVISAIR LLC ("Servisair") gives notice that this cause is hereby

22 | removed from the Superior Court of the State of California for the County of San Francisco, to

23 | the United States District Court for the Northern District of California.  Servisair removes this

24 | matter pursuant to 28 U.S.C. sections 1331, 1332(d),1441, 1446, and 1453, and states that this

25 | Court has jurisdiction over the action pursuant to the Class Action Fairness Act of 2005

26 | ("CAFA") and 28 U.S.C. section 1331.

27 | ///

28 | ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7704817.1                                                          NOTICE OF REMOVAL

As and for its Notice of Removal, Servisair pleads as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of class actions. *See* 28 U.S.C. § 1453.

2. Plaintiff Robert Navarro ("Plaintiff") instituted this civil action in the Superior Court of the State of California for the County of San Francisco on or about April 24, 2008, against Servisair, and was assigned Case Number 08-CV-474610 in said court.

3. This action was therefore commenced after the effective date of the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2 (enacted Feb. 18, 2005), *codified at* 28 U.S.C. sections 1332(d), 1453 and 1711-1715.

4. The Summons, Civil Case Cover Sheet and Complaint were served upon Servisair on May 5, 2008 by process server. True and correct copies of the Summons, Civil Case Cover Sheet and Complaint are attached hereto as Exhibit A.

5. On May 29, 2008, Servisair filed and served its Answer to Plaintiff's unverified complaint ("Answer"). A true and correct copy of Servisair's Answer is attached hereto as Exhibit B. The Summons, Civil Case Cover Sheet, Complaint and the Answer (attached hereto as Exhibits A and B) constitute all process, pleadings and orders that have been filed in this action.

6. Because this Notice of Removal is filed within thirty days of service of the Summons, Civil Case Cover Sheet and Complaint upon the Servisair, it is timely under 28 U.S.C. section 1446(b) and 28 U.S.C. section 1453.

7. This lawsuit was brought by a putative representative person on behalf of a proposed class of individuals. Ex. A, ¶¶ 1-3, 21. As such, this matter is a purported class action, as that term is defined pursuant to 28 U.S.C. section 1332(d)(1)(B) and 28 U.S.C. § 1453.[1]

8. This action originally could have been filed in this Court under 28 U.S.C. section 1332(d) because this matter was brought as a class action, complete diversity of citizenship exists between one or more members of the class and Servisair, and the amount in

---

[1]/    Servisair does not concede, and reserves the right to contest, at the appropriate time, Plaintiff's allegations that this action can properly proceed as a class action. Servisair further does not concede that any of Plaintiff's allegations constitute a cause of action under applicable California law.

1    controversy exceeds, in the aggregate, $5,000,000 exclusive of interest and costs.  This action

2    also originally could have been filed in this Court under 28 U.S.C. section 1331(federal question

3    jurisdiction) because it includes claims arising under the laws of the United States.  Further, this

4    action also includes claims over which this Court may properly exercise supplemental jurisdiction

5    pursuant to 28 U.S.C. section 1367(a) because they form part of the same case or controversy as

6    the claims over which this Court has original jurisdiction.  Removal is therefore proper pursuant

7    to 28 U.S.C. sections 1441, 1446 and 1453.

8    I.    **DIVERSITY OF CITIZENSHIP EXISTS**

9        A.    **The Parties Are Diverse.**

10       9.    Plaintiff is employed by Servisair as a ramp agent in California and resides

11   in California.  Ex. A, ¶ 8.  Plaintiff does not allege any alternative state of residence.

12   Accordingly, upon information and belief, Plaintiff was at the institution of this civil action, and

13   was at all times intervening, a citizen and resident of California.

14       10.    Servisair, an operator of aviation ground services, has approximately 4,100

15   employees nationwide.  The majority of Servisair's tangible property is located in Illinois.  The

16   majority of Servisair's production activities are performed in Illinois and the majority of its

17   income is earned in Illinois.

18       11.    Servisair is, and was at the time of the institution of this civil action, and at

19   all times intervening, a corporation organized and existing under and by virtue of the laws of the

20   State of Delaware with its principal place of business (where the majority of its executive and

21   administrative functions are performed) in Houston, Texas.  Servisair, therefore, is a citizen of

22   Delaware and Texas for the purposes of determining diversity.  28 U.S.C. § 1332(c)(1).

23       12.    As of the end of 2007, Servisair conducted business in 12 states.

24       13.    Servisair's business activities do not substantially predominate in any one

25   state and the percentage of Servisair's total business activity that is conducted in California is not

26   significantly larger than other states in which it conducts business.  As a result, Servisair is not

27   now, and was not at the time of the filing of the Complaint, a citizen of the State of California

28   within the meaning of the Acts of Congress relating to the removal of causes.  *See Arellano v.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7704817.1                                3                          NOTICE OF REMOVAL

1  *Home Depot U.S.A., Inc.*, 245 F.Supp.2d 1102, 1105 (S.D. Cal. 2003); *Industrial Tectonics v.*

2  *Aero Alloy*, 912 F.2d 1090, 1093-94 (9th Cir. 1990). Accordingly, Servisair is a citizen of

3  Delaware and Texas.

4         14.    Based on the Complaint, therefore, at least one member of the proposed

5  class of plaintiffs (Navarro) is a citizen of a state different from Servisair.

6       **B.**    **The Amount-In-Controversy Requirement is Satisfied.**

7         15.    Pursuant to CAFA, the claims of the individual members in a class action

8  are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.

9  *See* 28 U.S.C. § 1332(d)(6).

10        16.    In addition, Congress intended for federal jurisdiction to be appropriate

11  under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint

12  of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.,*

13  damages, injunctive relief, or declaratory relief)." Senate Judiciary Report, S. REP. 109-14,

14  at 42.

15        17.    The Complaint seeks relief on behalf of a putative class consisting of "all

16  current and former employees of [Servisair] who worked in the State of California at any time

17  from [sic] period commencing four years from the filing of this action through the entry of final

18  judgment of this action." Ex. A, ¶ 24. Servisair currently employs approximately 950 employees

19  in California. Of these 950 employees, approximately 405 are ramp agents.

20        18.    The Complaint in the instant action purports to allege multiple claims on

21  behalf of the putative class members for unpaid wages and other relief including civil penalties

22  and injunctive and equitable relief under various sections of the California Labor Code and the

23  California Industrial Welfare Commission ("IWC") Wage Orders, and for restitution under

24  Business and Professions Code section 17200. Ex. A, ¶¶ 1-6, 8, 11, 31, 32, 35, 41, 43, 47-50, 53,

25  54, 61-63, 66, 67, 70-73, 78, 81, 86; Prayer for Relief ¶¶ D-K.

26        19.    Plaintiff alleges that his claims are typical of the claims of the members of

27  the proposed class. Ex. A, ¶ 32.

28  ///

1    20.    The Complaint alleges that Plaintiff and the members of the class worked

2    in excess of five hours a day without being afforded at least a thirty minute meal period each day,

3    worked in excess of five hours and were not provided with pay of one-hour for each workday,

4    and that a proper meal period was not provided in violation of California Labor Code sections

5    226.7 and 512, and Wage Order 9 section 11(B). Ex. A, ¶¶ 43, 44.

6    21.    Plaintiff alleges that he and similarly situated current and former

7    employees are entitled to one hour of pay at the employee's regular rate of compensation for each

8    workday that a proper meal period was not provided. Ex. A, ¶ 43.

9    22.    Plaintiff has worked for Servisair since March 15, 1999. Ex. A, ¶ 8.

10    Plaintiff alleges that he sometimes works over eight hours a day. Ex. A, ¶ 23.

11    23.    Plaintiff's hourly rate of pay is $11.88.

12    24.    Under Plaintiff's theory of the case, if Plaintiff and the putative class

13    members were not provided with a required meal and/or rest periods at least three times a week

14    and were entitled to one additional hour of pay for each work day on which a meal and/or rest

15    period was not provided, the potential liability would be at least: 405 putative class members[2] x

16    $35.64 (three hours of pay) x 156 weeks (3 years) = **$2,251,735**.

17    25.    Plaintiff alleges that he and similarly situated current and former

18    employees are entitled to overtime pay compensation because they worked over eight hours a day

19    or 40 hours a week. Ex. A, ¶¶ 23, 53. Plaintiff, however, does not specify the number of

20    overtime hours he allegedly worked for which he did not receive overtime compensation.

21    26.    Under Plaintiff's theory of the case, if Plaintiff and the putative class

22    members worked three overtime hours per week and were entitled to overtime compensation for

23    each overtime hour worked, the potential liability would be at least: 405 putative class members x

24    $17.82 (1.5x base pay) x 3 overtime hours x 156 weeks (3 years) = **$3,377,602**.

25    ///

26

27    [2]    For the purposes of this removal, Servisair conservatively uses only the number of _ramp agents currently_ employed in California. The class, purportedly defined by Plaintiff is all current and _former_ employees, whether or not ramp agents, who have worked in California in the past four years, and thus will be far greater than 405. (_See_ Ex. A; ¶ 24 [Definition].) Servisair currently employs approximately 950 employees total.

27.    Plaintiff alleges that Servisair unlawfully took deductions from his wages and the wages of similarly situated current and former employees to cover health benefits that were not requested or received. Ex. A, ¶ 61. Under Plaintiff's theory of the case, if $1.25 was withheld per hour of work from his pay and the pay of the putative class members, the total amount of potential liability would be: 405 putative class members x $1.25 x 6,240 hours of work (3 years) = **$3,159,000**.

28.    Plaintiff also seeks attorneys' fees under various laws. Attorneys' fees are properly included in determining the amount in controversy. *Sanchez v. Wal-Mart Stores, Inc.*, 2007 WL 1345706, *2 (E.D. Cal. 2007) ("attorney's fees, if authorized by statute or contract, are also part of the calculation"). Assuming Plaintiff can recover on his theories and allegations, under his theory of the case, he would undoubtedly urge that he is entitled to receive attorneys' fees of approximately 25% of the total recovery or **$2,197,084**. *Cf. In re Quintus Securities Litigation*, 148 F.Supp.2d 967, 973 (N.D. Cal. 2001) (noting in the class action settlement context, that the benchmark for setting attorneys' fees is 25 percent of the common fund).

29.    Thus, although Servisair denies Plaintiff's factual allegations or that he or the class he purports to represent are entitled to the relief for which he has prayed, based on Plaintiff's allegations and prayer for relief, the amount in controversy clearly exceeds the $5,000,000 threshold set forth under 28 U.S.C. section 1332(d)(2).

