1  Arlo Garcia Uriarte, SBN 231764
2  Jason J. Szydlik, SBN 238356
   LIBERATION LAW GROUP
3  2760 Mission Street
   San Mateo, CA 94110
4  Telephone: (415) 695-1000
5  Facsimile:  (415) 695-1006

6
   Jennifer Kramer, SBN 203385
7  Judith Wiederhorn, SBN 239885
   JENNIFER KRAMER LEGAL, APC
8  707 Wilshire Blvd., Suite 3600
9  Los Angeles, CA 90017
   Telephone: (213) 955-0200
10 Facsimile: (213) 955-0215

11
12 Attorneys for PLAINTIFF
   Robert Navarro
13

14              **UNITED STATES DISTRICT COURT**

15              **NORTHERN DISTRICT OF CALIFORNIA**

16

17 | Robert Navarro, on behalf of himself, and on behalf of others similarly | **Case Number: CV-08-2716-MHP** |

18 situated, and the general public,          Assigned to Hon. Marilyn Hall Patel

19              Plaintiffs,                    **PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND**
20        vs.

21                                             San Francisco County Superior Court, Case No. CGC0847460
22 Servisair, a Limited Liability
   Corporation; and DOES 1 through 50,
   Inclusive,                                 [CLASS ACTION]
23

24              Defendants.                    Date:      August 4, 2008
                                               Time:      2:00 p.m.
25                                             Place:     Courtroom 15

26
                                               Removal Date: May 29, 2008
27

28

_____
PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

1      Plaintiff Robert Navarro respectfully opposes removal of this action and

2   asserts that remand of this matter to state court is proper, and therefore, respectfully

3   requests this Court remand the matter to state court.  Plaintiff provides this request

4   for remand pursuant to 28 U.S.C. § 1447(c).

## I.      INTRODUCTION

6      Defendant Servisair, LLC removed this action based on: (1) federal question

7   jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity of citizenship under 28

8   U.S.C. § 1332 and the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. §

9   1453.

10      Defendant's stated basis for removal are each inadequately pled:

11   –   Federal Question Jurisdiction:  Defendant has failed to demonstrate

12       preemption of state law claims by the Labor Management Relations Act

13       ("LMRA") and the Railway Labor Act ("RLA") which requires a showing

14       that the claims pled will require **interpretation** of a collective bargaining

15       agreement.

16   –   Federal Question Jurisdiction:  Defendant has failed to demonstrate

17       preemption of state law claims by the Airline Deregulation Act ("ADA")

18       which requires a showing that the claims pled will result in the regulation

19       of the rates, routes or services of any air carrier.

20   –   Diversity Jurisdiction: Defendant has failed to demonstrate that each

21       member of Servisair, LLC is not a citizen of California and has provided

22       no factual basis for concluding that Plaintiffs amount in controversy

23       exceeds $75,000 or that the class claims exceed $5,000,000.

24      Accordingly, this action should be remanded to state court.

## II.     STATEMENT OF RELEVANT PACTS AND PROCEDURAL
##         HISTORY

27      Plaintiff Robert Navarro filed the class action complaint on April 24,2008.

28   (A true and correct copy of the original complaint is attached as Exhibit A to the

PLAINTIFF'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

1  Declaration of Jennifer Kramer ["Kramer Decl."] ¶ 2).  All of the putative class

2  members, as defined in the complaint, were employed in California. Id.  All of the

3  claims pled in the complaint seek relief pursuant to the *California Labor Code.* Id.

4  Plaintiff pleads claims for: (1) unpaid wages; (2) missed meal periods; (3) unpaid

5  overtime wages; (4) unlawful deductions from wages; (5) improper wage

6  statements; (6) waiting time penalties; and (7) restitution of unpaid wages under

7  California's Unfair Competition Act. Id.

8      Defendant filed its answer on May 29, 2008. Defendant removed this action

9  from the San Francisco County Superior Court to the Northern District of California

10  on May 29,2008.  (Kramer Decl. ¶ 3.)

11 **III.    ARGUMENT**

12      **A.    The Ninth Circuit Applies A Strong Presumption *Against***

13          **Removal.**

14      The Ninth Circuit has consistently held that removal statutes are to be strictly

15  construed against removal jurisdiction, and that federal jurisdiction must be rejected

16  if there is any doubt as to the right of the removal in the first instance.  See, Gaus v.

17  Miles, Inc. (9th Cir. 1992) 980 F.2d 564, 566, citing Libbhart v. Santa Monica Diary

18  Co. (9th Cir. 1979) 592 F.2d 1062, 1067.

19      The removal statute is strictly construed against removal jurisdiction, and the

20  burden of establishing federal jurisdiction falls on the defendant.  Mangini v. F.R.

