Arlo Garcia Uriarte, SBN 231764
Jason J. Szydlik, SBN 238356
LIBERATION LAW GROUP
2760 Mission Street
San Mateo, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006

Jennifer Krarner, SBN 203385
Judith Wiederhorn, SBN 239885
JENNIFER KRAMER LEGAL, APC
707 Wilshire Blvd., Suite 3600
Los Angeles, CA 90017
Telephone: (213) 955-0200
Facsimile: (213) 955-0215

Attorneys for PLAINTIFF
Robert Navarro

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Navarro, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br>vs.<br><br>Servisair, a Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | **Case Number: CV-08-2716-MHP**<br><br>Assigned to Hon. Marilyn Hall Patel<br><br>**DECLARATION OF JENNIFER KRAMER IN SUPPORT OF MOTION FOR REMAND**<br><br>San Francisco County Superior Court, Case No. CGC0847460<br><br>[CLASS ACTION]<br><br>Date:       August 4, 2008<br>Time:       2:00 p.m.<br>Place:      Courtroom 15<br><br>Rernoval Date: May 29, 2008 |

1  I, Jennifer Kramer, declare:

2      1.      I am an attorney admitted to the Bar of the State of California and the

3  United States District Court for the Northern District of California.  I am counsel for

4  Plaintiff Robert Navarro in this action.  I have personal knowledge of the following

5  facts, unless the context suggests otherwise, and if called as a witness, I could and

6  would testify competently to them.

7      2.      Plaintiff Robert Navarro filed the class action complaint on April 24,

8  2008.  Attached as **Exhibit A** is a true and correct copy of the original complaint.

9  All of the putative class members, as defined in the complaint, were employed in

10  California.  All of the claims pled in the complaint seek relief pursuant to the

11  *California* Labor **Code.**  Plaintiff pleads claims for: (1) unpaid wages; (2) missed

12  meal periods; (3) unpaid overtime wages; (4) unlawful deductions from wages; (5)

13  improper wage statements; (6) waiting time penalties; and (7) restitution of unpaid

14  wages under California's Unfair Competition Act.

15      3.      Defendant filed its answer on May 29,2008. Defendant removed this

16  action from the San Francisco County Superior Court to the Northern District of

17  California on May 29,2008.

18

19      I declare under penalty of perjury under the laws of the State of California

20  that the foregoing is true and correct.

21      Executed on June 11, 2008, at Los Angeles, California.

22

23

24   Jennifer Kramer

25

26

27

28

DECLARATION OF JENNIFER KRAMER IN SUPPORT OF MOTION FOR REMAND



Arlo Garcia Uriarte, SRN 231764
Jason J. Szydlik, SBN 238356
LIBERATION LAW GROUP
2760 Mission Street
San Mateo, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

FILED
Superior Court of California
County of San Francisco

APR 1 4 2008

GORDON PARK-LI, Clerk
BY CRISTINA E. BAUTISTA
Deputy

CASE MANAGEMENT CONFERENCE SET

SEP 2 6 2008 - 9 AM

DEPARTMENT 212

Jennifer Kramer, SBN 203385
Judith Wiederhorn, SBN 239885
JENNIFER KRAMER LEGAL, APC
707 Wilshire Blvd.. Suite 3600
Los Angeles, CA 90017
Telephone: (213) 955-0200
Facsimile: (213) 955-0215

Attorneys for PLAINTIFFS

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Robert Navarro. on behalf of himself, and on behalf of others similarly situated, and the general public, | Case No. CGC 08 474 610 |
| Plaintiffs, | CLASS ACTION |
| vs. | COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF: |
| Servisair, a Limited Liablility Corporation; and DOES 1 through 50, inclusive, | (1) FAILURE TO PAY WAGES |
| Defendants. | (2) FAILURE TO COMPENSATE FOR IMPROPER OR MISSED MEAL PERIODS |
| | (3) FAILURE: TO PAY OVERTIME COMPENSATION |
| | (4) UNLAWFUL DEDUCTIONS FROM WAGES |
| | (5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS |
| | (6) WAITING TIME PENALTIES |
| | (7) UNFAIR BUSSINESS PRACTICES |

1

PLAINTIFF Robert Navarro ("PLAINTIFF"), hereby submits his Complaint against Defendant Servisair LLC, and Docs 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself, and the class of others similarly situated, as follows:

## INTRODUCTION

I.  This class action is within the Court's jurisdiction under California Labor Code Sections 201-204, 226, 510, 1194, 226.7 221, 223, and 512. California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of DEFENDANTS.

