Arlo Garcia Uriarte, SBN 231764
Jason J. Szydlik, SBN 238356
LIBERATION LAW GROUP
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006

Jennifer Kramer, SBN 203385
Judith Wiederhorn, SBN 239885
JENNIFER KRAMER LEGAL, APC
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
Telephone: (213) 955-0200
Facsimile: (213) 955-0215

Attorneys for PLAINTIFF
Robert Navarro

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Navarro, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>       Plaintiffs,<br>   vs.<br><br>Servisair, a Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>       Defendants. | **Case Number: CV-08-2716-MHP**<br><br>Assigned to Hon. Marilyn Hall Patel<br><br>**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR REMAND**<br><br>San Francisco County Superior Court, Case No. CGC0847460<br><br>[CLASS ACTION]<br><br>Date:    August 4, 2008<br>Time:   2:00 p.m.<br>Place:   Courtroom 15<br><br>Removal Date: May 29, 2008 |

Plaintiff Robert Navarro respectfully submits his Reply Brief in support of his opposition to the removal of this action:

---

## I. INTRODUCTION

Plaintiff filed a class action complaint in state court against his employer alleging violations of California's wage laws. Defendant Servisair, LLC removed this action based on: (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2) diversity of citizenship under 28 U.S.C. § 1332 and the Class Action Fairness Act ("CAFA") pursuant to 28 U.S.C. § 1453. Plaintiff brought a motion to have this action remanded back to state court based on defects in Defendant's removal petition.

In its Opposition, Defendant continues to fail to supply for this Court specific allegations supporting its contention that Plaintiff's claims are preempted by federal law, thus conferring federal question jurisdiction. Defendant also belatedly supplies new grounds to support its assertion of diversity jurisdiction. As fully briefed below, this action should be remanded to state court,

## II. ARGUMENT

### A. Defendant Has Not Meet Its Burden to Establish Federal Question Jurisdiction Applies.

Defendant removed this action based on federal question jurisdiction pursuant to 28 U.S.C. §1331. Defendant alleges federal question jurisdiction exists because Plaintiffs claims are preempted by the Railway Labor Act ("RLA") and the Labor Management Relations Act ("LMRA") because of the existence of a Collective Bargaining Agreement ("CBA").

As fully briefed in Plaintiff's *Motion*, the scope of LMRA and RLA preemption depends on whether resolution of the state law claim requires a court to construe a provision of the CBA. Lingle v. Norge Div. of Magic Chef, Inc. (1988) 486 U.S. 399, 412 ("[A]n application of state law is preempted by [the LMRA]…only if such application requires the interpretation of a collective bargaining agreement."). In their Opposition, Defendant has failed to point to any specific instance which will call for an **interpretation** of the CBA to resolve.

For instance, Defendant alleges that Plaintiff's Fourth Cause of Action based on unlawful deductions from wages will require the court to interpret the CBA. Opposition, p. 19:7-13.  Defendant fails to point to a single provision of the CBA that would allow it to pay employees who decline health care benefits a lower hourly rate.  Thus, there is nothing to interpret because the agreement is silent on this issue.  It is simply a matter of applying California wage laws.  "State law claims requiring only consultation with the CBA, versus actual interpretation, should not be extinguished." Adames v. Executive Airlines, Inc. (1st Cir. 2001) 258 F.3d 7, 12.  Thus, Defendant's have failed to establish that federal question jurisdiction exists based on preemption by the LMRA or RLA.[1]

### B.  Defendant Has Failed To Establish Diversity Jurisdiction.

Defendant Servisair, LLC removed this action from the San Francisco County Superior Court by asserting that jurisdiction exists because Plaintiff has a different citizenship than Defendant.  See, 28 U.S.C. §§ 1332 and 1453.  Defendant now agrees that as a limited liability company, its citizenship is the citizenship of its members. Opposition, p. 7:11-16.  Nowhere in Defendant's Notice of Removal does Defendant allege the citizenship of its members.  Defendant's Opposition then offers new grounds for removal not present in Defendant's removal petition.  Since more than thirty days elapsed between the service of Plaintiff's complaint and the filing of Defendant's Opposition, Defendant's time to amend has expired.  28 U.S.C. § 1446. Therefore, on this basis alone this Court cannot retain this case based upon diversity jurisdiction.

Further, Defendant asserts in its Notice of Removal that this Court has removal jurisdiction based on 28 U.S.C. § 1332(d)(2), which requires in pertinent part, that the amount in controversy exceed $5,000,000.  Defendant relies upon

---

[1] Defendant appears to have abandoned its contention that preemption exists under the Airline Deregulation Act.

Alexander v. FedEx Ground Package System, Inc. (N.D. Cal. 2005) 2005 U.S. Dist. LEXIS 5129 for the proposition that the allegations contained in its removal petition are adequate to establish that the amount in controversy exceeds $5,000,000.[2] Opposition, p. 14:9-11. However, it is not clear from reviewing that case what specific evidence or information formed the basis of the defendant's calculations in Alexander. Id. at p. *13. Here, Defendant simply invents numbers to serve its goal of pushing the amount in controversy to exceed $5,000,000; for example, that three meal period violations per week for every class member would be claimed. Opposition, p. 15:3. At the time of filing, Defendant limited the basis for establishing the amount in controversy to ramp agents. Notice of Removal, p. 5, fn. 2. Now Defendant seeks to expand the basis for calculating the amount in controversy by including those it previously excluded. Opposition, p. 15:7-9. More curiously, Defendant calculates potential attorney's fees by using a percentage of the common fund basis. Opposition, p. 16:20-24. This results in a double-counting as a percentage of the common fund award comes out of (and is not an amount additional to) the amounts awarded to the class. In Alexander, the defendant took the time to calculate potential attorney's fees on a lodestar basis. Alexander, supra, 2005 U.S. Dist. LEXIS 5129 at p. *15. Based upon the foregoing, it is questionable whether the amount in controversy in this matter supports a conclusion that diversity jurisdiction exists. Since it was Defendant's burden to establish the existence of diversity jurisdiction, remand is proper.

## III.    CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests this Court rule that removal of this action was improper and further requests that this Court remand this

---

[2] Defendant has not made any argument in its Opposition that diversity jurisdiction exists because Plaintiff's amount in controversy exceeds $75,000.

case to the original jurisdiction of the San Francisco County Superior Court, and for any other relief this Court deems just and proper.

DATED: July 21st, 2008

Respectfully Submitted,
JENNIFER KRAMER LEGAL, APC

By: _____

Jennifer Kramer, Esq.
Judith Wiederhorn, Esq.
Attorneys for Plaintiff
ROBERT NAVARRO