| | |
|---|---|
| REBECCA EISEN, State Bar No. 096129<br>JENNIFER SVANFELDT, State Bar No. 233248<br>MORGAN, LEWIS & BOCKIUS, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105-1126<br>Tel: 415.442.1000<br>Fax: 415.442.1001<br>reisen@morganlewis.com<br>jsvanfeldt@morganlewis.com<br><br>JILL A. PORCARO, SBN 190412<br>MORGAN, LEWIS & BOCKIUS LLP<br>300 South Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071<br>Tel: 213.612.2500<br>Fax: 213.612.2501<br>jporcaro@morganlewis.com<br><br>Attorneys for Defendant<br>SERVISAIR, LLC | ARLO GARCIA URIARTE, SBN 231764<br>JASON J. SZYDLIK, SBN 238356<br>LIBERATION LAW GROUP<br>2760 Mission Street<br>San Francisco, CA 94110<br>Telephone: (415) 695-1000<br>Facsimile: (415) 695-1006<br><br>JENNIFER KRAMER, SBN 203385<br>JUDITH WIEDERHORN, SBN 239885<br>JENNIFER KRAMER LEGAL, APC<br>707 Wilshire Blvd., Suite 3600<br>Los Angeles, CA 90017<br>Telephone: (213) 955-0200<br>Facsimile: (213) 955-0215<br><br>Attorneys for Plaintiff<br>ROBERT NAVARRO |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Robert Navarro, on behalf of himself, and on behalf of others similarly situated, and the general public,<br><br>        Plaintiffs,<br>  vs.<br><br>Servisair, a Limited Liability Corporation; and DOES 1 through 50, Inclusive,<br><br>        Defendants. | **Case Number: CV-08-2716-MHP**<br><br>Assigned to Hon. Marilyn Hall Patel<br><br>[CLASS ACTION]<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>**[PURSUANT TO FRCP 26]**<br><br>Date:    September 8, 2008<br>Time:   4:00 p.m.<br>Dept.:   15 |

Pursuant to Civil Local Rule 16-9, Plaintiff Robert Navarro ("Plaintiff') and Defendant Servisair LLC ("Servisair") (collectively "the parties"), by and through their undersigned counsel, submit this Joint Case Management Statement in anticipation of the case management conference scheduled for September 8, 2008, at 4:00 p.m. in Courtroom 15 before the Honorable Marilyn Hall Patel.

## I. JURISDICTION AND SERVICE

Defendant removed this case to the U.S. District Court for the Northern District of California from San Francisco County Superior Court on May 29, 2008 alleging federal question jurisdiction and jurisdiction under the Class Action Fairness Act. On June 27, 2008, Plaintiff filed a Motion to Remand. On August 14, 2008, this Court denied Plaintiffs Motion to Remand, holding that this Court had both federal question and diversity jurisdiction. There are no issues with respect to personal jurisdiction or venue. All parties have been served.

## II. FACTS

### A. Plaintiff's Facts.

This is a putative wage and hour class action. The class is defined as:

> "All current and former employees of Defendants who worked in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

Plaintiff is employed as a non-exempt, hourly ramp agent at Defendant's operation at the San Francisco International Airport ("SFO"). Plaintiff clocks in and clocks out each work day. In the past, Plaintiff worked 10-hour shifts during the winter months. Starting 2008, Plaintiff has worked 10-hour shifts beginning June 2008. Plaintiff does not clock in and clock out for meal periods. Instead, Defendant has a system in place to deduct one hour of time from each employee's daily actual hours timekeeping records.

Plaintiff worked full-time and his daily rate of pay was reduced to account for employee contributions made health benefits. Plaintiff did not receive health benefits, nor elect to receive health benefits, or opted out of receiving health benefits, Despite not receiving health benefits, Plaintiff believes his regular rate of pay was reduced.