## II.    FEDERAL QUESTION JURISDICTION EXISTS

30.    As set forth below, this is a civil action of which the Court has original jurisdiction pursuant to 28 U.S.C. section 1331 (federal question jurisdiction). Further, this action also includes claims over which this Court may properly exercise supplemental jurisdiction pursuant to 28 U.S.C. section 1367(a), because they form part of the same case or controversy as the claims over which this Court has original jurisdiction. Accordingly, this entire action is one which may be removed to this Court by Servisair pursuant to the provisions of 28 U.S.C. section 1441(b) in that it includes claims arising under the laws of the United States.

31.    Plaintiff alleges in his Complaint that he "was employed as a ramp agent with [Servisair] from March 15, 1999 to the present." Ex. A; ¶ 8. As a ramp agent, Plaintiff's

1    employment was subject to a Collective Bargaining Agreement ("CBA") between Servisair, LLC

2    (or its predecessor) and The International Association of Machinists & Aerospace Workers, AFL-

3    CIO, District Lodge 190 and its Affiliated Peninsula Auto Machinists Local Lodge 1414, which

4    governs the employment, including the wages and work schedules, of ramp agents, aircraft

5    cleaners and ground support equipment mechanics employed by Servisair at the San Francisco

6    International Airport. The CBA is governed by the terms of the Labor Management Relations

7    Act ("LMRA") 29 U.S.C. Sections 141 *et seq.* and the Railway Labor Act ("RLA"), 45 U.S.C.

8    section 151 *et seq.*

9            32.      Plaintiff alleges in his First Cause of Action that Plaintiff and similarly

10   situated current and former employees were not compensated for all hours worked in violation of

11   California Labor Code section 1194 and IWC Order No. 9. Ex. A, ¶¶ 35, 36.

12           33.      Plaintiff further alleges in his Second Cause of Action, that Plaintiff and

13   similarly situated current and former employees were "required to work through their meal

14   periods without proper compensation" in "violation of California law." Ex. A, ¶ 45.

15           34.      Plaintiff further alleges in his Third Cause of Action that Servisair failed to

16   pay Plaintiff and similarly situated current and former employees overtime compensation in

17   violation of California Labor Code section 510 and IWC Order No. 9, section 3. Ex. A, ¶ 52.

18           35.      Plaintiff further alleges in his Fourth Cause of Action that Servisair

19   violated the California Labor Code by "unlawfully taking deductions from Plaintiff's and

20   similarly situated [current and former] employees' compensation to cover health benefits." Ex.

21   A, ¶ 61.

22           36.      Plaintiff further alleges that Servisair violated the California Business and

23   Professions Code section 17200 by: (a) failing and refusing to record meal periods; (b) failing to

24   pay one hour compensation for improper or missed meal periods; (c) failing to pay all wages due;

25   (d) failing to pay overtime compensation; (e) failing to provide adequate itemized wage

26   statements; (f) illegally deducting wages for health benefits not requested or received; and (g)

27   failing to pay all earned wages. Ex. A, ¶ 78.

28   ///

37.    This action is properly removed to this Court because it has federal question jurisdiction under the RLA.  Pursuant to 28 U.S.C. section 1331, the district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.  Under 28 U.S.C. section 1441(b), "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."

38.    This Court has original jurisdiction over this action because the RLA completely preempts any of Plaintiff's state wage and hour claims that require interpretation or application of the CBA.  Where a federal cause of action completely preempts a state law cause of action, any complaint that comes within the scope of the federal cause of action necessarily "arises under" federal law.  *Franchise Tax Board of California v. Construction Laborers, Vacation Trust for So. California*, 463 U.S. 1 (1983).  Here, the fact that Plaintiff has pled only state law claims and seeks only a remedy under state law is immaterial because the Court may uphold removal "even though no federal question appears on the fact of the complaint." *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000); *see Schroeder v. Trans World Airlines*, 702 F.2d 189, 190 (9th Cir. 1983) (stating that the court will look at the complaint together with the notice of removal to determine whether the plaintiff intended to "avoid application of federal law and rel[y] solely on state law to articulate their claims.").

39.    Congress enacted the RLA, which was extended to cover the airline industry in 1936, "to promote stability in labor-management relations by providing a comprehensive framework for resolving labor disputes." *Espinal v. Northwest Airlines*, 90 F.3d 1452, 1456 (9th Cir. 1996) (*citing Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 252 (1994).  The RLA establishes a mandatory arbitral mechanism for settling "minor disputes" that grow out of "grievances or out of the interpretation or application of agreements covering rates of pay, rules or working conditions." *Id.*  Adjustment boards have primary and exclusive jurisdiction over minor disputes. *Union P.R. Co. v. Sheenan*, 439 U.S. 89, 99 (1978).

///

40.    Although the RLA specifically governs common carriers by rail or air, it also applies to entities that do not operate a rail or air carrier directly but perform similar functions or support services. *Servicemaster Aviation Serv.*, 24 NMB 181, 183 (1997). In determining whether the RLA covers a particular employer, the National Mediation Board considers whether the nature of the work performed by the employees is similar to that traditionally performed by rail and air carriers and whether there is ownership or control, direct or indirect, by a common carrier over the entity in question. *Servicemaster Aviation Serv.*, 24 NMB at 183. Using this standard, the RLA has been applied to companies performing various services related to rail and air transport. *See Servicemaster Aviation Services*, 24 NMB at 182 (skycap services and wheelchair attendants); *Sky Valet*, 23 NMB 155, 157 (1996) (airport janitorial services); *Matter of International Total Services, Inc.*, 16 NMB 44, 45 (1988) (airport security services). Here, Servisair is directly or indirectly controlled by the airlines with which it contracts to do business. This carrier control includes, but is not limited to, the following: (1) airlines may request the permanent removal of Servisair employees from an account; (2) Servisair employees are, in fact, removed from an account at an airline's request; (3) Servisair responds to airline complaints regarding its employees; (4) Servisair has taken disciplinary action against employees in response to airline complaints, up to and including termination; (5) employee work schedules are based on airline flight schedules; (6) airlines direct some of the work performed by Servisair employees; (7) certain Servisair employees are required to wear uniforms provided by the airlines; (8) airlines reserve the right to request a list of employees scheduled to work a particular flight prior to those employees performing any services for the airline under the contract; and (9) certain airlines reserve the right to train Servisair employees.

41.    The RLA completely preempts state law claims where the resolution of that claim depends upon the interpretation of a collective bargaining agreement. *Schroeder*, 702 F.2d at 191 (affirming removal, court stated that "the application of the RLA and the necessity of its interpretation establish the existence of a federal question as an essential element of plaintiff's cause of action, providing the basis for removal."); *see Adams v. Executive Airlines, Inc.*, 258

1  F.3d 7 (1st Cir. 2001) (action preempted by the RLA because flight attendant compensation was

2  based on a CBA that took into account flight time, on duty time and a flight time guarantee.).

3      42.    Plaintiff's Complaint is no more than an artful effort to evade the

4  mandatory system of adjustment board arbitration under the RLA. The allegations set forth above

5  will require the Court to interpret and/or apply the CBA in order to resolve issues which include

6  the following: (1) whether the CBA at issue provides different requirements regarding wage

7  payments than state law; (2) entitlement to overtime pay; (3) entitlement to and frequency of meal

8  and/or rest breaks; (4); base and overtime pay; (5) the difference between employee schedules

9  and actual hours worked; and (6) employees' entitlement to health benefits.

10     43.    Because Plaintiff's Complaint necessarily depends on the interpretation

11 and/or application of the CBA and because disputes involving the interpretation and application

12 of the CBA are subject to mandatory arbitration under the RLA, Plaintiff's claims are preempted

13 by the RLA and are removable under 28 U.S.C. section 1441(b) to the United States District

14 Court.

15     44.    This action may also be removed to this Court pursuant to the provisions of

16 28 U.S.C. section 1441(b) because it arises under the Labor Management Relations Act

17 ("LMRA"), 29 U.S.C. section 185.

18     45.    Claims which require the Court to interpret the terms of a CBA or whose

19 claims are substantially dependent on the CBA, are completely preempted by section 301 of the

20 LMRA. *See, United Steelworkers of America v. Rawson*, 495 U.S. 362, 368-69 (1990)

21 (employees' state law claim preempted because it required interpretation of collective bargaining

22 agreement); *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (state claim preempted

23 because it was substantially dependent on analysis of collective bargaining agreement); *Aguilera*

24 *v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1016 (9th Cir. 2000) (state contract claim

25 preempted where it required interpretation of collective bargaining agreement).

26     46.    State law claims preempted by section 301 are considered to arise under

27 federal law, thus providing the federal courts with subject matter jurisdiction. *Franchise Tax*

28

*Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) (state claim preempted under section 301 "is purely a creature of federal law").

47.    Here, as explained *supra*, Plaintiffs' First Cause of Action for Failure to Compensate for All Hours Worked, Second Cause of Action for Failure to Provide Proper Meal Breaks, Third Cause of Action for Failure to Provide Overtime Compensation, and Fourth Cause of Action for Unlawful Deductions from Wages are preempted by Section 301. Plaintiff alleges that he was not properly compensated pursuant to state wage and hour law. However, Plaintiff's rate of pay, rate of overtime compensation, hours of work, and frequency of meal and rest breaks are governed exclusively by the CBA. Accordingly, Plaintiff's claims require interpretation of the CBA and/or are dependent on the CBA.

48.    Because Plaintiff's Complaint necessarily depends on the interpretation of the CBA, his claims are preempted by the LMRA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

49.    This action may also be removed to this Court pursuant to the provisions of 28 U.S.C. section 1441(b) because it arises under the Airline Deregulation Act of 1978 ("ADA"), 49 U.S.C. section 41713(b)(1). The ADA provides that a state "may not enact or enforce a law, regulation or other provision having the force and effect of law related to a price, route or service" of an air carrier. *Morales v. Trans World Airlines, Inc.* 504 U.S. 374, 374 (1992). Plaintiff alleges *inter alia* that Servisair violated California's overtime laws, that Plaintiff worked through meal and rest breaks without being properly compensated and that Servisair committed unfair business practices. The ADA preempts actions to enforce state wage and hour laws and claims brought under California Unfair Business Practices Act. *See In re JetBlue Airways Corp. Privacy Litigation*, 379 F.Supp.2d 299, 315-16 (E.D.N.Y. 2005) (action brought under California Unfair Business and Practices Act preempted by ADA).

50.    Because Plaintiff's Complaint relates to the price, route and/or service of an air carrier, his claims are preempted by the ADA and are removable under 28 U.S.C. section 1441(b) to the United States District Court.