21  Reynolds Tobacco Co. (N.D. Ca. 1992)793 F. Supp 925,927, citing Etheridpe v.

22  Harbor House Restaurant (9th Cir. 1988)861 F.2d 1389, 1393.  Any doubts as to

23  jurisdiction are resolved in favor of remand, since lack of federal jurisdiction would

24  make litigating the disputed matter in federal court a futile effort.  Gaus v. Miles,

25  Inc., supra, 980 F.2d at 566.

26      The strong presumption against removal jurisdiction applies to removals

27  based on the applicability of CAFA.  See Sneddon v. Hotwire, Inc. (N.D. Cal. Sept.

28  8,2005) No. C-05-2798 MMC, 2005 U.S. Dist. LEXIS 13257.  Moreover, the Ninth

1    Circuit recently held "that under CAFA the burden of establishing removal

2    jurisdiction remains, as before, on the proponent of federal jurisdiction." <u>Abrego v.</u>

3    <u>Dow Chemical Co.</u> (9th Cir. 2006) 443 F.3d 676.

4         **B.    Defendant Has Not Meet Its Burden to Establish Federal Question**

5               **Jurisdiction Applies.**

6                  **1. Preemption Pursuant to the LMRA and RLA Requires a**

7                     **Demonstrable Need to Interpret the CBA.**

8         Defendant has failed to meet its burden for removal jurisdiction based on a

9    federal question.  Defendant relies upon the fact that Plaintiff's employment with

10   Defendant was subject to a collective bargaining agreement ("CBA").  Defendant

11   alleges that the CBA is governed by the Labor Management Relations Act

12   ("LMRA") and the Railway Labor Act ("RLA").

13        However, the scope of LMRA and RLA preemption depends on is whether

14   resolution of the state law claim requires a court to construe a provision of the CBA.

15   <u>Lingle v. Norge Div. of Magic Chef, Inc.</u> (1988) 486 U.S. 399,412 ("[A]n

16   application of state law is preempted by [the LMRA]…only if such application

17   requires the interpretation of a collective bargaining agreement."]; <u>Allis-Chalmers</u>

18   <u>Corp. v. Lueck</u> (1985) 471 U.S. 202,213 [state law claims must be "inextricably

19   intertwined with consideration of the terms of the labor contract"]; <u>Livadas v.</u>

20   <u>Bradshaw</u> (1994) 512 U.S. 107, 124 ["[T]he bare fact that a collective bargaining

21   agreement will be consulted in the course of state-law litigation plainly does not

22   require the claim to be extinguished."]; <u>Hawaiian Airlines, Inc. v. Norris</u> (1994) 512

23   U.S. 246,263 ["[T]he common purposes of the [LMRA and RLA]…and the

24   desirability of having a uniform common law of labor law pre-emption…support the

25   application of the <u>Lingle</u> standard in RLA cases as well."].

26        Neither the LMRA nor the RLA preempt state law claims that are

27   independent of the CBA.  <u>Lingle, supra,</u> 486 U.S. at p. 410 [a claim is

28   "independent" if it can be resolved without interpreting the CBA]; <u>Cramer v.</u>

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

1  Conxolodated Freightways, Inc. (2001) 255 F.3d 683, 691 [To determine wither or

2  not a state law claim is preempted the "plaintiffs claim is the touchstone for this

3  analysis; the need to interpret the CBA must inhere in the nature of the plaintiffs

4  claim."].  Defendant provided an insufficient factual basis in its removal petition

5  that the resolution of Plaintiffs claims will require the ***interpretation*** of the CBA.

6  Defendant has failed to give this Court the tools necessary to determine whether

7  interpretation of the CBA will be required to resolve Plaintiff's claims.  As such,

8  Defendant has not met its burden to establish federal question jurisdiction exists.

9        Further the LMRA and RLA do not preempt claims to vindicate non-

10  negotiable state law rights that cannot be bargained away in a CBA.  Miller v.

11  AT&T Network Systems (9th Cir. 1988) 850 F.2d 543, 545-547; see also, Livadas,

12  supra, 512 U.S. 107, 125 [LMRA does not preempt an employees claim related to

13  the late payment of wages under *California Labor Code* § 203]; Valles v. Ivy Hill

14  Corp. (9th Cir. 2005) 410 F.3d 1071, 1081 [California's statutorily guaranteed meal

15  periods are not subject to waiver by a collective bargaining agreement]; Cicairos v.

16  Summit Logistics (2005) 133 Cal.App.4[th] 949, 959-960, [California's statutorily

17  protected rest periods and itemized wage statements were not subject to waiver by a

18  collective bargaining agreement]; Zavala v. Scott Brothers Dairy, Inc. (2006) 143

19  Cal.App.4[th] 585, 594 [California's "rest period and wage stub itemization

20  requirements are specifically nonwaivable and nonabridgeable by contract"].