3.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal periods.

4.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due (b) the opportunity to take proper meal periods, and (c) receive accurate wage statements.

5.  The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over the violations of the California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226,223, and 512 California Business and Professions Code Section 17200. et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the

2

Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged herein. Damages alleged herein are in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

7. Venue is proper because the alleged wrongs occurred in the County of San Francisco. DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFF worked for DEFENDANTS in the San Francisco International Airport, Westfield Road, San Francisco, CA 94128.

## PARTIES

8. PLAINTIFF Robert Navarro was employed as a ramp agent with DEFENDANTS from March 15, 1990 to the present. PLAINTIFF was a victim of the policies, practices and customs of DEFENDANTS complained of in this action in ways that have deprived him of the rights guaranteed him by California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No 9§ 11 and 12. PLAINTIFF resides in San Mateo County, but was employed by DEFENDANTS at all times relevant to this complaint in San Francisco County.

9. SERVISAIR LLC is a Limited Liability Corporation doing business in the State of California with its principal place of business in the County of San Francisco.

10. PLAINTIFF is informed and believes and thereon alleges that at all times herein mentioned DEFENDANT'S and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

11. DEFENDANTS own and operate an industry, business and establishment in the County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related services to Airlines that serve San Francisco International Airport. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512

California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12.

12.    PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known. PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned. each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    PLAINTIFF is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant

15.    At all times herein mentioned, DEFENDANTS, and each of them, were members of. and engaged in, a joint venture. partnership and common enterprise, and acting within the course and scope of. and in pursuance of; said joint venture, partnership and common enterprise.

16.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

4

and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

17. At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## STATEMENT OF FACTS

18. Servisair LLC is one of the world's leading operators in aviation ground services. Servisair LLC's dedicated ernployees offer a spectrum of services including, but not limited to: passenger services, ramp services, fuelling, load control and operations and aircraft cleaning.

9 PLAINTIFF and similarly situated employees are required to clock in and clock out each work day. PLAINTIFF and similarly situated einployees do not clock in and clock out for required meal periods. Instead, DEFENDANTS have a system in place to automatically deduct one hour of time from each employee's daily actual hours timekeeping records.

20. Despite the actual hours worked by each employee or whether a proper meal period, or whether one hour was actually taken by each employee each workday, the payroll system and practice in place deducts one hour of time from each workday and each employee's time records, thereby reducing the amount of pay received each pay period.

21. DEFENDANTS failed to account for day to day circumstances that required an employee to miss a required meal period and thereby entitling that employee to an extra one hour compensation as required by law.

22. PLAINTIFF and similarly situated employees worked full-time for DEFENDANTS and their daily rate of pay were reduced to account for employee contributions made health benefits. PLAINTIFF and similarly situated employees did not receive any health benefits, nor elected to receive health benefits, or opted out of receiving health benefits. Despite not receiving health benefits through DEFENDANTS, PLAINTIFF and similarly situated employees' regular rate of pay were reduced.

5

23.    PLAINTIFF and similarly situated employees are entitled to overtime pay compensation because they worked over eight hours a day or 40 hours a week.  Because of DEFENDANTS illegal payroll system that deducted an automatic one hour each workday, PLAINTIFF and similarly situated employees did not receive proper overtime rate compensation sometimes worked over eight hours a day or 40 hours per week without being compensated at the overtime rate required by law.

## CLASS ACTION ALLEGATIONS

24.    **Definition:** The named individual PLAINTIFF brings this action on behalf of himself and the class pursuant to California <u>Code of Civil Procedure</u> § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3).  The class is defined as:

> "All current and former employees of DEFENDANTS who worked in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

25.    **Numerosity and Ascertainability:**  The members of the class are so numerous that joinder of all members would be impractical. if not impossible.  PLAINTIFF is informed and believes that the San Francisco location of Servisair LLC employs about 200 employees. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records.  Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFF is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due. and (b) class members were regularly denied meal breaks.