### B. Servisair's Facts.

Servisair provides ground handling services to air carriers at four California airports: (1) SFO; (2) Los Angeles International ("LAX"); (3) Burbank; and (4) Ontario. Servisair provides different services at each airport including passenger transportation, loading and unloading baggage/cargo from airplanes, maintenance, transporting cargo between planes and cargo facilities, towing and braking planes, managing a cargo facility, and fueling and cleaning planes. Employees in the below job classifications are currently assigned to SFO, LAX, Ontario and Burbank as follows:

| Job Classification | Airports |
| --- | --- |
| Above-the-wing passenger service agents (non-union) | SFO |
| Aircraft fuelers (union) | SFO, LAX, Burbank |
| Bus drivers (union) | LAX, Ontario |
| Bus washers (union) | LAX |
| Busing mechanics (union) | LAX |
| Cabin cleaners (union) | SFO |
| Cargo facility workers (non-union) | LAX |
| Clerical workers (non-union) | ALL |
| Dispatch agents (non-union) | SFO, LAX |
| Fuel farm technicians (union) | SFO |
| Ground support equipment mechanics (union) | SFO, LAX |
| Ramp agents (union) | SFO, LAX |

The terms and conditions of union employees at SFO, LAX, Ontario and Burbank are governed by nine collective bargaining agreements ("CBA") between the company and several different unions.[1]

In September 2001, a predecessor to Servisair acquired Monarch Aviation, which at that time employed Plaintiff as a ramp agent. Since that time, Plaintiff has been employed as a ramp agent by Servisair at SFO. The terms and conditions of Plaintiffs employment are governed by a

---

[1]/ Although Plaintiffs Complaint references a class that technically would include all employees in California, including managers and exempt employees, Plaintiff intends to amend his Complaint to make clear that exempt level employees are not included in the class he seeks to certify. Plaintiffs counsel has agreed to limit Plaintiff's class definition to hourly employees.

CBA ("SFO CBA"). Plaintiff is responsible for all ramp agent duties, but has largely been performing the task of driving inbound and outbound cargo between the gates and cargo facilities for Japan Airlines, British Airways and China Airlines. Navarro largely works by himself as he is the sole ramp agent responsible for transporting cargo on his shift.

Servisair must comply with the particular directives of its customer airlines. At SFO, it must also meet the standards for employers at SFO as set forth in SFO's Quality Standards Program ("QSP"), which is expressly incorporated into the SFO CBA. The LAX, Ontario and Burbank airports do not have a QSP. The SFO CBA and the QSP provide two different hourly rates for ramp agents. In the past, a lower hourly rate was provided to those employees who received some or all of the following benefits: (1) vacation; (2) sick days; and (3) health care coverage. The higher hourly rate is provided to ramp agents who did not receive these benefits. Plaintiff was paid the lower hourly rate because he has always received vacation and sick days and was offered health benefits.

Article IV, Section 5 of the SFO CBA provides:

> An unpaid meal period of thirty (30) or sixty (60) minutes shall be scheduled near the middle of each employee's shift of more than four (4) hours. The Company will comply with provisions for rest periods and meal breaks as required by California State Labor Code.

Plaintiff himself is allowed a meal period of 60 minutes, which is deducted from his daily time unless he advises his manager that he was unable to take the time off. Plaintiffs job duties afford him ample opportunity to take lengthy breaks from work.

### III. PRINCIPAL FACTUAL ISSUES IN DISPUTE.

#### A. Plaintiff's Position Regarding Factual Issues in Dispute

1. Whether Plaintiff and putative class members worked any regular non-overtime hours for which they were not compensated;

2. Whether Plaintiff and putative class members worked any overtime for which they were not properly compensated;

3. Whether Defendant has failed to provide Plaintiff and putative class members with adequate off-duty meal periods and payments for missed meal periods;

4. Whether Defendant had an automatic system of deducting one hour from the actual hours worked by Plaintiff and putative class members without regard to whether a

proper meal period was provided;

     5.    Whether Plaintiff and putative class members were compensated one-hour at their regular rate of pay when they were not provided with a 30-minute meal period;

     6.    Whether Plaintiffs and putative class members' wage statements were accurate and itemized; and

     7.    Whether Plaintiffs and putative class members' wages were subject to deductions for employee contributions for health benefits.