///

1  **III.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

2          51.     As set forth above, this Notice of Removal is filed within thirty days of

3  service of the Summons, Civil Case Cover Sheet and Complaint upon Servisair.

4          52.     Servisair will promptly serve Plaintiff with this Notice of Removal and will

5  promptly file a copy of this Notice of Removal with the clerk of the state court in which the

6  action is pending, as required under 28 U.S.C. section 1446(d).

7          53.     The prerequisites for removal under 28 U.S.C. sections 1441 and 1453

8  have been met.

9          54.     Venue is proper in this district pursuant to 28 U.S.C. section 1441(a)

10 because the District Court for the Northern District of California, San Francisco Division, is the

11 judicial district and division embracing the place where the state court case is pending.

12         55.     Because this Court has original jurisdiction under the provisions of 28

13 U.S.C. sections 1331 and 1332, removal of this action is proper pursuant to 28 U.S.C. section

14 1441.

15         56.     If any question arises as to the propriety of the removal of this action,

16 Servisair requests the opportunity to present a brief and oral argument in support of its position

17 that this case is removable.

18         WHEREFORE, Servisair, desiring to remove this case to the United States District Court

19 for the Northern District of California, prays that the filing of this Notice of Removal shall effect

20 the removal of the suit to this Court.

21

22 Dated: May 29, 2008                    MORGAN, LEWIS & BOCKIUS LLP

23

24                                        By _____
                                              Rebecca D. Eisen
25
                                          Attorneys for Defendant
26                                        SERVISAIR, LLC

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

1-SF/7704817.1                            12                        NOTICE OF REMOVAL

# Exhibit A

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

|  | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Servisair, a Limited Liablility Corporation; and DOES 1 through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Robert Navarro, on behalf of himself, and on behalf of others similarly
situated, and the general public

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO, 400 McAllister, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC 8   474610 |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arlo Garcia Uriarte, Liberation Law Group, 2760 Mission Street, San Francisco, CA 94110,
415 695-1000

| DATE: APR 2 4 2008<br>*(Fecha)* | GORDON PARK-LI Clerk, by | , Deputy |
|---|---|---|
|  | *(Secretario)* | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Arlo Garcia Uriarte
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
TELEPHONE NO. 415 695 1000   FAX NO.: 415 695 1006
ATTORNEY FOR (Name): Plaintiffs

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS 400 McAllister
MAILING ADDRESS
CITY AND ZIP CODE San Francisco, CA 94102
BRANCH NAME

CASE NAME:
Robert Navarro, et al. v. Servisair LLC

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder | | CGC-08-476610 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: | |
| | | | DEPT: | |

Items 1–5 below must be completed (see instructions on page 2)

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [✓] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [✓] is [ ] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [✓] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [✓] Substantial amount of documentary evidence
d. [✓] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [✓] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [ ] punitive

4. Number of causes of action (specify): six

5. This case [✓] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: April 24, 2008

Arlo Garcia Uriarte
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2007]

**CIVIL CASE COVER SHEET**

American Legalnet, Inc.
www.FormsWorkflow.com

Cal. Rules of Court, rules 3.220, 3.400–3.403;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

## NOTICE TO PLAINTIFF

A Case Management Conference is set for

| | | |
|---|---|---|
| **DATE:** | **SEP-26-2008** | |
| **TIME:** | **9:00AM** | |
| **PLACE:** | **Department 212** | |
| | **400 McAllister Street** | |
| | **San Francisco, CA 94102-3680** | |

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.

However, it would facilitate the issuance of a case management order **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 212 twenty-five (25) days before the case management

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state.

### ALTERNATIVE DISPUTE RESOLUTION POLICY REQUIREMENTS

IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE PARTICIPATE IN EITHER MEDIATION, JUDICIAL OR NON-JUDICIAL ARBITRATION, THE EARLY SETTLEMENT PROGRAM OR SOME SUITABLE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A MANDATORY SETTLEMENT CONFERENCE OR TRIAL. (SEE LOCAL RULE 4)

Plaintiff must serve a copy of the Alternative Dispute Resolution Information Package on each defendant along with the complaint. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the Alternative Dispute Resolution Information Package prior to filing the Case Management Statement.

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

Superior Court Alternative Dispute Resolution Coordinator
400  McAllister Street, Room 103
San Francisco, CA  94102
(415) 551-3876

See Local Rules 3.6, 6.0 C and 10 D re stipulation to commissioners acting as temporary judges

1  Arlo Garcia Uriarte, SBN 231764
2  Jason J. Szydlik, SBN 238356
   LIBERATION LAW GROUP
3  2760 Mission Street
   San Mateo, CA 94110
4  Telephone: (415) 695-1000
   Facsimile: (415) 695-1006
5
6  Jennifer Kramer, SBN 203385
   Judith Wiederhorn, SBN 239885
7  JENNIFER KRAMER LEGAL, APC
   707 Wilshire Blvd., Suite 3600
8  Los Angeles, CA 90017
9  Telephone: (213) 955-0200
   Facsimile: (213) 955-0215
10
11 Attorneys for PLAINTIFFS

12
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
13
                **FOR THE COUNTY OF SAN FRANCISCO**
14

15 | Robert Navarro, on behalf of himself, and on | Case No. CGC 08   474610
16 | behalf of others similarly situated, and the |
   | general public, | **CLASS ACTION**
17 |
   |                   | **COMPLAINT FOR DAMAGES AND**
18 |        Plaintiffs, | **EQUITABLE RELIEF:**
   |     vs. |
19 |                   | **(1) FAILURE TO PAY WAGES**
20 | Servisair, a Limited Liablility Corporation; | **(2) FAILURE TO COMPENSATE FOR**
   | and DOES 1 through 50, inclusive, | **IMPROPER OR MISSED MEAL**
21 |                   | **PERIODS**
   |        Defendants. |
22 |                   | **(3)  FAILURE TO PAY OVERTIME**
   |                   | **COMPENSATION**
23 |
24 |                   | **(4) UNLAWFUL DEDUCTIONS FROM**
   |                   | **WAGES**
25 |                   | **(5) FAILURE TO PROVIDE**
   |                   | **ACCURATE WAGE STATEMENTS**
26 |
   |                   | **(6) WAITING TIME PENALTIES**
27 |
28 |                   | **(7) UNFAIR BUSSINESS PRACTICES**

1

PLAINTIFF Robert Navarro ("PLAINTIFF"), hereby submits his Complaint against Defendant Servisair LLC, and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself, and the class of others similarly situated, as follows:

## INTRODUCTION

1.  This class action is within the Court's jurisdiction under California Labor Code Sections 201-204, 226, 510, 1194, 226.7, 221, 223, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of DEFENDANTS.

3.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal periods.

4.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due (b) the opportunity to take proper meal periods, and (c) receive accurate wage statements.

5.  The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over the violations of the California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the

2

Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged herein. Damages alleged herein are in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

7.    Venue is proper because the alleged wrongs occurred in the County of San Francisco. DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFF worked for DEFENDANTS in the San Francisco International Airport, Westfield Road, San Francisco, CA 94128.

## PARTIES

8.    PLAINTIFF Robert Navarro was employed as a ramp agent with DEFENDANTS from March 15, 1999 to the present. PLAINTIFF was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512, California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12. PLAINTIFF resides in San Mateo County, but was employed by DEFENDANTS at all times relevant to this complaint in San Francisco County.

9.    SERVISAIR LLC is a Limited Liability Corporation doing business in the State of California with its principal place of business in the County of San Francisco.

10.    PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. DEFENDANTS own and operate an industry, business and establishment in the County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related services to Airlines that serve San Francisco International Airport. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512,

3

California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12.

12.   PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known. PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.   At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.   PLAINTIFF is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.   At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.   At all times herein mentioned, the acts and omissions of various DEFENDANTS,

4

**COMPLAINT [CLASS ACTION]**

and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

17.    At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein.  At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## STATEMENT OF FACTS

18.    Servisair LLC is one of the world's leading operators in aviation ground services. Servisair LLC's dedicated employees offer a spectrum of services including, but not limited to: passenger services, ramp services, fuelling, load control and operations and aircraft cleaning.

19.    PLAINTIFF and similarly situated employees are required to clock in and clock out each work day.  PLAINTIFF and similarly situated employees do not clock in and clock out for required meal periods.  Instead, DEFENDANTS have a system in place to automatically deduct one hour of time from each employee's daily actual hours timekeeping records.

20.    Despite the actual hours worked by each employee or whether a proper meal period, or whether one hour was actually taken by each employee each workday, the payroll system and practice in place deducts one hour of time from each workday and each employee's time records, thereby reducing the amount of pay received each pay period.

21.    DEFENDANTS failed to account for day to day circumstances that required an employee to miss a required meal period and thereby entitling that employee to an extra one hour compensation as required by law.

22.    PLAINTIFF and similarly situated employees worked full-time for DEFENDANTS and their daily rate of pay were reduced to account for employee contributions made health benefits.  PLAINTIFF and similarly situated employees did not receive any health benefits, nor elected to receive health benefits, or opted out of receiving health benefits.  Despite not receiving health benefits through DEFENDANTS, PLAINTIFF and similarly situated employees' regular rate of pay were reduced.

COMPLAINT |CLASS ACTION|

23.    PLAINTIFF and similarly situated employees are entitled to overtime pay compensation because they worked over eight hours a day or 40 hours a week. Because of DEFENDANTS illegal payroll system that deducted an automatic one hour each workday, PLAINTIFF and similarly situated employees did not receive proper overtime rate compensation sometimes worked over eight hours a day or 40 hours per week without being compensated at the overtime rate required by law.

## CLASS ACTION ALLEGATIONS

24.    **Definition:** The named individual PLAINTIFF brings this action on behalf of himself and the class pursuant to California <u>Code of Civil Procedure</u> § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The class is defined as:

"All current and former employees of DEFENDANTS who worked in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

25.    **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFF is informed and believes that the San Francisco location of Servisair LLC employs about 200 employees. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFF is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal breaks.

26.    **Adequacy of Representation:** PLAINTIFF is a member of the class, PLAINTIFF does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFF will fairly and adequately represent and protect the interests of the class members. The PLAINTIFF's counsel are competent and experienced in litigating employment class actions, including wage and hour class actions.