21  Defendant has provided an insufficient factual basis in its removal petition that the

22  statutory rights sought to be enforced by Plaintiff are waivable or have been

23  abridged by the CBA.

24        No federal question jurisdiction exists because Plaintiffs claims are not

25  preempted by the LMRA or RLA.

26

27

28

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

**2. Preemption Pursuant to the ADA Requires State Law Claims Regulating Rates, Routes or Services of Air Carriers.**

Finally, as a last effort to support federal question jurisdiction, Defendant strangely relies upon the Airline Deregulation Act ("ADA") which prohibits states from "enacting or enforcing any law...relating to rates, routes or services of any air carrier." 49 U.S.C. § 41713(b)(1); <u>see also</u>, <u>Morales v. Trans World Airlines, Inc.</u> (1992) 504 U.S. 374, 386-387 [state law regulating advertising of airline fairs held preempted]; <u>American Airlines, Inc. v. Wolens</u> (1995) 513 U.S. 219,222 [state consumer fraud law regulating airline business practices held preempted].

None of the *California Labor Code* statutes at issue on their face regulates the rates, routes or services of any air carrier.  The sole case cited as authority by Defendant, <u>In re JetBlue Ainvays Corp. Privacy Litigation</u> (E.D.N.Y 2005) 379 F.Supp.2d 299, 315-316, does not hold that "the ADA preempts actions to enforce state wage and hour laws and claims brought under California Unfair Business Practices Act," as asserted by Defendant. <u>See</u>, <u>Servisair, LLC's Notice of Removal of Action to United States District Court for the Northern District of California</u> at p. 11:21-24.[1]  The standard applied in that case was that "a claim is preempted if application of the state rule of decision would have a significant economic effect upon airline rates, routes, or services." <u>In re JetBlue Ainvays</u>, <u>supra</u>, 379 F.Supp. at p. 315.  Defendant has made no showing that the application of California's wage laws to Servisair's business would have a significant economic effect upon airline rates, routes, or services.  Plaintiff's claims have no bearing on the economic aspects of the airline industry. Thus, Defendant has failed to meet its burden of establishing federal question jurisdiction through the preemption of the ADA.

---

[1] <u>In re JetBlue Airways</u>, <u>supra</u>, 379 F.Supp. at pp. 316-317, held that the state law based privacy claims of airline passengers following the disclosure of passenger data for use in a military base security study were preempted by the ADA.

PLAINTIFF'S  MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

**C.    Defendant Has Failed To Establish Diversity Jurisdiction.**

Defendant has failed to overcome the strong presumption against removal jurisdiction by failing to establish diversity jurisdiction both under CAFA and under the traditional requirements of diversity jurisdiction.

**1.  Defendant Provides An insufficient factual basis That Each Member of Servisair is Diverse**

Defendant Servisair, LLC removed this action from the San Francisco County Superior Court and asserts that jurisdiction exists because Plaintiff Robert Navarro has a different citizenship than Defendant.  See, 28 U.S.C. §§ 1332 and 1453; Owen Equip. & Erection Co. v. Kroger (1978) 437 U.S. 365,373.

Federal courts have subject matter jurisdiction only over matters authorized by the Constitution and Congress.  Bender v. Williamsport Area School District (1986) 475 U.S. 534, 541.  Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants. *See* 28 U.S.C. §§ 1332 and 1453.  Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a).  An action may be remanded to state court if the federal court lacks subject matter jurisdiction.  28 U.S.C. § 1447(c).  "The removal statute is strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand."  Hofler v. Aetna US Healthcare of California, Inc. (9th Cir. 2002) 296 F.3d 764,767.

"The burden of establishing federal jurisdiction is on the party seeking removal…."  Prize Frize, Inc. v. Matrix (U.S.), Inc. (9th Cir. 1999) 167 F.3d 1261, 1265.  As the party seeking to invoke this court's jurisdiction, Defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland (9th Cir. 1986) 792 F.2d 925, 927.  Diversity jurisdiction must appear on the face of the pleading.  Rockwell International Credit Corp. v. United States Aircraft Insurance Group (9th Cir. 1987) 823 F.2d 302, 304 [noting that neither the removal petition nor the record indicated

1 diversity of the parties]. *See also* <u>Fifty Associates v. Prudential Insurance Company</u>
2 <u>of America</u> (9th Cir. 1990) 446 F.2d 1187 (citizenship of each member of an
3 unincorporated association must be alleged to establish diversity jurisdiction).