26.    **Adequacy of Representation:** PLAINTIFF is a member of the class: PLAINTIFF does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class.  PLAINTIFF will fairly and adequately represent and protect the interests of the class members.  The PLAINTIFF's counsel are competent and experienced in litigating employment class actions, including wage and hour class actions.

27.    **Superiority of Class Action: A** class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

28.    The California <u>Labor Code</u> and Wage Order provisions upon which PLAINTIFF bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

29.    The nature of this action and the format of laws available to PLAINTIFF and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

30.    The prosecution of separate actions by the individual class members, even if

possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would. as a practical matter. be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further; the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

    **31.**    **Common Question** of Law **and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

    a.    Whether DEFENDANTS have Failed to pay its employees overtime wages for time worked in excess of 40 hours per week and/or eight hours per day:

    b.    Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

    c.    Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

    d.    Whether DEFENDANTS failure to pay overtime compensation constitutes an unlawful. unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

    e.    Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

f.  Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice., under Business & Professions Code § 17200 et seq;

g.  Whether DEFENDANTS have made deductions from the compensation paid to Drivers in violation of Labor Code §§ 221, 233, and IWC wage order No. 9, § 8.;

h.  Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i.  Whether the wage statements provided to PLAINTIFF and similarly situated employees were inaccurate pursuant to Labor Code $226 and IWC Wage Order 9.

j.  Whether PLAINTIFF and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation. up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

k.  Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

l.  Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing. upon termination. to timely pay employees wages that were due for overtime, missed meal periods, and/or wrongful deductions from wages;

9

m.  Whether DEFENDANTS failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq; and

n.  The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFF and the class alleged herein.

**32.    Typicality:** The claims of PLAINTIFF are typical of the claims of all members of the class. The PLAINTIFF is a member of the class and has suffered the alleged violations of California Labor Code Sections 201-204, 510. 1194 226 7, 221. 226,223, and 512 and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

## FIRST CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 9 AND LABOR CODE § 1194)

**33.**    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

**34.**    This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees arc entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

**35.**    At all times relevant herein, DEFENDANTS were required to compensate its non exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 9.

**36.**    As a pattern and practice. DEFENDANTS regularly automatically deducted 60 minutes of pay from employees' daily time records to document meal breaks that were never taken. PLAINTIFF and class members were not compensated for all hours they were subject to

10

the control of DEFENDANTS; including all time they were suffered or permitted to work.

37.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS uniformly administered a corporate policy concerning staffing levels, duties and responsibilities which required PLAINTIFF and the class members to work without appropriate pay. This included a uniform corporate pattern and practice of allocating and authorizing inadequate staffing levels. The inadequate staffing levels were enforced and ensured through the uniform and mandated corporate policy of a minimal labor budget. This corporate conduct is accomplished with the advance knowledge and designed intent to save labor costs by required PLAINTIFF and members of the class to work without proper compensation because they were unable to take the meal periods which were automatically deducted from their time records.

38.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFF and the class took their meal period, the total daily hours worked, and the total hours worked per pay period and applicable rates of pay in violation of California Labor Code §1174.

39.    The conduct of DEFENDANTS and their agents and employees as described herein was oppressive, fraudulent and malicious, done in conscious disregard of PLAINTIFF's and class members' rights, and was done by managerial employees of DEFENDANTS. PLAINTIFF and class members are thereby entitled to an award of punitive damages against DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS, and in an amount to conform to proof.

40.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees proper compensation for all hours worked. PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF and other members of the class who have separated from employment are entitled to compensation

1    pursuant to Labor Code § 203.

2        **41.**    Such a pattern, practice and uniform administration of corporate policy regarding

3    illegal employee compensation as described herein is unlawful and creates an entitlement to

4    recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of straight

5    time compensation and overtime premiums owing, including interest thereon, penalties,

6    reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code

7    §1194, et seq.

8                        **SECOND CAUSE OF ACTION**

9                **FAILURE TO PROVIDE PROPER MEAL BREAKS**
10              **IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**
                        **AND IWC WAGE ORDER NO. 9**
11

12       **42.**    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 41 as

13    though fully set for herein.