    **B.**    **Defendant's Position Regarding Factual Issues in Dispute**

     1.    Whether Plaintiff is entitled to overtime after 8 hours a day or, rather, agreed to work all alternative work week entitling him to overtime pay only after 10 hours a day;

     2.    Whether Servisair "impeded," "discouraged" or "dissuaded" Plaintiff from taking 30-minute meal breaks;

     3.    Whether, on any occasion Plaintiff was not provided a 30-minute meal break, Plaintiff was properly compensated for an on-duty meal period under the circumstances;

     4.    Whether, on any occasion Plaintiff was not provided a 30-minute meal break, Plaintiff waived the meal break pursuant to Labor Code § 512; and

     5.    Whether Plaintiff suffered any actual injury as a result of inaccurate wage statements.

## IV.    LEGAL ISSUES

    **A.**    **Legal Issues**

     1.    Whether Defendant failed to pay Plaintiff and putative class members wages for all hours worked in violation of IWC wage order No. 9, § 3 and *Labor Code* §§ 510 and 1194;

     2.    Whether Defendant failed to pay Plaintiff and putative class members overtime wages for time worked in excess of 40 hours per week and/or eight hours per day in violation of sections 510 and 1194 of the Labor Code;

     3.    Are the deductions from time to reflect meal breaks lawful?

     4.    Whether Defendant's failure to provide Plaintiff and putative class members with adequate off-duty meal periods and payments for missed meal periods violates *Labor Code* §§ 226.7 and 512 and IWC wage order No. 9, § 11;

     5.    Whether Defendant made deductions from compensation paid to Plaintiff and putative class members for employee contributions for health benefits in violation of *Labor Code* §§ 221, 223, and Industrial Welfare Commission ("IWC") wage order No. 9, § 8;

     6.    Whether the wage statements provided to Plaintiff and putative class members were inaccurate pursuant to *Labor Code* § 226 and IWC Wage Order 9;

7. Whether Plaintiff and putative class members are entitled to the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

8. Whether the wage/hour violations alleged by Plaintiff constitute "unlawful," "unfair," and/or "fraudulent" business practices under section 17200 of the California Business and Professions Code;

9. Whether Defendant has violated Labor Code §§ 201-203, by failing, upon termination, to timely pay employees wages that were due for overtime, missed meal periods, and/or wrongful deductions from wages;

10. Should this Court certify this case as a class action pursuant to Fed. R. Civ. Proc. 23? What is the precise class definition?

11. The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to Plaintiff and the putative class members alleged herein.

### B. Defendant's Additional Legal Issues

1. **First Cause of Action.** Whether Plaintiffs First Cause of Action is preempted and subject to arbitration;

2. **Fourth Cause of Action.** Whether paying Plaintiff the lower hourly rate provided in the SFO CBA and QSP constitutes an "unlawful deduction" in violation of section 221 of the Labor Code;

3. **Fourth Cause of Action.** Whether Plaintiffs Fourth Cause of Action should be dismissed under the Railway Labor Act ("RLA") and/or the Labor Management Relations Act ("LMRA") because it requires the Court to interpret the CBA;

4. **Fifth Cause of Action.** To the extent Servisair provided inaccurate wage statements, whether the statements were inaccurate as a result of a knowing and intentional failure by Servisair in violation of section 226 of the Labor Code;

5. **Fifth Cause of Action.** Whether Plaintiffs wage statement claim has been partially adjudicated and resolved in *Mobley* v. *Southland* Transit, *Inc., et al*, filed on July 26, 2006 in Los Angeles Superior Court, Case No. BC356051, and whether his wage statement claim should be limited to the time-period between April 24, 2004 and July 26, 2005 and July 20, 2008 through the present;

6. **Sixth Cause of Action.** Whether Plaintiff may represent <u>former</u> employees who seek waiting-time penalties under Labor Code sections 201, 202 and 203;

7. **Sixth Cause of Action.** Whether Servisair willfully failed timely to pay wages due to former employees;

8. **Sixth Cause of Action.** Whether statutorily mandated payments such as meal period premiums and overtime constitute "wages" under Labor Code section 203;

9. **Seventh Cause of Action.** Whether Plaintiff can maintain a claim under Section 17200 to the extent the underlying alleged violations would result in Plaintiff being awarded either statutorily mandated amounts or civil penalties;

   10. **Seventh Cause of Action.** Whether conduct declared lawful by the California Legislature can be deemed unfair competition within the meaning of Section 17200;

   11. Whether any claim for relief should be dismissed because it is preempted by the Airline Deregulation Act;

   12. Whether the claims of any putative class members, including Plaintiff, are barred or limited by the doctrines of res judicata and/or collateral estoppel;

   13. As to each claim for relief, whether Plaintiff can establish all of the requirements of Federal Rule 23;

   14. Whether the class is objectively ascertainable; and

   15. What the applicable statute of limitations is as to each of Plaintiff's claims.

Discovery, which is not yet underway, may reveal additional legal issues in dispute.