6

27. **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

28. The California <u>Labor Code</u> and Wage Order provisions upon which PLAINTIFF bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

29. The nature of this action and the format of laws available to PLAINTIFF and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

30. The prosecution of separate actions by the individual class members, even if

7

possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests.  Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

31.    **Common Question of Law and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class.  These common questions of law and fact include, without limitation:

    a.    Whether DEFENDANTS have failed to pay its employees overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

    b.    Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

    c.    Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

    d.    Whether DEFENDANTS failure to pay overtime compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

    e.    Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

8

f.  Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

g.  Whether DEFENDANTS have made deductions from the compensation paid to Drivers in violation of Labor Code §§ 221, 223, and IWC wage order No. 9, § 8.;

h.  Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i.  Whether the wage statements provided to PLAINTIFF and similarly situated employees were inaccurate pursuant to Labor Code § 226 and IWC Wage Order 9.

j.  Whether PLAINTIFF and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

k.  Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

l.  Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing, upon termination, to timely pay employees wages that were due for overtime, missed meal periods, and/or wrongful deductions from wages;

9

COMPLAINT [CLASS ACTION]

m. Whether DEFENDANTS failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq; and

n. The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFF and the class alleged herein.

32.   **Typicality:**  The claims of PLAINTIFF are typical of the claims of all members of the class.  The PLAINTIFF is a member of the class and has suffered the alleged violations of California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

## FIRST CAUSE OF ACTION

### (FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 9 AND LABOR CODE § 1194)

33.   PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

34.   This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

35.   At all times relevant herein, DEFENDANTS were required to compensate its non-exempt hourly employees for all hours worked pursuant to in violation of California Labor Code § and IWC Wage Order No. 9.

36.   As a pattern and practice, DEFENDANTS regularly automatically deducted 60 minutes of pay from employees' daily time records to document meal breaks that were never taken. PLAINTIFF and class members were not compensated for all hours they were subject to

10

the control of DEFENDANTS; including all time they were suffered or permitted to work.

37.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required PLAINTIFF and the class members to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required PLAINTIFF and members of the class to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

38.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFF and the class took their meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

39.    The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of PLAINTIFF's and class members' rights, and was done by managerial employees of DEFENDANTS. PLAINTIFF and class members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

40.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all hours worked. PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF and other members of the class who have separated from employment are entitled to compensation

11

COMPLAINT [CLASS ACTION]

pursuant to Labor Code § 203.

41.    Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of straight time compensation and overtime premiums owing, including interest thereon, penalties, reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code §1194, et seq.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER MEAL BREAKS
### IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512
### AND IWC WAGE ORDER NO. 9

42.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 41 as though fully set for herein.

43.    DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including PLAINTIFF and other members of the class, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. PLAINTIFF and the class were suffered and permitted to work through legally required meal breaks.  As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). DEFENDANTS shall pay the each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal break was not provided.

44.    PLAINTIFF and class members regularly worked in excess of five (5) hours per day and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours.

45.    As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation. DEFENDANTS did staff employees in such a manner and at such posts that would make it impossible for these employees to take their meal period.  This policy of requiring employees to work through their legally mandated meal

1   periods is a violation of California law.

2       **46.**   PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

3   failure to provide PLAINTIFF and other members of the class with the opportunity to take meal

4   breaks was willful and done with the wrongful and deliberate intention of injuring PLAINTIFF

5   and other members of the class, from improper motives amounting to malice, and in conscious

6   disregard of PLAINTIFF and other members of the class' rights.

7       **47.**   PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

8   willfully failed to pay employees who were not provided the opportunity to take meal breaks the

9   premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 9§ 11(B).

10  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure

11  to provide PLAINTIFF and other members of the class the wages due and owing them upon

12  separation from employment results in a continued payment of wages up to thirty (30) days from

13  the time the wages were due.  Therefore, PLAINTIFF and other members of the class who have

14  separated from employment are entitled to compensation pursuant to <u>Labor Code</u> § 203.

15

16      **48.**   As a pattern and practice, in violation of the aforementioned labor laws and wage

17  orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not

18  properly maintain records pertaining to when PLAINTIFF began and ended each meal period in

19  violation of California <u>Labor Code</u> §1174 and Section 7 of the applicable IWC Wage Order(s).

20      **49.**   Such a pattern, practice and uniform administration of corporate policy as

21  described herein is unlawful and creates an entitlement to recovery by the PLAINTIFF and the

22  class identified herein, in a civil action, for the unpaid balance of the unpaid premium

23  compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B), including

24  interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate

25  of California <u>Labor Code</u> §§ 218.5 or 1194.

26      **50.**   DEFENDANTS' wrongful and illegal conduct in failing provide class members

27  with the opportunity to take meal breaks and to provide premium compensation in accordance

28  with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

13

COMPLAINT [CLASS ACTION]

1   obligation to do so, unless and until enjoined and restrained by order of this court, will cause

2   great and irreparable injury to PLAINTIFF and all members of the class in that the

3   DEFENDANTS will continue to violate these California laws, represented by labor statutes and

4   IWC wage orders, unless specifically ordered to comply with same.  This expectation of future

5   violations will require current and future employees to repeatedly and continuously seek legal

6   redress in order to gain compensation to which they are entitled under California law.

7   PLAINTIFF has no other adequate remedy at law to insure future compliance with the California

8   labor laws and wage orders alleged to have been violated herein.

9

### THIRD CAUSE OF ACTION

10

### FAILURE TO PAY OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)

11

12

13      **51.**        PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through

14   50 as though fully set for herein.

15      **52.**      By failing to pay overtime compensation to PLAINTIFF and similarly situated

16   employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage

17   order No. 9, § 3, which require overtime compensation to non-exempt employees.

18      **53.** As a result of DEFENDANTS' unlawful acts, PLAINTIFF and the similarly situated

19   employees have been deprived of overtime compensation in an amount to be determined at trial,

20   and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs,

21   under Labor Code § 1194.

22      **54.** By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and

23   costs under Labor Code §1194.

24      **55.** PLAINTIFF, on behalf of themselves and similarly situated employees, request relief

25   as described below.

26

27

28

COMPLAINT [CLASS ACTION]

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES
### (LABOR CODE §§ 221, 223 IWC. WAGE ORDER NO. 9)

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set for herein.

57. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

58. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

59. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage is if the employer can show that cash shortage, breakage, or loss of equipment was the result of the employee's gross negligence or dishonest or willful act.

60. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

61. DEFENDANTS have violated Labor Code §§ 221, 223, and IWC wage order No. 9, §§ 8 & 9 by unlawfully taking deductions from PLAINTIFFS' and similarly situated employees compensation to cover health benefits that were neither requested nor received.

15

62. Because DEFENDANTS made unlawful deductions from compensation, they are liable to PLAINTIFF and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Labor Code §§ 221, 223 and IWC wage order No. 9, § 8.

63. By unlawfully deducting wages and failing to pay PLAINTIFF and other similarly situated employees, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

64. PLAINTIFF, on behalf of himself and similarly situated employees, request relief as described below.

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ 226; IWC WAGE ORDER NO. 9)

65. The allegations of Paragraphs 1 through 64 are realleged and incorporated herein by reference.

66. Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

67. DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS, are liable to PLAINTIFFS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

16

68.    PLAINTIFF, on behalf of themselves and similarly situated Employees, requests relief as described below.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

69.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 68 as though fully set for herein.

70.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

71. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

72. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

73. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal compensation, overtime wages and sums wrongfully deducted from compensation, to employees whose employment terminated.  As a result, DEFENDANS are liable to former employees for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

74. PLAINTIFF, on behalf of all terminated employees, request relief as described below.

COMPLAINT [CLASS ACTION]

## SEVENTH CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS
FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*)

75.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set for herein.

76.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

77.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

78.    Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

a.    failing and refusing to record meal periods of PLAINTIFF and similarly situated employees;

b.    failing to pay one hour compensation for improper or missed meal periods;

c.    failing to pay all wages due to PLAINTIFF and similarly situated employees;

d.    failing to pay overtime compensation to PLAINTIFF and similarly situated employees;

e.    failing to provide accurate itemized wage statements to PLAINTIFF and similarly situated employees;

f.    by illegally deducting wages from Plaintiff and similarly situated employees for health benefits that were not provided nor requested;

COMPLAINT [CLASS ACTION]

g. by intentionally and illegally failing to pay all earned wages to

PLAINTIFF and class members on the next payday after such wages were

earned by each class member; and

79.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

80.    As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFF and class members  As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFF and class members have suffered economic injuries including, but not limited to loss of wages, including overtime wages, pay for missed meal and rest periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFF and similarly situated Employees.

81. PLAINTIFF and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

82. PLAINTIFF and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

83. PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFF sues on behalf of the public as well as on behalf of himself and others similarly situated.  PLAINTIFF seeks and is entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

84. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

19

COMPLAINT [CLASS ACTION]

85. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFF requests an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

86. PLAINTIFF has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

87. By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

88. As a direct and proximate result of the unfair business practices described above, PLAINTIFF, other Employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

89. Pursuant to Business & Prof. Code §17203, PLAINTIFF, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

90. PLAINTIFF, on behalf of themselves and similarly situated Employees, request relief as described below.

91.    PLAINTIFF is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFF and other members of the class the minimum working condition standards and conditions due to them under the California laws and

20

Industrial Welfare Commission wage orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

      A.    Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

      B.    Certification of the above-described class as a representative class under Business and Professions Code § 17200;

      C.    Class notice be provided to all employees who worked for DEFENDANTS in California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action;

      D.    A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

          1.    Labor Code §§ 221 and 223 and IWC wage order No. 9 by making unlawful deductions from the compensation paid to PLAINTIFF and the class;

          2.    Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to provide proper off-duty meal periods to PLAINTIFF and the class;

          3.    Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to PLAINTIFFS and the class;

          4.    Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide PLAINTIFFS and the class with accurate itemized statements of the actual total hours worked with each payment of wages;

          5.    Labor Code §§ 201-203, for willful failure to pay overtime

21

**COMPLAINT [CLASS ACTION]**

compensation, pay for missed meal and rest periods, and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

6.      Cal. Business and Professions Code §§ 17200-17208, by failing to provide proper off-duty meal periods and/or pay meal period compensation, by illegally deducting a health care premium from the hourly rate when no health benefit was provided, failing to pay all wages due and overtime compensation, failing to provide accurate itemized wage statements showing all actual hours worked, and willfully failing to pay all compensation owed to Drivers upon termination of employment;

E.      A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.      An equitable accounting to identify, locate, and restore to all current and former employees the wages that are due;

G.      An award to PLAINTIFF and the Class Members of damages in the amount of unpaid wages and overtime, meal period pay, and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H.      An award to PLAINTIFF and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFF and the Class Members with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

I.      An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

J.      An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFF and similarly situated employees of DEFENDANTS for failure to pay legally required overtime, meal period pay, and interest thereon and for failure to repay amounts

22

COMPLAINT [CLASS ACTION]

unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

       K.     An award to PLAINTIFF and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226, 203, 1194 and/or other applicable law; and

       L.     An award to PLAINTIFF and the Class Members of such other and further relief as this Court deems just and proper.

Dated: April 24, 2008

LIBERATION LAW GROUP

By:

Arlo Garcia Uriarte
Attorney for PLAINTIFFS

23

**FILED**

San Francisco County Superior Court

OCT 2 3 2007

GORDON PARK-LI, Clerk

BY: _____
                    Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 304

In re:                                )
                                      )
    COMPLEX LIGITATION                )    **AMENDED GENERAL ORDER RE:**
                                      )    **PROCEDURE FOR APPROVAL OF**
                                      )    **COMPLEX LITIGATION DESIGNATION**
                                      )
                                      )    The Honorable Richard A. Kramer
                                      )
                                      )
                                      )
_____ )

    This Order shall apply to any case designated as a Complex Case on the Civil Case Cover

Sheet (Judicial Council Form CM-010, Rule 3.220, Cal. Rules of Court) filed in San Francisco

Superior Court.  As to all such cases:

    1. The fee(s) required by California Government Code section 70616 shall be paid upon

filing such designation.