4          Defendant is a limited liability company.  The citizenship of a limited liability
5 company or other unincorporated entity is the citizenship of its members.  *See*
6 <u>Johnson v. Columbia Properties Anchorage, LP</u> (9th Cir. 2006) 437 F.3d 894,899
7 ["[L]ike a partnership, an LLC is a citizen of every state of which its
8 owners/members are citizens."); <u>Marseilles Hydro Power, LLC v. Marseilles Land</u>
9 <u>and Water Co.</u> (7th Cir. 2002) 299 F.3d 643, 652 ["[T]he relevant citizenship [of an
10 LLC] for diversity purposes is that of the members, not of the company."];
11 <u>Handelsman v. Bedford Village Assocs., Ltd. Partnership</u> (2nd Cir. 2000) 213 F.3d
12 48, 51-52 ["[A] limited liability company has the citizenship of its membership."];
13 <u>Cosgrove v. Bartolotta</u> (C.D. Cal. 2002) 223 F.Supp.2d 1089, 1101 ["A limited
14 liability company…is treated like a partnership for the purpose of establishing
15 citizenship under diversity jurisdiction."].

16          The Notice of Removal's allegation that Defendant "is a citizen of Delaware
17 and Texas for the purpose of determining diversity" does not identify its members or
18 allege facts about their citizenship.  As a result, the Notice of Removal fails to allege
19 facts sufficient to establish the LLC's citizenship or demonstrate the existence of
20 diversity jurisdiction.  Sufficient facts must be alleged to determine the parties'
21 citizenship.  Without more, the mere allegation that an LLC is a citizen of a certain
22 state amounts to a conclusion of law. <u>Fifty Associates</u>, <u>supra</u>, 446 F.2d at p. 1190.

23          Plaintiff requests the Court remand this action to the San Francisco County
24 Superior Court.  *See* 28 U.S.C. § 1447(c).

25          **2. Defendant Provides An insufficient factual basis That Class**
26             **Claims Exceed $5,000,000.**

27          Defendant has utterly failed to provide *any* supporting factual basis for any of
28 the factual contentions it makes to establish diversity jurisdiction in this action.

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND

1  Defendant asserts in its Notice of Removal that this Court has removal jurisdiction

2  based on 28 U.S.C. § 1332(d)(2), which requires in pertinent part that the amount in

3  controversy exceed $5,000,000.  As mentioned above, the burden of establishing

4  removal jurisdiction under CAFA remains on the defendant.  Abrego v. Dow

5  Chemical Co., supra, 443 F.3d 676.  To meet this burden, a defendant must provide

6  admissible evidence establishing that it is "more likely than not" that the amount in

7  controversy requirement has been met.  Valdez v. Allstate Ins. Co., 372 F.3d 1115,

8  1117 (9th Cir. 2004) [allegations "on information and belief' in removal notice that

9  amount in controversy "exceeds $75,000" held not sufficient].  Some courts require

10 the parties to submit "summary judgment type" evidence (affidavits or declarations)

11 relevant to the amount in controversy at the time of removal.  Singer v. State Farm

12 Mut. Auto. Ins. Co. (9th Cir. 1997) 116 F.3d 373,377.

13      Defendant's Notice of Removal purports to calculate the plaintiff-class's

14 potential damages.  Notice of Removal at p. 5:12-6:18.  However, Defendant's

15 calculations are not based on a single piece of evidence, and thus are entirely too

16 speculative.  Defendant simply cannot meet its burden of establishing that the class

17 claims exceed $5,000,000.

18      In light of the lack of *any* evidence submitted by Defendant with respect to

19 the amount in controversy, Defendant has failed to meet its burden that diversity

20 jurisdiction exists in this action under CAFA.  The monetary value of plaintiffs

21 claims in this action is entirely too speculative to meet the requirements of diversity

22 under CAFA.

### 3.  Defendant Provides An insufficient factual basis That The Amount In Controversy As To Any Plaintiff Exceeds $75,000.

26 Defendant's claim of diversity jurisdiction Defendants have the burden of

27 establishing that the amount in controversy meets the jurisdictional threshold.

28 Sanchez v. Monumental Life Ins. Co. (9th Cir. 1996) 102 F.3d 398,404 [removing

1   defendant's burden of showing that amount in controversy exceeds jurisdictional

2   threshold].  Defendant fails to establish that the amount in controversy exceeds the

3   required jurisdictional threshold of $75,000 for any individual plaintiff.  Since

4   Defendant's Notice of Removal is silent with respect to meeting this burden,

5   Defendant therefore fails to establish diversity jurisdiction.

6   **IV.    CONCLUSION**

7        For the foregoing reasons, Plaintiff respectfully requests this Court rule that

8   removal of this action was improper and further requests that this Court remand this

9   case to the original jurisdiction of the San Francisco County Superior Court, and for

10  any other relief this Court deems just and proper.

12  DATED:  June &0R                    Respectfully Submitted,
                                        JENNIFER KRAMER LEGAL, APC

15                                      By: _____

16                                      Jennifer Kramer, Esq.
                                        Judith Wiederhorn, Esq.
17                                      Attorneys for Plaintiff
                                        ROBERT NAVARRO

- 9 -

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR REMAND