14       **43.**    DEFENDANTS failed in their affirmative obligation to ensure that all of their

15    employees, including PLAINTIFF and other members of the class, were actually relieved of all

16    duties, not performing any work, and free to leave the premises during meal periods.

17    PLAINTIFF and the class were suffered and permitted to work through legally required meal

18    breaks. As such. Defendant is responsible for paying premium compensation for missed meal

19    periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). DEFENDANTS

20    shall pay the each affected employee one (1) hour of pay at the employee's regular rate of

21    compensation for each workday that the meal break was not provided.

22       **44.**    PLAINTIFF and class members regularly worked in excess of five *(5)* hours per

23    day and accordingly had a right to take a 20-minute meal peliod each day worked in excess of

24    five *(5)* hours.

25       **45.**    As a pattern and practice, DEFENDANTS regularly required employees to work

26    through their meal periods without proper compensation. DEFENDANTS did staff employees in

27    such a manner and at such posts that would make it impossible for these employees to take their

28    meal period. This policy of requiring employees to work through their legally mandated meal

periods is a violation of California law.

46.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS failure to provide PLAINTIFF and other members of the class with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring PLAINTIFF and other members of the class, from improper motives amounting to malice, and in conscious disregard of PLAINTIFF and other members of the class' rights.

47.    PLAINTIFF is informed and believes arid based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFF and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due. Therefore. PLAINTIFF and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFF began and ended each meal period in violation of California Labor Code §1174 and Section 7 of the applicable IWC Wage Order(s).

49.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFF and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(R), including interest thereon. penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

50.    DEFENDANTS' wrongful and illegal conduct in failing provide class members with the opportunity to take meal breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

13

obligation to do so. unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to PLAINTIFF and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same   This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. PLAINTIFF has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME: COMPENSATION
### (LABOR CODE §§ 510,1194 ET SEQ., IWC WAGE ORDER NO. 9.)

**51.**         PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set for herein.

**52.**     By failing to pay overtime compensation to PLAINTIFF and similarly situated employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

53. As a result of DEFENDANTS' unlawful acts, PLAINTIFF and the similarly situated employees have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

**54. By** violating Labor Code § 510, DEFESNDANTS are liable for attorneys' fees and costs under Labor Code §1194.

55. PLAINTIFF, on behalf of themselves and similarly situated employees, request relief as described below.

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES
### (LABOR CODE §§ 221,223 IWC. WAGE ORDER NO. 9)

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set for herein.

57. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

58. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

**59.** IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage is if the employer can show that cash shortage, breakage, or loss of equipment was the result of the employee's gross negligence or dishonest or willful act.

60. These and related statutes, along with California's fundamental public policy protecting wages and wage scales. prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

61. DEFENDANTS have violated Labor Code §§ 221, 223. and IWC wage order No. 9, §§ 8 & 9 by unlawfully taking deductions from PLAINTIFFS' and similarly situated employees compensation to cover health benefits that were neither requested nor received.

62. Because DEFENDANTS made unlawful deductions from compensation, they are liable to PLAINTIFF and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Labor Code §§ 221, 223 and IWC wage order No. 9, § 8.

*63*. By unlawfully deducting wages and failing to pay PLAINTIFF and other similarly situated employees, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

64. PLAINTIFF, on behalf of himself and similarly situated employees, request relief as described below

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ *226;* IWC WAGE ORDER NO. 9)

**65.**    The allegations of Paragraphs 1 through 64 are realleged and incorporated herein by reference.

**66.**    Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($1 00) for each subsequent violation, up to four thousand dollars ($4,000).

*67*.    DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS, are liable to PLAINTIFFS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

16

**68.**    PLAINTIFF, on behalf of themselves and similarly situated Employees, requests relief as described below.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201,202 & 203)

**69.**    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 though 68 as though fully set for herein.

**70.**    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

71. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

72. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

*73.* DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal compensation, overtime wages and sums wrongfully deducted from compensation, to employees whose employment terminated.  As a result, DEFENDANS are liable to former employees for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

74. PLAINTIFF, on behalf of all terminated employees, request relief as described below.

## SEVENTH CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*)

75.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set for herein.

76.    Business & Professions Code § 17200 prohibits unfair competition in the fortn of any unlawful, unfair, or fraudulent business act or practice.