## V. ANTICIPATED MOTIONS

### A. Motions for Summary Judgment.

Both parties anticipate filing motions for summary judgment and/or summary adjudication of issues pursuant to Fed. R. Civ. Proc. 56.

### B. Motion for Class Certification.

Plaintiff intends to move for a determination under Fed. R. Civ. Proc. 23 whether the action should be maintained as a class action. Plaintiff has agreed to review and possibly narrow the class definition after initial discovery is completed.

## VI. AMENDMENT OF PLEADINGS

Plaintiff does not anticipate any amendments to the pleadings at this time. However, after an initial round of discovery has been completed, Plaintiff may amend the pleadings to include a Private Attorneys General cause of action. *Labor Code* § 2699 *et seq.*

Servisair maintains that Plaintiff's definition of the class in the Complaint should be narrowed through amendment. As set forth in IV(B)(1), Servisair maintains that the First Cause of Action, to the extent it seeks regular wages, is subject to arbitration under the RLA and/or NLRA.

## VII. EVIDENCE PRESERVATION

The parties recognize the importance of their respective obligations to preserve all evidence, electronic and otherwise, that relates in any way to the subject matters of this action,

regardless of where located, including but not limited to Defendant's electronically-stored timekeeping data for the putative class members. The parties are taking all necessary steps to preserve documents and evidence that relate to the matters of this action.

## VIII. INITIAL DISCLOSURES

The parties agree to exchange initial disclosures as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure on or before September 2, 2008.

## IX. DISCOVERY

During their early meeting of counsel, the parties discussed a discovery plan.

    a.     The parties agreed to initially narrow the scope of discovery the to class certification issues.

    b.     The parties intend to proceed with written discovery.

    c.     The parties intend to take depositions.

    d.     The parties will meet and confer regarding Plaintiffs possible access to names and addresses of putative class members to assist him with class certification issues.

## X. RELATED CASES

In *Mobley v. Southland Transit, Inc., et al, Los Angeles Superior Court* Case No. BC356051, filed July 26, 2006, Plaintiff Mobley asserted the following causes of action: Violation of *Lahor Code* § 226; Missed Meal Breaks; Missed Rest Breaks; Violation of *Labor Code* § 203; and Violation of *Business & Professions Code* § 17200, et seq. Plaintiff Mobley filed her motion for class certification on April 4, 2008. In her motion, she seeks to represent the following classes: a) All individuals employed within California by Servisair, LLC, Penauille Servisair LLC, Globeground North America LLC, or any of its predecessors, from July 26, 2002 to January 1, 2007, as a bus driver ("Bus Driver Class"); b) All members of the Bus Driver Class who are no longer employed by Defendant ("Waiting Time Penalty Subclass"); and c) All individuals employed within California by Servisair LLC, Penauille Servisair, LLC, Globegrouizd North America LLC, or any of its predecessors from July 26, 2005 to present ("Wage Statement Class").

Plaintiff Navarro was not employed as a bus driver and is not a member of the Bus Driver

1 Class or Waiting Time Penalty Subclass. In addition, Plaintiff Navarro's putative class action
2 asserts causes of action for unpaid wages and overtime and unlawful deductions from wages not
3 Sound in Plaintiff Mobley's complaint. Plaintiff Navarro seeks to represent a broader class of
4 individuals than bus drivers on the missed meal period claim.

5 There are no other related cases or proceedings pending before another judge of this court
6 or any other court.

### A. Defendant's Additional Position Regarding *Mobley* Case

However, because Plaintiff currently seeks to represent bus drivers as well as former employees whose claims have been settled in *Mobley*, Servisair believes amendment to the class definition is appropriate.

## XI. RELIEF

On a class-basis, Plaintiff seeks the following categories of damages: unpaid wages and overtime compensation; compensation for meal periods not provided; reimbursement of unlawful deductions from wages; actual damages and/or penalties for unlawful wage statements; waiting time penalties for separated employees; interest; and attorney's fees and costs.

## XII. SETTLEMENT AND ADR

The parties agree to conduct a private mediation.

## XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

Plaintiff does not consent to have a magistrate judge conduct all further proceedings.

Defendant will consent to a magistrate judge for discovery disputes, and would consent to certain magistrate judges for complete case handling.

## XIV. OTHER REFERENCES

The case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation; however, Defendant contends the first claim for unpaid regular wages is subject to arbitration.