    2. No case shall be assigned to the Complex Litigation Department until an Application For

Approval of Complex Litigation Designation has been made in accordance with this Order, and the

Court has ordered the case so assigned.

-1-

GENERAL ORDER re: COMPLEX LITIGATION DESIGNATE

3. An Application for Approval of Complex Designation should be made as early in the case as is feasible and must set forth with specificity the reasons that the case should be assigned to the Complex Litigation Department in accordance with the factors set forth in Rule 3.400 *et seq.*, California Rules of Court. A copy of such Application, together with a copy of the operative Complaint and of the Civil Case Cover Sheet, shall be delivered to the clerk of Department 304 promptly upon filing. Copies of the Application shall be served on all other parties who have been served with the Complaint or have appeared in the case.

4. A Complex Case Designation which does not comply with this Order may be deemed denied without further order.

5. Until such time as the Court issues an order assigning the case to the Complex Litigation Department, it will remain in its otherwise assigned case management plan and shall be subject to all applicable case management rules and procedures. *See* Rule 3 – Civil Case Management, San Francisco Superior Court Local Rules of Court.

6. Upon the denial of Complex Case Designation, either under paragraph 4 hereof or by specific court order, and no sooner than 60 days after the date of filing the Civil Case Cover Sheet, the Clerk of the Court shall, upon request, refund any fees paid pursuant to California Government Code section 70616(a) or (b). *See* Cal. Gov. Code § 70616(d).

7. This Order does not modify the provisions of Rule 3.403(b), California Rules of Court.

IT IS SO ORDERED.

Dated: October 23, 2007

The Honorable Richard A. Kramer

## What is BASF's Mediation Service?

Mediation is a voluntary, private dispute resolution process in which a trained mediator assists the parties in reaching an outcome that is mutually agreeable.

Mediation Services was established by The Bar Association of San Francisco (BASF) with extensive input from experienced mediators, litigators and judges. This traditional mediation service is an approved alternative to court ordered Arbitration or Early Settlement.

## How Does it Work?

BASF's Mediation Services works quickly, matching a qualified mediator to a case within days. The assignment process is flexible; experienced BASF staff can suggest a mediator, or you can request three biographies to choose from, or request a particular mediator from our Web site.

## How Much Does the Service Cost?

Mediators generously provide one hour of preparation and two hours of session time free of charge as a service to BASF and the community. To qualify for the pro-bono hours, parties must file the Consent to Mediate form with BASF. Hourly fees beyond those three hours vary depending on the mediator selected. BASF charges a small administrative fee, which pays for the costs of running the program.

## Who Can Use the Service?

The service can be utilized by anyone whether or not the dispute has been filed in a court. If a legal action is already underway, it can be used at any time during the litigation process and is not limited to San Francisco County litigants.

## Who Are the Mediators?

Experienced mediation professionals are available to assist in most areas of dispute, ranging from multi-party commercial matters to individuals in conflict. Each has been pre-approved pursuant to strict educational and experience requirements. In fact, our mediators average 15 years mediation experience and 125 hours of formal mediation training.

## More Information

Our Web site - www.sfbar.org/mediation provides photographs, short biographies, and hourly rates of our mediators. You can search by name or by area of law.

If you don't see the area you need in our 30+ panels, just contact us at adr@sfbar.org. It is very likely we can match your need with one of our panelists.

WWW.SFBAR.ORG/MEDIATION • ADR@SFBAR.ORG • 415.982.1600

# MEDIATION SERVICES



## THE BAR ASSOCIATION OF SAN FRANCISCO

PROCEDURES, FORMS, MEDIATOR BIOGRAPHIES AND PHOTOGRAPHS

# vw.sfbar.org/mediation

QUESTIONS?

bar@sfbar.org or 415-982-1600

- Business
- Civil Rights
- Commercial
- Construction
- Contracts
- Disability
- Discrimination
- Education
- Employment/Workplace
- Environmental
- Family
- Fee Disputes
- Financial
- Gay/Lesbian/Bisexual/Transgender Issues
- Government
- Insurance
- Intellectual Property
- Intra-Organizational
- Labor
- Landlord/Tenant
- Land Use
- Malpractice:
- Legal-Medical-Professional
- Partnership Dissolutions
- Personal Injury
- Probate/Trust
- Products Liability
- Real Estate
- Securities
- Taxation
- Uninsured Motorist
- Women's Issues
- And more

# Alternative Dispute Resolution (ADR) Program Information Package

# Alternatives to Trial

# There are other ways to resolve a civil dispute.

**The plaintiff must serve a copy of the ADR information package on each defendant along with the complaint.  (CRC 201.9(c))**

**Superior Court of California
County of San Francisco**

# Introduction

Did you know that most civil lawsuits settle without a trial?

And did you know that there are a number of ways to resolve civil disputes without having to sue somebody?

These alternatives to a lawsuit are known as alternative dispute resolutions (ADR). The most common forms of ADR are mediation, arbitration and case evaluation. There are a number of other kinds of ADR as well.

In ADR, trained, impartial persons decide disputes or help parties decide disputes themselves. These persons are called neutrals. For example, in mediation, the neutral is the mediator. Neutrals normally are chosen by the disputing parties or by the court. Neutrals can help parties resolve disputes without having to go to court.

ADR is not new. ADR is available in many communities through dispute resolution programs and private neutrals.

# Advantages of ADR

ADR can have a number of advantages over a lawsuit.

- *ADR can save time.* A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.

- *ADR can save money.* Court costs, attorneys fees, and expert fees can be saved.

- *ADR can be cooperative.* This means that the parties having a dispute may work together with the neutral to resolve the dispute and agree to a remedy that makes sense to them, rather than work against each other.

- *ADR can reduce stress.* There are fewer, if any, court appearances. And because ADR can be speedier, and save money, and because the parties are normally cooperative, ADR is easier on the nerves. The parties don't have a lawsuit hanging over their heads for years.

- *ADR encourages participation.* The parties may have more chances to tell their side of the story than in court and may have more control over the outcome.

- *ADR is flexible.* The parties can choose the ADR process that is best for them. For example, in mediation the parties may decide how to resolve their dispute.

- *ADR can be more satisfying.* For all the above reasons, many people have reported a high degree of satisfaction with ADR.

Because of these advantages, many parties choose ADR to resolve a dispute, instead of filing a lawsuit. Even when a lawsuit has been filed, the court can refer the dispute to a neutral before the parties' position harden and the lawsuit becomes costly. ADR has been used to resolve disputes even after a trial, when the result is appealed.

## Disadvantages of ADR

ADR may not be suitable for every dispute.

- If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

- There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

- The neutral may charge a fee for his or her services.

- If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

- Lawsuits must be brought within specified periods of time, known as statutes of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

# ALTERNATIVE DISPUTE RESOLUTION PROGRAMS
## Of the San Francisco Superior Court

the policy of the Superior Court that every noncriminal, nonjuvenile
participate either in an early settlement conference, mediation,
ation, early neutral evaluation or some other alternative dispute
ution process prior to a mandatory settlement conference or trial."
erior Court Local Rule 4)

guide is designed to assist attorneys, their clients and self-represented
nts in complying with San Francisco Superior Court's alternative
te resolution ("ADR") policy. Attorneys are encouraged to share this
with clients. By making informed choices about dispute resolution
natives, attorneys, their clients and self-represented litigants may
ve a more satisfying resolution of civil disputes.

an Francisco Superior Court currently offers three ADR programs for
al civil matters; each program is described below:

1) Judicial Arbitration
2) Mediation
3) The Early Settlement Program (ESP) in conjunction with the
   San Francisco Bar Association.

## JUDICIAL ARBITRATION

**ription**

itration, a neutral "arbitrator" presides at a hearing where the parties
nt evidence through exhibits and testimony. The arbitrator applies the
the facts of the case and makes an award based upon the merits of
se. When the Court orders a case to arbitration it is called judicial
ation. The goal of arbitration is to provide parties with an adjudication
earlier, faster, less formal, and usually less expensive than a trial.
stipulation of all parties, other civil matters may be submitted to
l arbitration.

gh not currently a part of the Court's ADR program, civil disputes
so be resolved through private arbitration. Here, the parties

voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## Operation

Pursuant to CCP 1141.11 and Local Rule 4, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. A case is ordered to arbitration after the Case Management Conference. An arbitrator is chosen from the Court's Arbitration Panel. Most cases ordered to arbitration are also ordered to a pre-arbitration settlement conference. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is <u>not</u> binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a court trial within 30 days after the arbitrator's award has been filed.

## Cost

There is no cost to the parties for judicial arbitration or for the pre-arbitration settlement conference.

## MEDIATION

## Description

Mediation is a voluntary, flexible, and confidential process in which a neutral third party "mediator" facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of the dispute after exploring the significant interests, needs, and priorities of the parties in light of relevant evidence and the law.

Although there are different styles and approaches to mediation, most mediations begin with presentations of each side's view of the case. The mediator's role is to assist the parties in communicating with each other, expressing their interests, understanding the interests of opposing parties, recognizing areas of agreement and generating options for resolution. Through questions, the mediator aids each party in assessing the strengths and weaknesses of their position.