77.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

78.    Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair. and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

   a.   failing and refusing to record meal periods of PLAINTIFF and similarly situated employees;

   b.   failing to pay one hour compensation for improper or missed meal periods;

   c.   failing to pay all wages due to PLAINTIFF and similarly situated employees;

   d.   failing to pay overtime compensation to PLAINTIFF and similarly situated employees;

   e.   failing lo provide accurate itemized wage statements to PLAINTIFF and similarly situated employees.

   f.   by illegally deducting wages from Plaintiff and similarly situated employees for health benefits that were not provided nor requested;

18

g.  by intentionally and illegally failing to pay all earned wages to PLAINTIFF and class members on the next payday after such wages were earned by each class member; and

79.  The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

80.  As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFF and class members.  As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFF and class members have suffered economic injuries including, but not limited to loss of wages. including overtime wages, pay for missed meal and rest periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFF and similarly situated Employees.

81. PLAINTIFF and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

82. PLAINTIFF and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

83. PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFF sues on behalf of the public as well as on behalf of himself and others similarly situated.  PLAINTIFF seeks and is entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

84. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

COMPLAINT [CLASS ACTION]

85. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFF requests an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

86. PLAINTIFF has assumed the responsibility of enforcement of tlie laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' Sees are appropriate pursuant to Code of Civil Procedure § 1021.5.

87. By all of the foregoing alleged conduct. DEFENDANTS have committed, and is continuing to commit. ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 ct seq.

88. As a direct and proximate result of the unfair business practices described above. PLAINTIFF. other Employees, arid members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

89. Pursuant to Business & Prof. Code §17203, PLAINTIFF, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

90. PLAINTIFF, on behalf of themselves arid similarly situated Employees, request relief as described below.

91.    PLAINTIFF is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFF and other members of the class the minimum working condition standards and conditions due to them under the California laws and

Industrial Welfare Commission wage orders as specifically described therein.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

**A.** Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

**B.** Certification of the above-described class as a representative class under Business and Professions Code § 17200;

**C.** Class notice be provided to all employees who worked for DEFENDANTS in California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action;

**D.** A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1. Labor Code §§ 221 and 223 and IWC wage order No. 9 by making unlawful deductions from the compensation paid to PLAINTIFF and the class;

2. Labor Code §§ 226.7 and 512. and IWC wage order No. 9 by failure to provide proper off-duty meal periods to PLAINTIFF and the class;

3. Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to PLAINTIFFS and the class;

4. Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide PLAINTIFFS and the class with accurate itemized statements of the actual total hours worked with each payment of wages;

5. Labor Code §§ 201-203, for willful failure to pay overtime

compensation, pay for missed meal and rest periods, and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties: and

6.    Cal. Business and Professions Code §§ 17200-17208, by failing to provide proper off-duty meal periods and/or pay meal period compensation, by illegally deducting a health care premium from the hourly rate when no health benefit was provided, failing to pay all wages due and overtime compensation, failing to provide accurate itemized wage statements showing all actual hours worked, and willfully failing to pay all compensation oued to Drivers upon termination of employment;

E.    A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.    An equitable accounting to identify, locate, and restore to all current and former employees the wages that are due;

G.    An award to PLAINTIFF and the Class Members of damages in the amount of unpaid wages and overtime. meal period pay. and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H.    An award to PLAINTIFF and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFF and the Class Members with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

I.    An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

J.    An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFF and similarly situated employees of DEFENDANTS for failure to pay legally required overtime, meal period pay, and interest thereon and for failure to repay amounts

22

1  unlawfully deducted, and interest thereon, in an amount according to proof. pursuant to Business

2  & Professions Code § 17203;

3          K.      An award to PLAINTIFF and the Class Members of reasonable attorneys'

4  fees and costs, pursuant to Code of Civil Procedure § 10215 and Labor Code §§ 218.5, 226, 203,

5  1194 and/or other applicable law; and

6          L.      An award to PLAINTIFF and the Class Members of such other and further

7  relief as this Court deems just and proper.

8

9  Dated: April 24, 2008                              LIBERATION LAW GROUP

10

11

12                                              By:_____

13                                                  Arlo Garcia Uriarte
                                                    Attorney for PLAINTIFFS

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT [CLASS ACTION]**