## XV. NARROWING OF ISSUES

### A. Plaintiff's Position Regarding Narrowing of Issues

At this early stage of the litigation, Plaintiff has not yet identified issues that could be

narrowed other than possibly narrowing the putative class definition after initial rounds of discovery are completed.

### B. Defendant's Position Regarding Narrowing of Issues

Servisair may file a motion for summary adjudication to narrow the issues, after reviewing initial discovery.

## XVI. EXPEDITED SCHEDULE

This case is not appropriate for an expedited schedule.

## XVII. SCHEDULING

### A. Plaintiff's Position Regarding Scheduling,

The parties have deferred discussing scheduling issues until after Plaintiffs motion for class certification is heard, which will affect the scope of further discovery and the trial.

### B. Defendant's Position Regarding Scheduling

Assuming Plaintiff narrows the class definition by November 2008, Servisair proposes that Plaintiff file his motion for class certification by March 2009. Defendant proposes a non-expert discovery cut-off date of July 31, 2009. Defendant proposes an expert trial witness disclosure deadline of Septeinber 1, 2009. Defendant proposes an expert trial witness discovery cut-off date of October 16, 2009. Defendant proposes dispositive motions be heard no later than September 7, 2009. Defendant agrees it would be premature to set trial in this matter at this stage.

## XVIII. TRIAL

### A. Plaintiff's Estimate

Plaintiff requests a jury trial. Until Plaintiffs motion for class certification is heard, the expected length of the trial is unknown. However, Plaintiff adamantly disagrees with Defendant's estimate that the required time for trial will exceed six months.

### B. Servisair's Estimate:

Given the size of the purported class action and the number of claims and issues, if the case is certified to be tried as a class action, Servisair believes that the time required for trial may exceed six months. If the case is not certified as a class action, Servisair believes that the time required for trial will be approximately four (4) days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Both parties have filed Certifications of Interested Entities or Parties ("Certifications"), Other than the persons already identified (Robert Navarro and Servisair, LLC), Servisair reports that Servisair Holding Corp. and Penauille Holding Inc. are interested entities.

Dated: September 2, 2008

MORGAN, LEWIS & BOCKIUS LLP

By _____
Rebecca Eisen, Esq.

Attorneys for Defendant
SERVISAIR, LLC

Dated: September 2, 2008

LIBERATION LAW GROUP

By _____
Arlo Garcia Uriarte, Esq.
Jason J. Szydlik, Esq.

Attorneys for Plaintiff
ROBERT NAVARRO

Dated: September __, 2008

JENNIFER KRAMER LEGAL, APC

By _____
Jennifer Kramer, Esq.
Judith Wiederhorn, Esq.

Attorneys for Plaintiff
ROBERT NAVARRO

## CERTIFICATE OF SERVICE

I, Jennifer Kramer, an attorney, certify that on September 2, 2008, I caused true and correct copies of the foregoing JOINT CASE MANAGEMENT STATEMENT to be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this manner:

| | |
|---|---|
| Jennifer P. Svanfeldt<br>Morgan, Lewis & Bocltius, LLP<br>One Marltet, Spear Street Tower<br>San Francisco, CA 94105 | Jill Ann Porcaro<br>Morgan, Lewis & Bockius, LLP<br>300 S. Grand Avenue, 22nd Floor<br>Los Angeles, CA 90071 |
| Judith Amanda Wiederhorn<br>Jennifer Kramer Legal, APC<br>707 Wilshire Blvd., Ste. 3600<br>Los Angeles, CA 90017 | Rebecca Dianne Eisen<br>Morgan, Lewis & Bocltius, LLP<br>One Market, Spear Street Tower<br>San Francisco, CA 94105 |

In addition, on this same date, I caused the above-mentioned JOINT CASE MANAGEMENT STATEMENT to be served upon the following counsel of record via first class mail:

| | |
|---|---|
| Arlo Garcia Uriarte<br>Liberation Law Group<br>2760 Mission Street<br>San Francisco, CA 94110 | Jason Joseph Szydlik<br>Liberation Law Group<br>2760 Mission Street<br>San Francisco, CA 94110 |

_____
Jennifer Kramer
Jennifer Kramer Legal
707 Wilshire Boulevard, Suite 3600
Los Angeles, CA 90017
(213) 955-0200
Counsel for Plaintiff