...diator does not propose a judgment or provide an evaluation of the ...s and value of the case. Many attorneys and litigants find that ...ation's emphasis on cooperative dispute resolution produces more ...factory and enduring resolutions. Mediation's non-adversarial ...oach is particularly effective in disputes in which the parties have a ...nuing relationship, where there are multiple parties, where equitable ... is sought, or where strong personal feelings exist.

### ...ation

...rancisco Superior Court Local Court Rule 4 **provides three different** ...**ntary mediation programs** for civil disputes. An appropriate program ...ailable for all civil cases, regardless of the type of action or type of ...sought.

...lp litigants and attorneys identify qualified mediators, the Superior ... maintains a list of mediation providers whose training and experience ... been reviewed and approved by the Court. The list of court approved ...ation providers can be found at www.sfgov.org/courts. Litigants are ...mited to mediators on the court list and may select any mediator ...ed upon by all parties. A mediation provider need not be an attorney.

... Rule 4.2 D allows for mediation in lieu of judicial arbitration, so long ...e parties file a stipulation to mediate within 240 days from the date the ...laint is filed. If settlement is not reached through mediation, a case ...eds to trial as scheduled.

### ...te **Mediation**

...Private Mediation program accommodates cases that wish to ...cipate in private mediation to fulfill the court's alternative dispute ...ution requirement. The parties select a mediator, panel of mediators or ...ation program of their choice to conduct the mediation. The cost of ...ation is borne by the parties equally unless the parties agree ...wise.

...es in civil cases that have not been ordered to arbitration may consent ...vate mediation at any point before trial. Parties willing to submit a ...er to private mediation should indicate this preference on the ...lation to Alternative Dispute Resolution form or the Case Management ...ment (CM-110). Both forms are attached to this packet.

**Mediation Services of the Bar Association of San Francisco**

The Mediation Services is a coordinated effort of the San Francisco Superior Court and The Bar Association of San Francisco (BASF) in which a court approved mediator provides three hours of mediation at no charge to the parties. It is designed to afford civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint, in an effort to resolve the matter before substantial funds are expended on the litigation process. Although the goal of the program is to provide the service at the outset of the litigation, the program may be utilized at anytime throughout the litigation process.

The mediators participating in the program have been pre-approved by the court pursuant to strict educational and experience requirements.

After the filing of the signed Stipulation to Alternative Dispute Resolution form included in this ADR package the parties will be contacted by BASF. Upon payment of the $200 per party administration fee, parties select a specific mediator from the list of court approved mediation providers. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waiver of the administrative fee based on financial hardship is available.

A copy of the Mediation Services rules can be found on the BASF website at www.sfbar.org, or you may call BASF at 415-782-9000.

**Judicial Mediation**

The Judicial Mediation program is designed to provide early mediation of complex cases by volunteer judges of the San Francisco Superior Court. Cases considered for the program include construction defect, employment discrimination, professional malpractice, insurance coverage, toxic torts and industrial accidents.

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Coordinator will coordinate assignment of cases that qualify for the program.

## Cost

Generally, the cost of Private Mediation ranges from $200 per hour to $400 per hour and is shared equally by the parties. Many mediators are willing to adjust their fees depending upon the income and resources of the parties. Any party who meets certain eligibility requirements may ask the court to appoint a mediator to serve at no cost to the parties.

The Mediation Services of the Bar Association of San Francisco provides three hours of mediation time at no cost with a $200 per party administrative fee.

There is no charge for participation in the Judicial Mediation program.

## EARLY SETTLEMENT PROGRAM

### Description

The Bar Association of San Francisco, in cooperation with the Court, offers an Early Settlement Program ("ESP") as part of the Court's settlement conference calendar. The goal of early settlement is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of the dispute. The two-member volunteer attorney panel reflects a balance between plaintiff and defense attorneys with at least 10 years of trial experience.

As in mediation, there is no set format for the settlement conference. A conference typically begins with a brief meeting with all parties and counsel, in which each is given an opportunity to make an initial statement. The panelists then assist the parties in understanding and candidly discussing the strengths and weaknesses of the case. The Early Settlement Conference is considered a "quasi-judicial" proceeding and, therefore, is not entitled to the statutory confidentiality protections afforded to mediation.

### Operation

Civil cases enter the ESP either voluntarily or through assignment by the Court. Parties who wish to choose the early settlement process should indicate this preference on the status and setting conference statement.

If a matter is assigned to the ESP by the Court, parties may consult the ESP program materials accompanying the "Notice of the Early Settlement Conference" for information regarding removal from the program.

Participants are notified of their ESP conference date approximately 4 months prior to trial. The settlement conference is typically held 2 to 3 months prior to the trial date. The Bar Association's ESP Coordinator informs the participants of names of the panel members and location of the settlement conference approximately 2 weeks prior to the conference date.

Local Rule 4.3 sets out the requirements of the ESP. All parties to a case assigned to the ESP are required to submit a settlement conference statement prior to the conference. All parties, attorneys who will try the case, and insurance representatives with settlement authority are required to attend the settlement conference. If settlement is not reached through the conference, the case proceeds to trial as scheduled.

Cost

All parties must submit a $250 generally non-refundable administrative fee to the Bar Association of San Francisco. Parties who meet certain eligibility requirements may request a fee waiver. For more information, please contact the ESP Coordinator at (415) 782-9000 ext. 8717.

* * * * * * * * * * * * * * * * * * * *

For further information about San Francisco Superior Court ADR programs or dispute resolution alternatives, please contact:

Superior Court Alternative Dispute Resolution,
400 McAllister Street, Room 103
San Francisco, CA   94102
(415) 551-3876

or visit the Superior Court Website at
http://sfgov.org/site/courts_page.asp?id=3672

10/07 (ja)                                                              Page 9

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
400 McAllister Street, San Francisco, CA  94102-4514

|  |  |
|---|---|
| **Plaintiff** | Case No. _____ |
| v. | **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION** |
| **Defendant** |  |

The parties hereby stipulate that this action shall be submitted to the following alternative dispute resolution process:

☐ **Private Mediation**          ☐ **Mediation Services of BASF**          ☐ **Judicial Mediation**
☐ **Binding arbitration**                                                                         Judge _____
☐ **Non-binding judicial arbitration**                                                       Judge _____
☐ **BASF Early Settlement Program**
☐ **Other ADR process (describe)** _____

Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

_____

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

| Name of Party Stipulating | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|
| ☐ Plaintiff   ☐ Defendant   ☐ Cross-defendant | | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  3/08                    **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional)*:

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:                    Time:                    Dept.:                    Div.:                    Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted jointly by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:

      (3) ☐ have had a default entered against them *(specify names)*:

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint    *(describe, including causes of action)*:

Page 1 of 4

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720–3.730 www.courtinfo.ca.gov |
|---|---|---|

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial   ☐ a nonjury trial   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a. ☐   The trial has been set for *(date):*
b. ☐   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐   days *(specify number):*
b. ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☐ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel ☐ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c. ☐   The case has gone to an ADR process *(indicate status):*

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

The party or parties are willing to participate in *(check all that apply)*:

(1) ☐ Mediation

(2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

(3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

(4) ☐ Binding judicial arbitration

(5) ☐ Binding private arbitration

(6) ☐ Neutral case evaluation

(7) ☐ Other *(specify)*:

☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

**Settlement conference**

☐ The party or parties are willing to participate in an early settlement conference *(specify when)*:

**Insurance**

☐ Insurance carrier, if any, for party filing this statement *(name)*:

Reservation of rights: ☐ Yes ☐ No

☐ Coverage issues will significantly affect resolution of this case *(explain)*:

**Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

☐ Bankruptcy ☐ Other *(specify)*:

Status:

**Related cases, consolidation, and coordination**

☐ There are companion, underlying, or related cases.

(1) Name of case:

(2) Name of court:

(3) Case number:

(4) Status:

☐ Additional cases are described in Attachment 14a.

☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party)*:

**Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

**Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]  **CASE MANAGEMENT STATEMENT**  Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified (*describe all anticipated discovery*):

| Party | Description | Date |
|---|---|---|

c. ☐ The following discovery issues are anticipated (*specify*):

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed (*if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case*):

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference (*specify*):

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court (*if not, explain*):

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following (*specify*):

**21. Case management orders**

Previous case management orders in this case are (*check one*): ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached (*if any*):** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and I possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____            ▶  _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY)

_____            ▶  _____
(TYPE OR PRINT NAME)                               (SIGNATURE OF PARTY OR ATTORNEY)

                                                                      ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2007]                  **CASE MANAGEMENT STATEMENT**                  Page 4 of 4



# Superior Court of California
## County of San Francisco

HON. DAVID BALLATI
PRESIDING JUDGE

# Judicial Mediation Program

JENIFFER B. ALCANTARA
ADR PROGRAM ADMINISTRATOR

The Judicial Mediation program offers mediation of complex civil litigation by a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. Cases that will be considered for participation in the program include, but are not limited to professional malpractice, construction, employment, insurance coverage disputes, mass torts and complex commercial litigation. Judicial mediation offers civil litigants the opportunity to engage in early mediation of a case shortly after filing the complaint in an effort to resolve the matter before substantial funds are expended. This program may also be utilized at anytime throughout the litigation process. The panel of judges currently participating in the program includes:

The Honorable David J. Ballati
The Honorable Anne Bouliane
The Honorable Ellen Chaitin
The Honorable Robert L. Dondero
The Honorable Ernest H. Goldsmith
The Honorable Harold E. Kahn
The Honorable Patrick J. Mahoney
The Honorable Tomar Mason

The Honorable James J. McBride
The Honorable Kevin M. McCarthy
The Honorable John E. Munter
The Honorable Ronald Quidachay
The Honorable A. James Robertson, II
The Honorable John K. Stewart
The Honorable Mary E. Wiss

Parties interested in judicial mediation should file the Stipulation to Alternative Dispute Resolution form attached to this packet indicating a joint request for inclusion in the program and deliver a courtesy copy to Dept. 212. A preference for a specific judge may be indicated. The court Alternative Dispute Resolution Program Administrator will facilitate assignment of cases that qualify for the program.

Note: Space is limited. Submission of a stipulation to judicial mediation does not guarantee inclusion in the program. You will receive written notification from the court as to the outcome of your application.

**Superior Court Alternative Dispute Resolution**
400 McAllister Street, Room 103, San Francisco, CA 94102
(415) 551-3876

10/07 (ja)

1  Arlo Garcia Uriarte, SBN 231764
2  Jason J. Szydlik, SBN 238356
   LIBERATION LAW GROUP
3  2760 Mission Street
   San Mateo, CA 94110
4  Telephone: (415) 695-1000
   Facsimile:  (415) 695-1006
5
6  Jennifer Kramer, SBN 203385
   Judith Wiederhorn, SBN 239885
7  JENNIFER KRAMER LEGAL, APC
   707 Wilshire Blvd., Suite 3600
8  Los Angeles. CA 90017
9  Telephone: (213) 955-0200
   Facsimile: (213) 955-0215
10
11 Attorneys for PLAINTIFFS

12

13            SUPERIOR COURT OF THE STATE OF CALIFORNIA

14               FOR THE COUNTY OF SAN FRANCISCO

15

16 Robert Navarro, on behalf of himself, and on      Case No.    CGC 08   C474610
   behalf of others similarly situated, and the
17 general public,                                    NOTICE OF APPLICATION  AND
                                                      APPLICATION FOR COMPLEX
18              Plaintiffs,                            LITIGATION DESIGNATION
19       vs.
                                                      Hon. Richard A. Kramer
20 Servisair, a Limited Liablility Corporation;       DEPT.: 304
   and DOES 1 through 50, inclusive,
21
22              Defendants.

23

24                    NOTICE AND APPLICATION

25     TO THE COURT AND ALL PARTIES:

26  PLEASE TAKE NOTICE THAT Plaintiff Robert Navarro will and hereby does apply for an

27  order designating this matter as complex pursuant to California Rule of Court 3.400 *et seq.* and

28

                                          1

1    the San Francisco Local Uniform Rules. This Application will be based on this Notice of

2    Application, the Memorandum of Points and Authorities appended hereto, the complaint, the

3    records on file in this case, and on any matters of which the Court may or must take notice.

4

5    ## MEMORANDUM OF POINTS AND AUTHORITIES

6    ### I.    INTRODUCTION

7        This case has been provisionally designated as complex because it encompasses claims

8    involving a class action. Rule 3.400(c)(6), *California Rules of Court*. Plaintiff Robert Navarro

9    ("Plaintiff") seeks recovery for himself and his co-workers for the 'wage and hour' type

10   violations pled in Plaintiffs' Complaint. This is the type of case which requires complex case

11   management to avoid placing unnecessary burdens on the Court and litigants and to expedite the

12   case, keep costs reasonable and promote effective decision making by the Court, the Parties and

13   counsel.

14       As discussed below, as with any class action, this case has the potential to involve

15   numerous pretrial motions raising difficult or novel legal issues which could be time-consuming

16   to resolve. These issues include whether class certification is appropriate, whether individual

17   releases preclude some or all of the claims, and how to effectively and efficiently try this case.

18   This case will also require the management of a large number of witnesses and a substantial

19   amount of documentary evidence. This case also may require post-trial judicial supervision if

20   Plaintiff prevail, including judicial involvement and oversight of the procedures for resolving

21   claims and distributing back wages and other compensation.

22

23       Plaintiff's counsel request that pursuant to Rule 3.400 *et seq.*, *California Rules of Court*,

24   this case should be designated as complex.

25   ### II.    BACKGROUND

26       Plaintiff has filed an action seeking back wages and related damages resulting from

27   Defendants' illegal payroll and timekeeping practice resulting in over 200 workers not receiving,

28   all their actual hours worked, overtime compensation and meal period compensation. Plaintiff

2

1  allege that Defendants engaged in the intentional and illegal practice of not recording actual

2  hours worked and not providing accurate wage statements, thereby withholding wages belonging

3  to Plaintiff.

4       The putative class members are California airport workers who worked as ramp

5  employees, cabin cleaners, fuelers and other job classifications for Servisair LLC.   The proposed

6  class or sub-classes which the Plaintiff seeks to represent is composed of Defendant's current

7  and former employees within the State of California who were classified as non-exempt, hourly

8  employees. The central question in this litigation is whether Defendants engaged in a systematic

9  and company wide practice of deducting one hour from employee's work hours without regard to

10  the actual hours worked by each employee.

11       As of the filing of this Application, Defendants have not yet filed a responsive pleading.

12  ### III.  ARGUMENT

13       The claims pled in Plaintiff's Complaint involve the interests of many individuals.  As a

14  result, the claims, issues and needs of this litigation, both during the litigation and afterwards

15  should Plaintiff establish liability, are complex, for which complex case designation is

16  appropriate.  Plaintiff thus requests that the Court designate this case complex pursuant to the

17  Rule 3.400 *et seq.*, *California Rules of Court* and Local Rule 2.30(C).

18

19  A.  **This Case Should Be Designated as Complex Because It is Anticipated that**

20       **Difficult Factual & Legal Issues May Have to Necessitate The Court's**

21       **Intervention by way of Pre-Trial Management & Supervision.**

22       The ensuing litigation will seek to establish that Defendants illegally withheld one hour

23  of compensation from each employee regardless of their actual hours worked.  Plaintiff will also

24  seek evidence to establish that Defendants' illegal payroll and timekeeping practice resulted in

25  Defendant's failure to pay overtime compensation.

26       Flowing from these issues, this case could raise potentially complex issues that may

27  concern an examination of voluminous records and many witnesses.

28     •  how to calculate lost wages in a case where the putative class members were paid one

3

hour less each workday regardless of their actual hours worked and when meal periods were not recorded;

- whether defendans engaged in systematically withholding wages, including overtime compensation to all of its California employees;

- whether Defendant failed to provide proper off-duty meal periods;

- whether Defendants failed to compensate employees one hour compensation for improper or missed meal periods;

- whether Defendant's conduct entitles former employees to an award of waiting time penalties under *Labor Code* § 203;

- what additional remedies are available under *Business & Professions Code* § 17200 *et seq.*;

- whether the releases signed by some class members are valid; and

- whether to certify this as a class action.

At present the parameters of the represented group are unknown, but Plaintiff estimates that the number could top 200 or more. Leading up to the class certification motion, in class cases, there are generally numerous discovery issues to be worked through including: (1) the order of discovery pre- and post-class certification; (2) the production of documents and information the Defendant could assert are proprietary; and (3) the disclosure of information about and from the class members. While counsel will strive to avoid bringing these issues before the court, it may be that the court will need to resolve discovery issues.

Should a class be certified, how the case is to be tried will necessitate significant judicial oversight. "Courts seeking to preserve efficiency and other benefits of class actions routinely fashion methods to manage individual questions. For decades, this court has urged trial courts to be procedurally innovative in managing class actions, and the trial court has an obligation to consider the use of innovative procedural tools proposed by a party to certify a manageable class." *Sav-On Drug Stores v. Superior Court* (2004) 34 Cal.4th 319, 340. Fashioning the most efficient and fairest method of trying this case will require judicial management not typically

4

1   seen in single-plaintiff actions.

2       These factors favor designation of this case as complex.

3     **B.**   **This Case Should Be Designated as Complex Because It Involves**

4         **Management of a Substantial Amount of Documentary and Electronic**

5         **Evidence**

6     Litigating this case will require the analysis of the class members' schedules, aircraft

7   scheduling and testimonial recreation of work hours performed. As such, Plaintiff anticipates the

8   management of a large number of witnesses will be required, whether through survey evidence,

9   direct testimony, or some other method. This weighs in favor of complex designation pursuant

10   to Rule 3.400(b)(2), *California Rules of Court.*

11     **C.**   **This Case Should Be Designated as Complex Because It Is Likely to Require**

12         **Substantial Post-Judgment Judicial Supervision if Plaintiff Were to Prevail**

13     In addition to the legal and factual complexity on the merits, discussed above, assuming

14   liability is established, the nature of Plaintiff' requested relief may require that the Court

15   maintain an active role in the determination, formulation and collection and distribution of any

16   judgment entered against Defendants. *See* Rule 3.400(b)(5), *California Rules of Court.*

17

18     As a general matter, the class claims involve an estimated 100 employees or more, for

19   which damages and equitable relief would have to be established, calculated and administered

20   individually. In addition, Plaintiff will also potentially seek an order declaring null and void

21   certain provisions of any release signed by any class member determined to be entitled to an

22   award of damages, which could raise a host of additional issues related to post-judgment

23   management by the Court.

24     The mere fact that the requested relief will require active participation by the Court

25   makes this matter complex. Moreover, because the relief requested involves potentially a

26   hundred or more past and present employees, the task of monitoring claims for damages and

27   equitable relief and entitlement thereto and claims for penalties and entitlement thereto, as well

28   as the release issues discussed above, may require additional significant judicial involvement.

5

**APPLICATION FOR COMPLEX LITIGATION DESIGNATION**

1 | Rule 3.400(b)(5), *California Rules of Court*.

2 | **IV.    CONCLUSION**

3 | For the reasons discussed above, Plaintiff requests that the Court designate this case

4 | complex and set this matter for a Complex Hearing Determination Hearing to discuss in detail all

5 | of the matters raised in this motion.

6 |

7 | DATED: *4 - 2 4 - 0 8*                    LIBERATION LAW GROUP

8 |

9 |

10 | By: _____

11 | Arlo Garcia Uriarte
   | Attorneys for Plaintiffs

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

6

**APPLICATION FOR COMPLEX LITIGATION DESIGNATION**

# Exhibit B

1   REBECCA EISEN, State Bar No. 096129
    JENNIFER SVANFELDT, State Bar No. 233248
2   MORGAN, LEWIS & BOCKIUS, LLP
    One Market, Spear Street Tower
3   San Francisco, CA 94105-1126
    Tel: 415.442.1000
4   Fax: 415.442.1001
    reisen@morganlewis.com
5   jsvanfeldt@morganlewis.com

6   JILL A. PORCARO, State Bar No. 190412
    MORGAN, LEWIS & BOCKIUS LLP
7   300 South Grand Avenue, 22nd Floor
    Los Angeles, CA 90071
8   Tel: 213.612.2500
    Fax: 213.612.2501
9   jporcaro@morganlewis.com

10  Attorneys for Defendant
    SERVISAIR, LLC

11

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

MAY 2 9 2008

GORDON PARK-LI, Clerk
BY: ____ BERNADETTE THOMPSON
                    Deputy Clerk

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                     COUNTY OF SAN FRANCISCO

14

15  ROBERT NAVARRO,                      Case No. CGC-08-474610

16                 Plaintiff,            **DEFENDANT SERVISAIR, LLC'S
                                         ANSWER TO PLAINTIFF'S UNVERIFIED**
17        vs.                            **COMPLAINT**

18  SERVISAIR, LLC,

19                 Defendant.

20

21        Defendant Servisair, LLC ("Defendant") for itself and for no other defendant, by and

22  through its undersigned counsel, hereby answers the allegations contained in the unverified

23  Complaint brought by Robert Navarro ("Plaintiff"), individually, and purportedly by and on

24  behalf of all others similarly situated, as follows:

25          **GENERAL DENIAL TO THE ALLEGATIONS OF THE COMPLAINT**

26        Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant denies

27  generally each and every allegation of the unverified Complaint.  Defendant further denies that

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                          CASE NO. CGC-08-474610

1    the named Plaintiff, or any putative member of the purported class, have been damaged in any

2    sum or sums.

### RELIEF SOUGHT

4    Defendant denies that the named Plaintiff or any putative member of the purported class,

5    are entitled to any type of remedy, relief or damages of any kind, including the relief requested in

6    their prayer for relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

10    1.    The Complaint and each alleged cause of action contained therein fails to state a

11    cause of action upon which relief can be granted against Defendant.

### SECOND AFFIRMATIVE DEFENSE
### (Uncertainty –Class Allegations)

14    2.    Plaintiff's claims, and the claims of each putative member of the class as set forth

15    in the Complaint, are barred in whole or in part because the Complaint is uncertain in that the

16    purported class definition is overbroad, ambiguous and lacking in ascertainability.

### THIRD AFFIRMATIVE DEFENSE
### (Not Appropriate For Class Action)

19    3.    The named Plaintiff lacks standing and cannot represent the interests of others as

20    to each of the purported causes of action.

### FOURTH AFFIRMATIVE DEFENSE
### (Individual Questions Predominate)

23    4.    The types of claims alleged by the named Plaintiff on behalf of himself and the

24    alleged class, the existence of which is expressly denied, are matters in which individual

25    questions predominate and, accordingly, are not appropriate for class treatment.

26    ///

27    ///

28    ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                2                    CASE NO. CGC-08-474610

1

## FIFTH AFFIRMATIVE DEFENSE
### (Claims Are Not Common Or Typical)

2

3      5.      The claims alleged by the named Plaintiff are neither common to nor typical of

4      those, if any, of the alleged class Plaintiff purports to represent, the existence of which is

5      expressly denied.

6

## SIXTH AFFIRMATIVE DEFENSE
### (The Named Plaintiff Is Not An Adequate Representative)

7

8      6.      The Complaint fails to the extent it asserts a class action, because Plaintiff is not

9      an adequate representative of the purported class.

10

## SEVENTH AFFIRMATIVE DEFENSE
### (Superiority)

11

12      7.      The Complaint fails to the extent it asserts a class action because a class action is

13      not superior.

14

## EIGHTH AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

15

16      8.      Certification of a class would constitute a denial of Defendant's due process rights

17      in violation of the Fourteenth Amendment to the United States Constitution and the California

18      Constitution.

19

## NINTH AFFIRMATIVE DEFENSE
### (Statutes of Limitations)

20

21      9.      Plaintiff's claims, and the claims of each putative member of the purported class

22      defined in the Complaint, are barred in whole or in part by applicable statutes of limitations,

23      including, but not limited to, the California Code of Civil Procedure Sections 338 and 340 and

24      California Business and Professions Code Section 17208.

25      ///

26      ///

27      ///

28      ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED          3          CASE NO. CGC-08-474610
COMPLAINT

**TENTH AFFIRMATIVE DEFENSE**
**(Collateral Estoppel/Res Judicata)**

10.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred in whole or in part by the doctrines of collateral estoppel and/or res judicata.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(Waiver)**

11.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Accord and Satisfaction and Payment)**

12.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(Release Through Prior Settlement Agreement)**

13.    To the extent that Plaintiff or any putative class member entered into any individual settlement agreement, or was covered by and did not opt out of the terms of one or more prior class action settlements involving Defendant, any such individual has released some or all of the claims alleged in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(Laches)**

14.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                        4                    CASE NO. CGC-08-474610

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

15.    Plaintiff's claims, and the claims of each putative member of the purported class, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Lack of Standing)

16.    The named Plaintiff lacks standing to bring claims brought under the California Labor Code and California Business and Professions Code because he and/or the putative class members did not suffer the injuries alleged in the Complaint. The prosecution against Defendant of an action in these circumstances would constitute a denial of its due process rights in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Excessive Fines)

17.    To the extent the claims of the Plaintiff and the class he purports to represents seek to recover civil penalties that are disproportionate to the actual harm suffered, if any, including but not limited to civil penalties under Labor Code Section 226(e), an award of civil penalties under the circumstances of this case would constitute an excessive fine and otherwise would be in violation of Defendant's due process and other rights under the United States and California Constitutions.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Adequate Remedy At Law)

18.    Plaintiff's cause of action and those of the putative members of the purported class defined in the Complaint brought pursuant to California Business and Professions Code Section 17200 is barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

///

///

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                                        5                    CASE NO. CGC-08-474610

**NINETEENTH AFFIRMATIVE DEFENSE**
**(Setoff and Recoupment)**

19.    To the extent Plaintiff or any putative members of the purported class defined in the Complaint have sustained any damages, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class members owed to Defendant against any judgment that may be entered against Defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**
**(Conduct Reasonable and In Good Faith/Not Willful)**

20.    If Defendant is found to have failed to pay Plaintiff and any putative member of the purported class defined in the Complaint, any amount due, or failed to comply with applicable California laws relating to meal and rest breaks, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with California's wage and hour laws.  Consequently, Defendant's conduct was not willful within the meaning of the California Labor Code.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**
**(Conflict of Interests)**

21.    Certain of the interests of putative members of the proposed class are in conflict with the interests of other putative members of the alleged class of persons which Plaintiff purports to represent, the existence of which is expressly denied.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**
**(Irreparable Harm)**

22.    Plaintiff's claims for injunctive, declaratory, or other equitable relief, and the claims of the putative class members of the purported class as defined in the Complaint, are barred in light of the fact that Plaintiff and the putative class members have not suffered and will not suffer irreparable harm due to any alleged conduct of Defendant.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                    6                    CASE NO. CGC-08-474610

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Failure to State a Claim Under California Business and Professions Code §§ 17200 *et. seq.*)

23.    Plaintiff and the putative class members of the purported class as defined in the Complaint have no private right of action under California Business and Professions Code sections 17200, *et. seq.* because Plaintiff and the putative class members have not suffered injury in fact and have not lost money or property as a result of any alleged unfair competition.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies and Procedures)

24.    Plaintiff's statutory claims, and the claims of each putative member of the purported class defined in the Complaint, are barred to the extent they failed to exhaust internal and/or administrative remedies or procedures under the collective bargaining agreement.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Business Justification/Good Faith)

25.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are barred because Defendant's actions were business decisions justified by legitimate business motives, purposes and reasons and were made in good faith.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Labor Management Relations Act Preemption)

26.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are completely preempted by Section 301 of the Labor Management Relations Act (29 U.S.C. § 185) because resolution of Plaintiff's state law claims requires interpretation of a collective bargaining agreement and substantially depends upon an analysis of a collective bargaining agreement.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Railway Labor Act Preemption)

27.    Plaintiff's claims, and the claims of each putative member of the purported class defined in the Complaint, are completely preempted by the Railway Labor Act (45 U.S.C. section 151 *et seq.*) because resolution of Plaintiff's state law claims requires interpretation and/or

1  application of a collective bargaining agreement.

2  ### TWENTY-EIGHTH AFFIRMATIVE DEFENSE
   ### (Airline Deregulation Act Preemption)

3

4      28.    Plaintiff's statutory claims, and the claims of each putative member of the

5  purported class defined in the Complaint, are completely preempted by the Airline Deregulation

6  Act (49 USC § 41713 *et seq.*).

7

8  ### RESERVATION OF RIGHTS

9      Defendant reserves the right to assert such additional affirmative defenses that may appear

10  and prove applicable during the course of this litigation.

11      **WHEREFORE**, the Defendant prays for judgment as follows:

12      1.    The Plaintiff takes nothing by the Complaint;

13      2.    That judgment be entered against Plaintiff and in favor of the Defendant;

14      3.    That Defendant be awarded attorneys' fees incurred herein;

15      4.    That Defendant be awarded costs of suit herein; and

16      5.    For such other and further relief as the Court deems just and proper.

17  Dated: May 29, 2008                  MORGAN, LEWIS & BOCKIUS LLP
                                         REBECCA EISEN

18

19                                   By _____

20                                        Rebecca Eisen

21                                        Attorneys for Defendant
                                         SERVISAIR, LLC

22

23  1-SF/7707917.1

24

25

26

27

28

DEFENDANT'S ANSWER TO UNVERIFIED
COMPLAINT                  8                CASE NO. CGC-08-474610

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 29, 2008, I served the within document(s):

DEFENDANT SERVISAIR, LLC'S ANSWER TO PLAINTIFF'S
UNVERIFIED COMPLAINT

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Arlo Garcia Uriarte | Jennifer Kramer |
| Jason J. Szydlik | Judith Wiederhorn |
| LIBERATION LAW GROUP | JENNIFER KRAMER LEGAL, APC |
| 2760 Mission Street | 707 Wilshire Boulevard, Suite 3600 |
| San Francisco, CA 94110 | Los Angeles, CA 90017 |
| Telephone: 415.695.1000 | Telephone: 213.955.0200 |
| Facsimile: 415.695.1006 | Facsimile: 213.955.0215 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 29, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Antonia M. Lee

1-SF/7709102.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

()

## PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 29, 2008, I served the within document(s):

SERVISAIR, LLC'S NOTICE OF REMOVAL OF ACTION TO
THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

| | |
|---|---|
| Arlo Garcia Uriarte | Jennifer Kramer |
| Jason J. Szydlik | Judith Wiederhorn |
| LIBERATION LAW GROUP | JENNIFER KRAMER LEGAL, APC |
| 2760 Mission Street | 707 Wilshire Boulevard, Suite 3600 |
| San Francisco, CA 94110 | Los Angeles, CA 90017 |
| Telephone: 415.695.1000 | Telephone: 213.955.0200 |
| Facsimile: 415.695.1006 | Facsimile: 213.955.0215 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 29, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Antonia M. Lee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7709248.1

0

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California  94105-1126.

On May 30, 2008, I served the within document(s):

NOTICE TO STATE COURT AND PLAINTIFF OF REMOVAL OF ACTION TO the UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐   by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

Arlo Garcia Uriarte
Jason J. Szydlik
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA  94110
Telephone:  415.695.1000
Facsimile:  415.695.1006

Jennifer Kramer
Judith Wiederhorn
JENNIFER KRAMER LEGAL, APC
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA  90017
Telephone:  213.955.0200
Facsimile:  213.955.0215

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 30, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_____
Antonia M. Lee

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

0