REBECCA EISEN, State Bar No. 096129
JENNIFER SVANFELDT, State Bar No. 233248
MORGAN, LEWIS & BOCKIUS, LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1000
Fax: 415.442.1001
reisen@morganlewis.com
jsvanfeldt@morganlewis.com

JILL A. PORCARO, SBN 190412
MORGAN, LEWIS & BOCKIUS LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071
Tel: 213.612.2500
Fax: 213.612.2501
jporcaro@morganlewis.com

Attorneys for Defendant
SERVISAIR LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT NAVARRO, on behalf, and on behalf of others similarly situated, and the general public,<br><br>                     Plaintiffs,<br><br>          vs.<br><br>SERVISAIR LLC, a Limited Liability Corporation; and DOES 1 through 50, inclusive,<br><br>                     Defendants. | Case No. CV-08-2716-MHP<br><br>**NOTICE OF PENDENCY OF OTHER ACTION OR PROCEEDING PURSUANT TO L.R. 3-13** |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFF:**

Pursuant to Local Rule 3-13, Defendant SERVISAIR LLC, ("Defendant") states that the matter of <u>Vonetta Mobley v. GlobeGround North America LLC</u>, <u>et al.</u> (hereinafter "<u>Mobley v. Servisair</u>") pending in the Superior Court of the State of California, County of Los Angeles, Case No. BC 356051 is another pending putative class action brought against Defendant Servisair LLC

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/20157362.1

NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING

1    (formerly Penauille Servisair LLC and GlobeGround North America LLC).  A copy of the First

2    Amended Complaint in <u>Mobley v. Servisair</u> filed in the Los Angeles Superior Court is attached

3    hereto as Exhibit 1.

4        The <u>Mobley v. Servisair</u> case is brought by a different class representative but asserts

5    similar putative class action claims against Defendant Servisair LLC for purported violations of

6    Labor Code Sections 201, 202, 226, 226.7, 512 and Business and Profession Code § 17200.  The

7    putative class members in the instant action - which currently consist of Defendant's non-exempt

8    employees in California from April 24, 2004 through the present - overlap with those in the

9    <u>Mobley v. Servisair</u> action.  Specifically, the putative class members in the <u>Mobley v. Servisair</u>

10   with respect to Plaintiff Mobley's claims for failure to provide meal and rest breaks include all of

11   Defendant's current and former bus drivers employed in California from July 26, 2002, through

12   the present.  The putative class members with respect to Plaintiff Mobley's claim for violation of

13   Labor Code Section 226 include all of Defendant's current and former non-exempt employees in

14   California from July 26, 2002, through the present.

15       Servisair LLC reached a tentative settlement with Plaintiff Mobley concerning her

16   individual and class claims during a mediation which took place on April 29, 2008 (prior to

17   Defendant's receipt of notice of Plaintiff Navarro's service of the Complaint in this action) and

18   entered into a Memorandum of Understanding with Plaintiff in the <u>Mobley v. Servisair</u> matter on

19   May 15, 2008.  Plaintiff Mobley is scheduled to file a motion for preliminary approval of the

20   class settlement on September 10, 2008, to be heard on September 17, 2008.

21

22       Servisair LLC served and filed a Notice of Related Case in the <u>Mobley v. Servisair</u> matter

23   on May 18, 2008 notifying Plaintiff Navarro of the pending <u>Mobley v. Servisair</u> action and

24   notifying Plaintiff Mobley of this action, a copy of which is attached hereto as Exhibit 2.  Plaintiff

25   Navarro filed a response in the <u>Mobley v. Servisair</u> matter on May 27, 2008, a copy of which is

26   attached hereto as Exhibit 3.

27       The parties to this action held an early meeting of counsel pursuant to Fed. Rule of Civ.

28   Proc. 26 on August 18, 2008.  During that conference, Defendant's counsel, Jill Porcaro, inquired

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/20157362.1                    2                    NOTICE OF PENDENCY OF OTHER
                                                       ACTION OR PROCEEDING

1  of Navarro's counsel whether Navarro intended to limit the putative class definition in this action

2  to exclude the claims to be released pursuant to the Settlement in the Mobley v. Servisair matter.

3  Plaintiff's counsel stated that Plaintiff was considering whether to limit the class claims but had

4  not yet made a decision to do so.

5       In consideration of the pending settlement, Defendant does not believe that the Mobley v.

6  Servisair matter should be coordinated with this action.

7  Dated: September 5, 2008            MORGAN, LEWIS & BOCKIUS LLP

8

9

10  By _____

11      Jill A. Porcaro
    Attorneys for Defendant
    SERVISAIR LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
NEW YORK

DB2/20157362.1        3        NOTICE OF PENDENCY OF OTHER
ACTION OR PROCEEDING

# EXHIBIT 1

1  Mark Yablonovich (SBN 186670)
2  Marc Primo (SBN 216796)
   Robert E. Byrnes (SBN 200761)
3  Matthew T. Theriault (SBN 244037)
   Linh Hua (SBN 247419)
4  Initiative Legal Group LLP
   1875 Century Park East, Suite 1800
5  Los Angeles, California 90067
   Telephone: (310) 556-5637
6  Facsimile: (310) 861-9051
7
   Attorneys for Plaintiff
8

RECEIVED

MAR 19 2007

Morgan, Lewis & Bockius LLP

9            SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                FOR THE COUNTY OF LOS ANGELES

11

12  PENAUILLE SERVICEAIR LLC WAGE AND      CASE NO: BC356051
    HOUR LITIGATION
13                                          FIRST AMENDED COMPLAINT

14  VONETTA MOBLEY, individual, and on      CLASS  ACTION  &  ENFORCEMENT
    behalf of other members of the general public   UNDER  THE  PRIVATE  ATTORNEYS
15  similarly situated,                     GENERAL  ACT,  CALIFORNIA LABOR
                                            CODE § 2699 ET SEQ.
16                    Plaintiff,
                                            [Assigned for all purposes to the Hon. Judge
17          vs.                             West, Dept. 311]

18  SOUTHLAND TRANSIT, INC. et al.
                                            (1) Violation of California Labor Code § 226
19                    Defendants.           (Improper Wage Statements);

20                                          (2) Violation of California Labor Code §§
                                            512 and 226.7 (Failure to Provide Meal
21                                          Breaks);

22                                          (3) Violation of California Labor Code §
                                            226.7 (Failure To Provide Rest Breaks);
23
                                            (4) Violation of California Labor Code §§
24                                          201 and 202 (Failure to Pay Wages at
                                            Termination or Discharge); and,
25
                                            (5) Violation of California Business and
26                                          Professions Code § 17200, et seq.
27
28                                          Exhibit ____, Page ___4___

FIRST AMENDED COMPLAINT

**Jury Trial Demanded**

Action Filed:   July 26, 2006

Plaintiff, individually and on behalf of all other members of the public similarly situated, alleges as follows:

## JURISDICTION AND VENUE

1)     This class action is brought pursuant to <u>California Code of Civil Procedure</u> § 382.  The monetary damages and restitution sought by Plaintiff exceed the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial.  The amount in controversy for each class representative, including claims for compensatory damages and pro rata share of attorney fees, is less than $75,000.

2)     This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, § 10, which grants the Superior Court "original jurisdiction in all causes except those given by statute to other courts."  The statutes under which this action is brought do not specify any other basis for jurisdiction.

3)     This Court has jurisdiction over all Defendants because, upon information and belief, each party is either a citizen of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California courts consistent with traditional notions of fair play and substantial justice.

4)     Venue is proper in this Court because, upon information and belief, one or more of the named Defendants reside, transact business, or have offices in this county and the acts and omissions alleged herein took place in this county.

## THE PARTIES

5)     Plaintiff Vonetta Mobley ("Plaintiff") is a resident of Los Angeles in the state of California.

Exhibit ___, Page _5_

- 1 -

1   6)    Defendants Globeground North America, LLC, and Servisair USA, Inc.,
2   ("Defendants") were and are, upon information and belief, doing business within the state of
3   California, and at all times hereinafter mentioned, are employers whose employees are engaged
4   throughout this county, the state of California, or the various states of the United States of
5   America.

6   7)    Plaintiff is unaware of the true names or capacities of the Defendants sued herein under
7   the fictitious names DOES 1-10, but prays for leave to amend and serve such fictitiously named
8   Defendants pursuant to <u>California Code of Civil Procedure</u> § 474 once their names and capacities
9   become known.

10   8)    Plaintiff is informed and believes, and thereon alleges, that Does 1-10 are the partners,
11   agents, owners, shareholders, managers or employees of Defendant, and were acting on behalf of
12   Defendants.

13   9)    Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and
14   omissions alleged herein was performed by, or are attributable to, Defendants and DOES 1-10
15   (collectively "Defendants"), each acting as the agent for the other, with legal authority to act on
16   the other's behalf. The acts of any and all Defendants were in accordance with, and represent the
17   official policy of, Defendants.

18   10)    At all times herein mentioned, Defendants, and each of them, ratified each and every
19   act or omission complained of herein. At all times herein mentioned, Defendants, and each of
20   them, aided and abetted the acts and omissions of each and all the other Defendants in proximately
21   causing the damages herein alleged.

22   11)    Plaintiff is informed and believes, and thereon alleges, that each of said Defendants is
23   in some manner intentionally, negligently, or otherwise responsible for the acts, omissions,
24   occurrences, and transactions alleged herein.

25   ## CLASS ACTION ALLEGATIONS

26   12)    Plaintiff brings this action on her own behalf, as well as on behalf of each and all other
27   persons similarly situated, and thus, seeks class certification under <u>California Code of Civil</u>
28   <u>Procedure</u> § 382.

Exhibit ___, Page 6

-2-

FIRST AMENDED COMPLAINT

13)    All claims alleged herein arise under California law for which Plaintiff seeks relief authorized by California law.

14)    The proposed class is comprised of and defined as:

> All non-exempt employees who have been employed by Defendant in the state of California within four years prior to the filing of this complaint until resolution of this lawsuit.

15)    There is a well defined community of interest in the litigation and the class is easily ascertainable:

a.    Numerosity:  The members of the class (and each subclass, if any) are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the entire class is unknown to Plaintiff at this time, however, the class is estimated to be greater than one hundred individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality:  Plaintiff is qualified to, and will, fairly and adequately protect the interests of each class member with whom she has a well defined community of interest, and Plaintiff's claims (or defenses, if any) are typical of all class members' as demonstrated herein.

c.    Adequacy:  Plaintiff is qualified to, and will, fairly and adequately, protect the interests of each class member with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges that she has an obligation to make known to the Court any relationship, conflicts or differences with any class member. Plaintiff's attorneys and the proposed class counsel are versed in the rules governing class action discovery, certification, and settlement.  Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  Class actions will achieve economies of time, effort and expense as compared to separate lawsuits, and will avoid inconsistent outcomes because the same issues can be adjudicated in the same manner and at the same time for the entire class. Exhibit ____ Page ____

1        e.    <u>Public Policy Considerations</u>: Employers of the state violate employment and labor

2    laws every day.  Current employees are often afraid to assert their rights out of fear of direct or

3    indirect retaliation.  Former employees are fearful of bringing actions because they believe their

4    former employers may damage their future endeavors through negative references and/or other

5    means.  Class actions provide the class members who are not named in the complaint with a type

6    of anonymity that allows for the vindication of their rights at the same time as their privacy is

7    protected.

8        16)    There are common questions of law and fact as to the class (and each subclass, if any)

9    that predominate over questions affecting only individual members, including but not limited to:

10        a.    Whether Defendants complied with wage reporting as required by the <u>California</u>

11    <u>Labor Code</u>; including but not limited to Section 226;

12        b.    Whether Defendant failed to provide meal breaks;

13        c.    Whether Defendants failed to provide rest breaks;

14        d.    Whether Defendants failed to pay all wages to employees upon termination or

15    discharge;

16        e.    Whether Defendants' conduct was willful or reckless;

17        f.    Whether Defendants engaged in unfair business practices in violation of <u>California</u>

18    <u>Business & Professions Code</u> § 17200, *et seq*.; and

19        g.    The appropriate amount of damages, restitution, or monetary penalties resulting

20    from Defendants' violations of California law.

21

22    <u>**FACTUAL ALLEGATIONS**</u>

23        17)    At all times set forth, Defendant employed Plaintiff and other persons in the capacity of

24    non-exempt employees.

25        18)    Defendants employed Plaintiff as a bus driver from on or about March 2003 to on or

26    about September of 2005.

27        19)    Defendants continue to employ non-exempt employees within California.

28

Exhibit ___, Page 8

- 4 -

FIRST AMENDED COMPLAINT

20)     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants were advised by skilled lawyers and other professionals, employees and advisors knowledgeable about California labor and wage law and employment and personnel practices, and about the requirements of California law.

21)     At all times herein set forth, California Labor Code § 2699 *et seq.*, The Labor Code Private Attorneys General Act ("PAGA") was applicable to Plaintiff's employment by Defendants.

22)     PAGA provides that for any provision of law under the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself and other current or former employees pursuant to procedures outlined in California Labor Code § 2699.3.

23)     Pursuant to PAGA, a civil action may be brought by an aggrieved employee, who is any person that was employed by the alleged violator and against whom one or more of the alleged violations was committed.

24)     Plaintiff was employed by the Defendants and the alleged violations were committed against her during her time of employment and she is therefore, an aggrieved employee.

25)     Pursuant to California Labor Code §§ 2699.3 and 2699.5, an aggrieved employee, such as Plaintiff, may as a matter of right amend an existing complaint to add a cause of action arising under California Labor Code § 2699 only after the following requirements have been met:

    a.     The aggrieved employee shall give written notice ("Notice") by certified mail to the LWDA and the employer of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violation;

    b.     The LWDA shall notify the employer and the aggrieved employee by certified mail that it does not intent to investigate the alleged violation within 30 days of the postmark date of the Notice. Upon receipt of the Notice, or, if no Notice is provided within 33 days of the Notice, the aggrieved employee may amend an

Exhibit ___, Page 9

existing complaint within 60 days of receiving the Notice that the LWDA does not intend to investigate the alleged violation, to add a cause of action pursuant to California Labor Code § 2699 to recover civil penalties in addition to any other penalties that the employee may be entitled to.

26)    Plaintiff has provided written notice by certified mail to the LWDA (see Exhibit A, attached hereto) and has provided a copy of the letter to Defendant of the specific provisions of the Labor Code alleged to have been violated, including the facts and theories to support the alleged violations.

27)    On September 113, 2006, the LWDA notified Defendants and Plaintiff that it did not intend to investigate the alleged violations.

28)    Plaintiff has satisfied the requirements of PAGA and may amend her existing complaint to recover civil penalties, in addition to other remedies, for violations of California Labor Code §§ 201, 202, 203, 204, 226, 226.7, and 512.

## FIRST CAUSE OF ACTION

### Violation of California Labor Code § 226(a)

### (Against all Defendants)

29)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 28.

30)    Defendants have intentionally failed to provide employees with complete and accurate wage statements that include, among other things, the employer name, the inclusive dates of the pay period, the applicable rate paid to employees, failure to include the employee's social security number, and the actual number of hours worked by Plaintiff and the other class members.

31)    Plaintiff and the other members of the class are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code § 226(a) or an aggregate penalty not exceeding four thousand dollars, and an award of costs and reasonable attorneys' fees pursuant to California Labor Code § 226(e). Plaintiff also seeks injunctive relief pursuant to California Labor Code § 226(g), whereby Defendants are to cease

1  providing class members with non-conforming wage statements and to provide wage statements in
2  accordance with <u>California Labor Code</u> § 226(a).

3      32)    Pursuant to <u>California Labor Code</u> §§ 2699(f) and 226.3, Plaintiff and the other
4  members of the class are entitled to recover from Defendants the greater of their actual damages
5  caused by Defendant's failure to comply with <u>California Labor Code</u> § 226(a) or an aggregate
6  penalty not exceeding $4,000.00, and an award of costs and reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**

**Violation of <u>California Labor Code</u> §§ 226.7 and 512**

**(Against all Defendants)**

10      33)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material
11  allegations set out in paragraphs 1 through 32.

12      34)    At all times herein set forth, <u>California Labor Code</u> § 218 authorizes employees to sue
13  directly for any wages or penalty due to them under the <u>Labor Code</u>.

14      35)    At all times herein set forth, <u>California Labor Code</u> § 226.7(a) provides that no
15  employer shall require an employee to work during any meal period mandated by an applicable
16  order of the California Industrial Welfare Commission.

17      36)    At all times herein set forth, <u>California Labor Code</u> § 512(a) provides that an employer
18  may not employ an employee for a work period of more than five hours per day without providing
19  the employee with a meal period of not less than thirty minutes, except that if the total work period
20  per day of the employee is not more than six hours the meal period may be waived by mutual
21  consent of both the employer and the employee.

22      37)    At all times herein set forth <u>California Labor Code</u> § 512(a) further provides that an
23  employer may not employ an employee for a work period of more than ten hours per day without
24  providing the employee with a second meal period of not less than thirty minutes, except that if
25  the total hours worked is no more than twelve the second meal period may be waived by mutual
26  consent of the employer and the employee only if the first meal period was not waived.

27

28

Exhibit ____, Page ____

- 7 -

FIRST AMENDED COMPLAINT

38)     During the relevant time period, Plaintiff and other class members who were scheduled to work for a period of time in excess of six hours were required to work for periods longer than five hours without a meal period of not less than thirty minutes.

39)     During the relevant time period, Plaintiff and other members of the class who were scheduled to work in excess of ten hours but not longer than twelve hours, and who did not waive their legally-mandated meal periods by mutual consent were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes.

40)     During the relevant time period, Plaintiff and other members of the class who were scheduled to work in excess of twelve hours were required to work in excess of ten hours without receiving a second meal period of not less than thirty minutes.

41)     During the relevant time period, the Defendants required the Plaintiff and other members of the class to work during meal periods and failed to compensate Plaintiff and members of the class for work performed during meal periods.

42)     Defendants' conduct violates applicable orders of the California Industrial Wage Commission, and California Labor Code §§ 226.7(a) and 512(a).

43)     Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.

44)     Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and other class members are entitled to recover civil penalties in the amount of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violations of California Labor Code §226.7.

## THIRD CAUSE OF ACTION

### Violation of California Labor Code § 226.7

### (Against all Defendants)

45)     Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 44.

Exhibit __, Page 12

46)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalty due to them under the Labor Code.

47)    At all times herein set forth, California Labor Code § 226.7(a) provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California Industrial Welfare Commission.

48)    During the relevant time period, the Defendants required the Plaintiff and other members of the class to work during rest periods and failed to compensate Plaintiff and members of the class for work performed during rest periods.

49)    Defendants' conduct violates applicable orders of the California Industrial Wage Commission, and California Labor Code §§ 226.7(a).

50)    Pursuant to California Labor Code § 226.7(b), Plaintiff and other members of the class are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that a rest period was not provided.

51)    Pursuant to California Labor Code § 2699(f) and (g), Plaintiff and other class members are entitled to recover civil penalties in the amount of $100 for each aggrieved employee per pay period for the initial violation and $200 for each aggrieved employee per pay period for each subsequent violation, plus costs and attorneys' fees for violations of California Labor Code §226.7.

## FOURTH CAUSE OF ACTION

### Violation of California Labor Code §§ 201 and 202

### (Against all Defendants)

52)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material allegations set out in paragraphs 1 through 51.

53)    At all times herein set forth, California Labor Code § 218 authorizes employees to sue directly for any wages or penalties due to them under the Labor Code.

54)    At all times herein set forth, California Labor Code §§ 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and that if an employee voluntarily leaves her or her employment, his or

Exhibit ___ Page ___

FIRST AMENDED COMPLAINT

1   her wages shall become due and payable not later than seventy-two hours thereafter, unless the

2   employee has given seventy-two hours previous notice of her or her intention to quit, in which

3   case the employee is entitled to her or her wages at the time of quitting.

4       55)    During the relevant time period, Defendants failed to pay Plaintiff and those class

5   members who are no longer employed by Defendants their wages, earned and unpaid, either at the

6   time of discharge, or within seventy-two hours of their leaving Defendants' employ.

7       56)    Defendants' failure to pay Plaintiff and those class members who are no longer

8   employed by Defendants their wages earned and unpaid at the time of discharge, or within

9   seventy-two hours of their leaving Defendants' employ, is in violation of <u>California Labor Code</u>

10  §§ 201 and 202.

11      57)    <u>California Labor Code</u> § 203 provides that if an employer willfully fails to pay wages

12  owed, in accordance with Sections 201 and 202, then the wages of the employee shall continue as

13  a penalty from the due date, and at the same rate until paid or until an action is commenced; but

14  the wages shall not continue for more than thirty days.

15      58)    Plaintiff and other class members are entitled to recover from Defendants the statutory

16  penalty for each day they were not paid at their regular hourly rate of pay, up to a thirty day

17  maximum pursuant to <u>California Labor Code</u> § 203.

18      59)    Pursuant to <u>California Labor Code</u> § 2699(f) and (g), Plaintiff and other class members

19  are entitled to recover civil penalties in the amount of $100 for each aggrieved employee per pay

20  period for the initial violation and $200 for each aggrieved employee per pay period for each

21  subsequent violation, plus costs and attorneys' fees for violations of <u>California Labor Code</u> §§ 201

22  and 202.

## FIFTH CAUSE OF ACTION

### Violation of <u>California Business & Professions Code</u> § 17200, *et seq.*

### (Against all Defendants)

26      60)    Plaintiff incorporates by reference and re-alleges as if fully stated herein the material

27  allegations set out in paragraphs 1 through 59.

28

Exhibit ___, Page 14

FIRST AMENDED COMPLAINT

61) Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to the Plaintiff, the other members of the class, and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure § 1021.5.

62) Defendants' activities as alleged herein are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code § 17200, et seq.

63) Plaintiff and the putative Class members have been personally aggrieved by Defendants' unlawful business acts and practices alleged herein by the loss of money or property.

64) Pursuant to California Business & Professions Code § 17200, et seq., Plaintiff and the putative Class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this complaint; a permanent injunction requiring Defendants to pay all outstanding wages due to class members; an award of attorneys' fees pursuant to California Code of Civil Procedure § 1021.5 and other applicable law; and an award of costs.

65) A violation of California Business & Professions Code § 17200, et seq. may be predicated on the violation of any state or federal law. In the instant case, Defendants' policy and practice of failing to provide accurate meal and rest breaks provide the basis for this violation.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

Plaintiff, and on behalf of all others similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representatives of the Class; and

3. That counsel for Plaintiffs be appointed as Class counsel.

Exhibit ____, Page 15

1

<u>As to the First Cause of Action</u>

2    4.    For statutory penalties pursuant to <u>California Labor Code</u> § 226(e);

3    5.    For reasonable costs and attorneys' fees pursuant to <u>California Labor Code</u> § 226(e);

4    6.    For equitable relief, including injunctive relief, pursuant to <u>California Labor Code</u> §

5    226(g), whereby Defendants will cease providing nonconforming wage statements and will

6    provide class members with wage statements that conform to <u>California Labor Code</u> § 226(a).

7    Plaintiff also seeks reasonable attorneys' fees;

8    7.    For such other and further relief as the Court may deem equitable and appropriate; and

9    8.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

10    pursuant to <u>California Labor Code</u> §§ 2699(f) and (g), and 226.3.

11

<u>As to the Second Cause of Action</u>

12    9.    For all actual, consequential, and incidental losses and damages, according to proof;

13    10.    For statutory penalties pursuant to <u>California Labor Code</u> § 226.7(b);

14    11.    For costs of suit incurred herein;

15    12.    For such other and further relief as the Court may deem appropriate; and

16    13.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

17    pursuant to <u>California Labor Code</u> § 2699(f) and (g).

18

<u>As to the Third Cause of Action</u>

19    14.    For all actual, consequential, and incidental losses and damages, according to proof;

20    15.    For statutory penalties pursuant to <u>California Labor Code</u> § 226.7(b);

21    16.    For costs of suit incurred herein;

22    17.    For such other and further relief as the Court may deem appropriate; and

23    18.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

24    pursuant to <u>California Labor Code</u> § 2699(f) and (g).

25

<u>As to the Fourth Cause of Action</u>

26    19.    For all actual, consequential and incidental losses and damages, according to proof;

27    20.    For statutory penalties pursuant to <u>California Labor Code</u> § 203 for Plaintiff and all

28    other class members who have left Defendants' employ;

- 12 -

Exhibit _____, Page 16

<u>FIRST AMENDED COMPLAINT</u>

1    21.    For costs of suit incurred herein; and

2    22.    For such other and further relief as the Court may deem equitable and appropriate; and

3    23.    For all civil penalties and reasonable attorneys' fees and costs of suit incurred herein

4    pursuant to <u>California Labor Code</u> § 2699(f) and (g).

5                            <u>As to the Fifth Cause of Action</u>

6    24.    For disgorgement of any and all "unpaid wages" and incidental losses, according to

7    proof;

8    25.    For restitution of "unpaid wages" to all class members and prejudgment interest from

9    the day such amounts were due and payable;

10    26.    For the appointment of a receiver to receive, manage and distribute any and all funds

11    disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a

12    result of violations of <u>California Business & Professions Code</u> § 17200 *et seq.*;

13    27.    For reasonable attorneys' fees that Plaintiff and other members of the class are entitled

14    to recover under <u>California Code of Civil Procedure</u> § 1021.5;

15    28.    For costs of suit incurred herein; and

16    29.    For such other and further relief as the Court may deem equitable and appropriate.

17

18

19    Dated:  March 16, 2006

Respectfully submitted,
Initiative Legal Group LLP

By: _____
    Mark Yablonovich
    Marc Primo
    Robert E. Byrnes
    Matthew T. Theriault
    Linh Hua
    Attorneys for Plaintiffs

FIRST AMENDED COMPLAINT

Exhibit 1, Page 17

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles. I declare that I am over the age of eighteen (18) and not a party to this action. My business address is: Initiative Legal Group LLP, 1875 Century Park East, Suite 1800, Los Angeles, California 90067.

On March 16, 2007, I served the within document(s) described below as:

### FIRST AMENDED COMPLAINT

on the interested parties in this action by placing true copies thereon enclosed in sealed envelopes address as follows:

> Jill Ann Porcaro
> Morgan, Lewis & Bockius LLP
> 300 South Grand Ave. Suite 2200
> Los Angeles, CA 90071-3132
> 213.612.2501 Facsimile

(X)    **MAIL:** I deposited such envelope in the mail at Los Angeles, California. The envelopes were mailed with postage thereon fully prepaid.

(X)    **FACSIMILE:** I caused the above-referenced document(s) to be transmitted to the above-named person at the telephone numbers above.

(X)    **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

( )    **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**EXECUTED** this document on March 16, 2007, at Los Angeles, California.

Karen Acio

# EXHIBIT 2

ORIGINAL

1   MORGAN, LEWIS & BOCKIUS LLP
    JOHN S. BATTENFELD (SBN 119513)
2   BARBARA A. FITZGERALD (SBN 151038)
    JILL A. PORCARO (SBN 190412)
3   300 South Grand Avenue
    Twenty-Second Floor
4   Los Angeles, CA  90071-3132
    Tel:  213.612.2500
5   Fax:  213.612.2501
    jbattenfeld@morganlewis.com
6   bfitzgerald@morganlewis.com
    jporcaro@morganlewis.com
7
    Attorneys for Defendant
8   SERVISAIR LLC, formerly known as
    PENAUILLE SERVISAIR LLC, formerly
9   known as GLOBEGROUND NORTH
    AMERICA LLC and SERVISAIR USA INC.
10

ORIGINAL FILED
MAY 1 9 2008
LOS ANGELES
SUPERIOR COURT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

11          COUNTY OF LOS ANGELES, CENTRAL CIVIL WEST

12

13  VONETTA MOBLEY, an individual,          Case No. BC 356051
    and on behalf of other members of the
14  general public similarly situated,,      Assigned to the Honorable Carl J. West
                                             Complaint filed: July 26, 2006
15              Plaintiff,
                                             **NOTICE OF RELATED CASE**
16        vs.                                **[CRC 3.300]**

17  SOUTHLAND TRANSIT, INC., a
    California Corporation,
18  GLOBEGROUND NORTH AMERICA
    LLC, a Delaware corporation, and,
19  DOES 1 through 10, inclusive,

20              Defendant.

21         TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

22         Pursuant to California Rule of Court 3.300, Defendants SERVISAIR LLC,

23  formerly known as PENAUILLE SERVISAIR LLC, formerly known as

24  GLOBEGROUND NORTH AMERICA LLC and SERVISAIR USA INC.

25  ("Defendants") state that the matter of Robert Navarro on behalf of himself, and on

26  behalf of others similarly situated, and the general public v. Servisair, a Limited

27  Liability Corporation and Does 1 through 50, inclusive., Case No. CGC0847460,

28
MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
  LOS ANGELES

1-LA/991695.1

Exhibit 2 Page 19

1  ("Navarro v. Servisair") pending in the Superior Court for the State of California,

2  County of San Francisco is related to the above entitled action.  A copy of the

3  Complaint in Nevarro v. Servisair filed on April 24, 2008 is attached hereto as

4  Exhibit 1.

5        The Navarro v. Servisair case is related to this case because it asserts similar

6  putative class action claims against Defendant Servisair LLC for purported

7  violation of Labor Code Sections 201, 202, 226 and 226.7.

8  Dated: May 16, 2008                              MORGAN, LEWIS & BOCKIUS LLP

9

10                                        By _____
                                              Jill A. Porcaro
11                                            Attorneys for Defendant
                                              SERVISAIR LLC and SERVISAIR
12                                            USA INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Arlo Garcia Uriarte, SBN 231764
2  Jason J. Szydlik, SBN 238356
   LIBERATION LAW GROUP
3  2760 Mission Street
   San Mateo, CA 94110
4  Telephone: (415) 695-1000
   Facsimile: (415) 695-1006
5
6  Jennifer Kramer, SBN 203385
   Judith Wiederhorn, SBN 239885
7  JENNIFER KRAMER LEGAL, APC
   707 Wilshire Blvd., Suite 3600
8  Los Angeles, CA 90017
   Telephone: (213) 955-0200
9  Facsimile: (213) 955-0215
10
11 Attorneys for PLAINTIFFS

12              SUPERIOR COURT OF THE STATE OF CALIFORNIA

13                  FOR THE COUNTY OF SAN FRANCISCO

14

15 Robert Navarro, on behalf of himself, and on      Case No. CGC 08   474610
16 behalf of others similarly situated, and the
   general public,                                  **CLASS ACTION**
17
18         Plaintiffs,                               **COMPLAINT FOR DAMAGES AND
                                                     EQUITABLE RELIEF:**
        vs.
19                                                   **(1) FAILURE TO PAY WAGES**
20 Servisair, a Limited Liability Corporation;
   and DOES 1 through 50, inclusive,                **(2) FAILURE TO COMPENSATE FOR
21                                                   IMPROPER OR MISSED MEAL
                                                     PERIODS**
22         Defendants.
                                                     **(3) FAILURE TO PAY OVERTIME
23                                                   COMPENSATION**
24                                                   **(4) UNLAWFUL DEDUCTIONS FROM
                                                     WAGES**
25
                                                     **(5) FAILURE TO PROVIDE
26                                                   ACCURATE WAGE STATEMENTS**

                                                     **(6) WAITING TIME PENALTIES**
27
                                                     **(7) UNFAIR BUSSINESS PRACTICES**
28

COMPLAINT [CLASS ACTION]

Exhibit  2 , Page 21

PLAINTIFF Robert Navarro ("PLAINTIFF"), hereby submits his Complaint against Defendant Servisair LLC, and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of himself, and the class of others similarly situated, as follows:

## INTRODUCTION

1.  This class action is within the Court's jurisdiction under California Labor Code Sections 201-204, 226, 510, 1194, 226.7, 221, 223, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2.  This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders against employees of DEFENDANTS.

3.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful meal periods.

4.  PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California Labor Code, Business and Professions Code and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due (b) the opportunity to take proper meal periods, and (c) receive accurate wage statements.

5.  The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code and applicable IWC wage orders.

## JURISDICTION AND VENUE

6.  The Court has jurisdiction over the violations of the California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the

2

COMPLAINT [CLASS ACTION]

Exhibit 2, Page 22

1  Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged

2  herein. Damages alleged herein are in an amount that exceeds $25,000, the precise amount of

3  which will be proven at trial.

4      7.   Venue is proper because the alleged wrongs occurred in the County of San Francisco.

5  DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFF

6  worked for DEFENDANTS in the San Francisco International Airport, Westfield Road, San

7  Francisco, CA 94128.

8                                    **PARTIES**

9      8.   PLAINTIFF Robert Navarro was employed as a ramp agent with DEFENDANTS

10  from March 15, 1999 to the present. PLAINTIFF was a victim of the policies, practices and

11  customs of DEFENDANTS complained of in this action in ways that have deprived him of the

12  rights guaranteed him by California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 221, 226,

13  223, and 512, California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices

14  Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including

15  IWC Wage Order No. 9§ 11 and 12. PLAINTIFF resides in San Mateo County, but was

16  employed by DEFENDANTS at all times relevant to this complaint in San Francisco County.

17

18      9.   SERVISAIR LLC is a Limited Liability Corporation doing business in the State

19  of California with its principal place of business in the County of San Francisco.

20      10.   PLAINTIFF is informed and believes and thereon alleges that at all times herein

21  mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business

22  entities, individuals, and partnerships, licensed to do business and actually doing business in the

23  State of California.

24      11. DEFENDANTS own and operate an industry, business and establishment in the

25  County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related

26  services to Airlines that serve San Francisco International Airport. As such, and based upon all

27  the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS

28  are subject to California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512,

3

California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12.

12.    PLAINTIFF does not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFF prays leave to amend this complaint when the true names and capacities are known. PLAINTIFF is informed and believes and thereon alleges that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFF and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

13.    At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

14.    PLAINTIFF is informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

15.    At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

4

Exhibit ___, Page ___

and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

17.    At all times herein mentioned, DEFENDANTS, and each of them, ratified each and every act or omission complained of herein. At all times herein mentioned, the DEFENDANTS, and each of them, aided and abetted the acts and omissions of each and all of the other DEFENDANTS in proximately causing the damages as herein alleged.

## STATEMENT OF FACTS

18.    Servisair LLC is one of the world's leading operators in aviation ground services. Servisair LLC's dedicated employees offer a spectrum of services including, but not limited to: passenger services, ramp services, fuelling, load control and operations and aircraft cleaning.

19.    PLAINTIFF and similarly situated employees are required to clock in and clock out each work day. PLAINTIFF and similarly situated employees do not clock in and clock out for required meal periods. Instead, DEFENDANTS have a system in place to automatically deduct one hour of time from each employee's daily actual hours timekeeping records.

20.    Despite the actual hours worked by each employee or whether a proper meal period, or whether one hour was actually taken by each employee each workday, the payroll system and practice in place deducts one hour of time from each workday and each employee's time records, thereby reducing the amount of pay received each pay period.

21.    DEFENDANTS failed to account for day to day circumstances that required an employee to miss a required meal period and thereby entitling that employee to an extra one hour compensation as required by law.

22.    PLAINTIFF and similarly situated employees worked full-time for DEFENDANTS and their daily rate of pay were reduced to account for employee contributions made health benefits. PLAINTIFF and similarly situated employees did not receive any health benefits, nor elected to receive health benefits, or opted out of receiving health benefits. Despite not receiving health benefits through DEFENDANTS, PLAINTIFF and similarly situated employees' regular rate of pay were reduced.

5

23.    PLAINTIFF and similarly situated employees are entitled to overtime pay compensation because they worked over eight hours a day or 40 hours a week. Because of DEFENDANTS illegal payroll system that deducted an automatic one hour each workday, PLAINTIFF and similarly situated employees did not receive proper overtime rate compensation sometimes worked over eight hours a day or 40 hours per week without being compensated at the overtime rate required by law.

## CLASS ACTION ALLEGATIONS

24.    **Definition:** The named individual PLAINTIFF brings this action on behalf of himself and the class pursuant to California Code of Civil Procedure § 382 and is consistent with Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The class is defined as:

"All current and former employees of DEFENDANTS who worked in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

25.    **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFF is informed and believes that the San Francisco location of Servisair LLC employs about 200 employees. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFF is informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal breaks.

26.    **Adequacy of Representation:** PLAINTIFF is a member of the class, PLAINTIFF does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFF will fairly and adequately represent and protect the interests of the class members. The PLAINTIFF's counsel are competent and experienced in litigating employment class actions, including wage and hour class actions.

6

27.     **Superiority of Class Action:**  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein.  Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged.  Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

28.     The California Labor Code and Wage Order provisions upon which PLAINTIFF bases his claims are broadly remedial in nature.  These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

29.     The nature of this action and the format of laws available to PLAINTIFF and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein.  If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

30.     The prosecution of separate actions by the individual class members, even if

possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

    **31.**    **Common Question of Law and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

    a.    Whether DEFENDANTS have failed to pay its employees overtime wages for time worked in excess of 40 hours per week and/or eight hours per day;

    b.    Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

    c.    Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

    d.    Whether DEFENDANTS failure to pay overtime compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

    e.    Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

8

f.   Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

g.   Whether DEFENDANTS have made deductions from the compensation paid to Drivers in violation of Labor Code §§ 221, 223, and IWC wage order No. 9, § 8.;

h.   Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i.   Whether the wage statements provided to PLAINTIFF and similarly situated employees were inaccurate pursuant to Labor Code § 226 and IWC Wage Order 9.

j.   Whether PLAINTIFF and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

k.   Whether DEFENDANTS deductions from Employees' compensation constitute an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

l.   Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing, upon termination, to timely pay employees wages that were due for overtime, missed meal periods, and/or wrongful deductions from wages;

9

m. Whether DEFENDANTS failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq; and

n. The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFF and the class alleged herein.

32. **Typicality:** The claims of PLAINTIFF are typical of the claims of all members of the class. The PLAINTIFF is a member of the class and has suffered the alleged violations of California Labor Code Sections 201-204, 510, 1194 226.7, 221, 226, 223, and 512 and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

## FIRST CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR ALL HOURS WORKED PURSUANT TO IWC WAGE ORDER NO. 9 AND LABOR CODE § 1194)

33. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 32 as though fully set for herein.

34. This cause of action is brought pursuant to Labor Code §1194, et seq., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay legal compensation for work performed, whether it be straight-time or overtime.

35. At all times relevant herein, DEFENDANTS were required to compensate its non-exempt, hourly employees for all hours worked pursuant to in violation of California Labor Code §1194 and IWC Wage Order No. 9.

36. As a pattern and practice, DEFENDANTS regularly automatically deducted 60 minutes of pay from employees' daily time records to document meal breaks that were never taken. PLAINTIFF and class members were not compensated for all hours they were subject to

10

1   the control of DEFENDANTS; including all time they were suffered or permitted to work.

2       **37.**    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

3   uniformly administered a corporate policy concerning staffing levels, duties and responsibilities

4   which required PLAINTIFF and the class members to work without appropriate pay. This

5   included a uniform corporate pattern and practice of allocating and authorizing inadequate

6   staffing levels. The inadequate staffing levels were enforced and ensured through the uniform

7   and mandated corporate policy of a minimal labor budget. This corporate conduct is

8   accomplished with the advance knowledge and designed intent to save labor costs by required

9   PLAINTIFF and members of the class to work without proper compensation because they were

10  unable to take the meal periods which were automatically deducted from their time records.

11      **38.**    As a pattern and practice, in violation of the aforementioned labor laws and wage

12  orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not

13  properly maintain records pertaining to when PLAINTIFF and the class took their meal period,

14  the total daily hours worked, and the total hours worked per pay period and applicable rates of

15  pay in violation of California Labor Code §1174.

16      **39.**    The conduct of DEFENDANTS and their agents and employees as described

17  herein was oppressive, fraudulent and malicious, done in conscious disregard of PLAINTIFF's

18  and class members' rights, and was done by managerial employees of DEFENDANTS.

19  PLAINTIFF and class members are thereby entitled to an award of punitive damages against

20  DEFENDANTS, in an amount appropriate to punish and make an example of DEFENDANTS,

21  and in an amount to conform to proof.

22      **40.**    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS

23  willfully failed to pay employees proper compensation for all hours worked. PLAINTIFF is

24  informed and believes and based thereon alleges DEFENDANTS' willful failure to provide

25  wages due and owing them upon separation from employment results in a continued payment of

26  wages up to thirty (30) days from the time the wages were due. Therefore, PLAINTIFF and

27  other members of the class who have separated from employment are entitled to compensation

28

COMPLAINT [CLASS ACTION]

Exhibit 2, Page 3

1  pursuant to Labor Code § 203.

2  　　　41.　　Such a pattern, practice and uniform administration of corporate policy regarding

3  illegal employee compensation as described herein is unlawful and creates an entitlement to

4  recovery by PLAINTIFF in a civil action, for the unpaid balance of the full amount of straight

5  time compensation and overtime premiums owing, including interest thereon, penalties,

6  reasonable attorneys fees, and costs of suit according to the mandate of California Labor Code

7  §1194, et seq.

8  **SECOND CAUSE OF ACTION**

9  **FAILURE TO PROVIDE PROPER MEAL BREAKS**
**IN VIOLATION OF LABOR CODE SECTIONS 226.7 AND 512**
10  **AND IWC WAGE ORDER NO. 9**

11

12  　　　42.　　PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 41 as

13  though fully set for herein.

14  　　　43.　　DEFENDANTS failed in their affirmative obligation to ensure that all of their

15  employees, including PLAINTIFF and other members of the class, were actually relieved of all

16  duties, not performing any work, and free to leave the premises during meal periods.

17  PLAINTIFF and the class were suffered and permitted to work through legally required meal

18  breaks. As such, Defendant is responsible for paying premium compensation for missed meal

19  periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). DEFENDANTS

20  shall pay the each affected employee one (1) hour of pay at the employee's regular rate of

21  compensation for each workday that the meal break was not provided.

22  　　　44.　　PLAINTIFF and class members regularly worked in excess of five (5) hours per

23  day and accordingly had a right to take a 30-minute meal period each day worked in excess of

24  five (5) hours.

25  　　　45.　　As a pattern and practice, DEFENDANTS regularly required employees to work

26  through their meal periods without proper compensation. DEFENDANTS did staff employees in

27  such a manner and at such posts that would make it impossible for these employees to take their

28  meal period. This policy of requiring employees to work through their legally mandated meal

COMPLAINT [CLASS ACTION]    Exhibit ___ Page 32

periods is a violation of California law.

46.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS failure to provide PLAINTIFF and other members of the class with the opportunity to take meal breaks was willful and done with the wrongful and deliberate intention of injuring PLAINTIFF and other members of the class, from improper motives amounting to malice, and in conscious disregard of PLAINTIFF and other members of the class' rights.

47.    PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFF and other members of the class the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, PLAINTIFF and other members of the class who have separated from employment are entitled to compensation pursuant to Labor Code § 203.

48.    As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFF is informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFF began and ended each meal period in violation of California Labor Code §1174 and Section 7 of the applicable IWC Wage Order(s).

49.    Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFF and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B), including interest thereon, penalties, reasonable attorney's fees, and costs of suit according to the mandate of California Labor Code §§ 218.5 or 1194.

50.    DEFENDANTS' wrongful and illegal conduct in failing provide class members with the opportunity to take meal breaks and to provide premium compensation in accordance with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

1  obligation to do so, unless and until enjoined and restrained by order of this court, will cause

2  great and irreparable injury to PLAINTIFF and all members of the class in that the

3  DEFENDANTS will continue to violate these California laws, represented by labor statutes and

4  IWC wage orders, unless specifically ordered to comply with same.  This expectation of future

5  violations will require current and future employees to repeatedly and continuously seek legal

6  redress in order to gain compensation to which they are entitled under California law.

7  PLAINTIFF has no other adequate remedy at law to insure future compliance with the California

8  labor laws and wage orders alleged to have been violated herein.

## THIRD CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION
### (LABOR CODE §§ 510, 1194 ET SEQ., IWC WAGE ORDER NO. 9.)

51.     PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 50 as though fully set for herein.

52.   By failing to pay overtime compensation to PLAINTIFF and similarly situated employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

53. As a result of DEFENDANTS' unlawful acts, PLAINTIFF and the similarly situated employees have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, attorneys' fees, and costs, under Labor Code § 1194.

54. By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

55. PLAINTIFF, on behalf of themselves and similarly situated employees, request relief as described below.

## FOURTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES
### (LABOR CODE §§ 221, 223 IWC. WAGE ORDER NO. 9)

56. PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 55 as though fully set for herein.

57. Labor Code § 221 provides: "It shall be unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee."

58. Labor Code § 223 provides: "Where any statute or contract requires an employer to maintain the designated wage scale, it shall be unlawful to secretly pay a lower wage while purporting to pay the wage designated by statute or by contract."

59. IWC wage order No. 9, § 8 provides that the only circumstance under which an employer can make a deduction from an employee's wage is if the employer can show that cash shortage, breakage, or loss of equipment was the result of the employee's gross negligence or dishonest or willful act.

60. These and related statutes, along with California's fundamental public policy protecting wages and wage scales, prohibit employers from subjecting employees to unanticipated or unpredicted reductions in their wages; making employees the insurers of their employer's business losses; otherwise passing the ordinary business losses of the employer onto the employee; taking deductions from wages for business losses unless the employer can establish that the loss was caused by a dishonest or willful act, or gross negligence of the employee; or taking other unpredictable deductions that may impose a special hardship on employees.

61. DEFENDANTS have violated Labor Code §§ 221, 223, and IWC wage order No. 9, §§ 8 & 9 by unlawfully taking deductions from PLAINTIFFS' and similarly situated employees compensation to cover health benefits that were neither requested nor received.

COMPLAINT [CLASS ACTION]    Exhibit 2, Page 35

62. Because DEFENDANTS made unlawful deductions from compensation, they are liable to PLAINTIFF and Class Members for the compensation that should have been paid but for the unlawful deductions, pursuant to Labor Code §§ 221, 223 and IWC wage order No. 9, § 8.

63. By unlawfully deducting wages and failing to pay PLAINTIFF and other similarly situated employees, DEFENDANTS are also liable for reasonable attorneys' fees and costs under Labor Code § 218.5.

64. PLAINTIFF, on behalf of himself and similarly situated employees, request relief as described below.

## FIFTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS
### (LABOR CODE §§ 226; IWC WAGE ORDER NO. 9)

65.     The allegations of Paragraphs 1 through 64 are realleged and incorporated herein by reference.

66.     Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

67.     DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFF and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS, are liable to PLAINTIFFS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

68.    PLAINTIFF, on behalf of themselves and similarly situated Employees, requests relief as described below.

## SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

69.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 68 as though fully set for herein.

70.    Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

71. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

72. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

73. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal compensation, overtime wages and sums wrongfully deducted from compensation, to employees whose employment terminated.  As a result, DEFENDANS are liable to former employees for waiting time penalties, together with interest thereon and reasonable attorneys' fees and costs, under Labor Code § 203.

74. PLAINTIFF, on behalf of all terminated employees, request relief as described below.

COMPLAINT [CLASS ACTION]    Exhibit 2, Page 37

## SEVENTH CAUSE OF ACTION

### (BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS
### FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*)

75.    PLAINTIFF re-alleges and incorporates by reference paragraphs 1 through 74 as though fully set for herein.

76.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

77.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

78.    Beginning at an exact date unknown to PLAINTIFF, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, by engaging in the following:

   a.    failing and refusing to record meal periods of PLAINTIFF and similarly situated employees;

   b.    failing to pay one hour compensation for improper or missed meal periods;

   c.    failing to pay all wages due to PLAINTIFF and similarly situated employees;

   d.    failing to pay overtime compensation to PLAINTIFF and similarly situated employees;

   e.    failing to provide accurate itemized wage statements to PLAINTIFF and similarly situated employees;

   f.    by illegally deducting wages from Plaintiff and similarly situated employees for health benefits that were not provided nor requested;

18

g.  by intentionally and illegally failing to pay all earned wages to PLAINTIFF and class members on the next payday after such wages were earned by each class member; and

79.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

80.    As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFF and class members.  As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFF and class members have suffered economic injuries including, but not limited to loss of wages, including overtime wages, pay for missed meal and rest periods, and waiting time penalties.  DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFF and similarly situated Employees.

81. PLAINTIFF and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

82. PLAINTIFF and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

83. PLAINTIFFS' success in this action will enforce important rights affecting the public interest.  In this regard, PLAINTIFF sues on behalf of the public as well as on behalf of himself and others similarly situated.  PLAINTIFF seeks and is entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

84. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

COMPLAINT [CLASS ACTION]     Exhibit 2, Page 39

85. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFF requests an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

86. PLAINTIFF has assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

87. By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

88. As a direct and proximate result of the unfair business practices described above, PLAINTIFF, other Employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

89. Pursuant to Business & Prof. Code §17203, PLAINTIFF, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

90. PLAINTIFF, on behalf of themselves and similarly situated Employees, request relief as described below.

91.    PLAINTIFF is informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFF and other members of the class the minimum working condition standards and conditions due to them under the California laws and

COMPLAINT [CLASS ACTION]    Exhibit ___, Page ___

1    Industrial Welfare Commission wage orders as specifically described therein.

2    **PRAYER FOR RELIEF**

3    WHEREFORE, PLAINTIFF on his own behalf and on the behalf of the members of the

4    class, prays for judgment as follows:

5    A.    Certification of the above-described class as a class action, pursuant to

6    Code of Civil Procedure 382;

7    B.    Certification of the above-described class as a representative class under

8    Business and Professions Code § 17200;

9    C.    Class notice be provided to all employees who worked for

10   DEFENDANTS in California at any time from period commencing four years from the filing of

11   this action through the entry of final judgment in this action;

12   D.    A declaratory judgment that DEFENDANTS have knowingly and

13   intentionally violated the following provisions of law:

14   1.    Labor Code §§ 221 and 223 and IWC wage order No. 9 by making

15   unlawful deductions from the compensation paid to PLAINTIFF

16   and the class;

17

18   2.    Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by

19   failure to provide proper off-duty meal periods to PLAINTIFF and

20   the class;

21   3.    Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by

22   failure to pay overtime compensation to PLAINTIFFS and the

23   class;

24   4.    Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to

25   provide PLAINTIFFS and the class with accurate itemized

26   statements of the actual total hours worked with each payment of

27   wages;

28   5.    Labor Code §§ 201-203, for willful failure to pay overtime

21

COMPLAINT [CLASS ACTION]    Exhibit 2, Page 41

1  compensation, pay for missed meal and rest periods, and failure to

2  repay unlawfully deducted wages at the time of termination of

3  employment, resulting in unpaid waiting time penalties; and

4     6.    Cal. Business and Professions Code §§ 17200-17208, by failing to

5  provide proper off-duty meal periods and/or pay meal period

6  compensation, by illegally deducting a health care premium from

7  the hourly rate when no health benefit was provided, failing to pay

8  all wages due and overtime compensation, failing to provide

9  accurate itemized wage statements showing all actual hours

10  worked, and willfully failing to pay all compensation owed to

11  Drivers upon termination of employment;

12     E.    A declaratory judgment that DEFENDANTS' violations as described

13  above were willful;

14     F.    An equitable accounting to identify, locate, and restore to all current and

15  former employees the wages that are due;

16

17     G.    An award to PLAINTIFF and the Class Members of damages in the

18  amount of unpaid wages and overtime, meal period pay, and amounts unlawfully deducted from

19  wages, including interest thereon, subject to proof at trial;

20     H.    An award to PLAINTIFF and the Class Members of statutory penalties

21  because of DEFENDANTS' failure to provide PLAINTIFF and the Class Members with

22  itemized wage statements that comply with the requirements of Labor Code § 226, subject to

23  proof at trial;

24     I.    An award of payments due to them as waiting time penalties as to those

25  Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

26     J.    An order requiring DEFENDANTS to pay restitution of all amounts owed

27  to PLAINTIFF and similarly situated employees of DEFENDANTS for failure to pay legally

28  required overtime, meal period pay, and interest thereon and for failure to repay amounts

COMPLAINT [CLASS ACTION]

Exhibit 2, Page 16

1    unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business

2    & Professions Code § 17203;

3            K.      An award to PLAINTIFF and the Class Members of reasonable attorneys'

4    fees and costs, pursuant to Code of Civil Procedure § 1021 5 and Labor Code §§ 218.5, 226, 203,

5    1194 and/or other applicable law; and

6            L.      An award to PLAINTIFF and the Class Members of such other and further

7    relief as this Court deems just and proper.

8

9    Dated:  April 24, 2008                                LIBERATION LAW GROUP

10

11                                                   By: _____

12                                                        Arlo Garcia Uriarte
                                                          Attorney for PLAINTIFFS
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT [CLASS ACTION]                 Exhibit ___ , Page ___

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years, and not a party to the within action; my business address is 300 South Grand Avenue, Twenty-Second Floor, Los Angeles, California  90071-3132.

On May 16, 2008, I served the within document(s):

## NOTICE OF RELATED CASE

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

☐    by causing the document(s) listed above to be personally delivered to the person(s) at the address(es) set forth below.

☒    by transmitting via LexisNexis File & Serve electronic service the document(s) listed above to each of the person(s) as set forth below..

Mark Yablonovich, Esq.
Marc Primo, Esq.
Robert E. Byrnes Esq.
Matthew T. Theriault
Linh Hua
Initiative Legal Group LLP
1800 Century Park East, Second Floor
Los Angeles, CA  90067
(310) 556-5637 Phone
(310) 861-9051 Fax

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 16, 2008, at Los Angeles, California.

I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Vivian F. Dohi

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
LOS ANGELES

LexisNexis File & Serve

Click to Print

## Transaction 19870097

Served only (public) at 5/16/2008 1:48 PM PDT

**Case number:** BC356051
**Case name:** Mobley, Vonetta et al vs Southland Transit Inc et al
**Court:** CA Superior Court County of Los Angeles
**Judge:** Judge, Los Angeles

## ⊟ Document List ( 1 )     **Total Statutory Fees: $0.00**

**Main Document, 27 pages     ID:** 24011858

**Clerk review status/action:** N/A

**Document type:** Notice

**Security:** Secure Public

**Statutory fee:** $0.00

**Document title:** NOTICE OF RELATED CASE [CRC 3.300]

## ⊟ Other Transaction Data

**Client matter code**
70871-061105-0011-JP

## ⊟ Parties and Recipients

### ⊟ Sending Parties (3)

1-3 of 3 sending parties

| ▲ Party | Party Type | Attorney | Attorney Type | Firm |
|---|---|---|---|---|
| Globeground North America LLC | Defendant | Porcaro, Jill Ann | Attorney in Charge | Morgan Lewis & Bockius LLP-Los Angeles |
| Penauille ServisAir LLC | Defendant | Porcaro, Jill Ann | Attorney in Charge | Morgan Lewis & Bockius LLP-Los Angeles |
| ServisAir USA Inc | Defendant | Porcaro, Jill Ann | Attorney in Charge | Morgan Lewis & Bockius LLP-Los Angeles |

1-3 of 3 sending parties

### ⊟ Recipients (5)

1-5 of 5 recipients

| ▲ Party | Party Type | Attorney | Firm | Delivery Status | Delivery Method | Type |
|---|---|---|---|---|---|---|
| Los Angeles Superior Court | Interested Party | Carl J West | CA Superior Court-Los Angeles County-Central Civil West Courthouse | 5/16/2008 1:48 PM PDT | E-Service | Service |
| Mobley, Vonetta | Plaintiff | Mark Yablonovic | Initiative Legal Group LLP | 5/16/2008 1:48 PM PDT | E-Service | Service |
| Mobley, Vonetta | Plaintiff | Marc Primo | Initiative Legal Group LLP | 5/16/2008 1:48 PM PDT | E-Service | Service |
| Mobley, Vonetta | Plaintiff | Robert E Byrnes | Initiative Legal Group LLP | 5/16/2008 1:48 PM PDT | E-Service | Service |
| Mobley, Vonetta | Plaintiff | Matthew T Theriault | Initiative Legal Group LLP | 5/16/2008 1:48 PM PDT | E-Service | Service |

1-5 of 5 recipients

### ⊟ Additional Recipients (4)

1-4 of 4 additional recipients

| Document/Notice | ▲ Name | Delivery Method | Delivery Status |
|---|---|---|---|
| Document | Arlo Garcia Uriarte | Fax | Processing |
| Document | Jason J. Szydlik | Fax | Processing |

Exhibit 2 , Page 41

LexisNexis File & Serve

| Document | Jennifer Kramer | Fax | Processing |
| Document | Judith Wiederhorn | Fax | Processing |
| | | | 1-4 of 4 additional recipients |

## ⊟ Sender Information

Submitted by:       Jill Ann Porcaro, Morgan Lewis & Bockius LLP-Los Angeles

Authorizer:         Jill Ann Porcaro, Morgan Lewis & Bockius LLP-Los Angeles

Exhibit _2_, Page _46_

# EXHIBIT 3

1  Arlo Garcia Uriarte, SBN 231764
2  Jason J. Szydlik, SBN 238356
   LIBERATION LAW GROUP
3  2760 Mission Street
   San Mateo, CA 94110
4  Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6  Jennifer Kramer, SBN 203385
7  Judith Wiederhorn, SBN 239885
   JENNIFER KRAMER LEGAL, APC
8  707 Wilshire Blvd., Suite 3600
9  Los Angeles, CA 90017
   Telephone: (213) 955-0200
10 Facsimile: (213) 955-0215

11

   Attorneys for PLAINTIFF
12 Robert Navarro

13

14         **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15             **FOR THE COUNTY OF LOS ANGELES**

16

17 VONETTA MOBLEY,                    Case No.: BC 356051

18              Plaintiff,            **PLAINTIFF ROBERT NAVARRO'S**
19     vs.                           **RESPONSE TO NOTICE OF**
                                     **RELATED CASE**
20 SOUTHLAND TRANSIT, INC., et al,

21

22              Defendants.

23

24         Pursuant to California Rule of Court, Rule 3.300, Plaintiff Robert Navarro

25 ("PLAINTIFF") specially appears in this matter to submit his Response to Defendant

26 Servisair, LLC's Notice of Related Case:

27         In *Navarro v. Servisair, LLC*, San Francisco Superior Court Case No.

28 CGC0847460, filed April 24, 2008, Plaintiff Navarro asserts the following causes of

   action:

                                      1

1.  Failure to Pay Wages

2.  Missed Meal Periods

3.  Failure to Pay Overtime Compensation

4.  Unlawful Deductions from Wages

5.  Violation of *Labor Code* § 226

6.  Violation of *Labor Code* § 203

7.  Violation of *Business & Professions Code* § 17200, et seq.

Plaintiff Navarro seeks to represent all of Servisair's non-exempt California employees.

In *Mobley v. Southland Transit, Inc., et al*, Los Angeles Superior Court Case No. BC356051, filed July 26, 2006, Plaintiff Mobley asserts the following causes of action:

1.  Violation of *Labor Code* § 226

2.  Missed Meal Breaks

3.  Missed Rest Breaks

4.  Violation of *Labor Code* § 203

5.  Violation of *Business & Professions Code* § 17200, et seq.

Plaintiff Mobley filed her motion for class certification on April 4, 2008.  In her motion, she seeks to represent the following classes:

1.  All individuals employed within California by Servisair, LLC, Penauille Servisair LLC, Globeground North America LLC, or any of its predecessors, from July 26, 2002 to January 1, 2007, as a bus driver ("Bus Driver Class").

2.  All members of the *Bus Driver Class* who are no longer employed by Defendant ("Waiting Time Penalty Subclass").

3.  All individuals employed within California by Servisair LLC, Penaulille Servisair, LLC, Globeground North America LLC, or any of its predecessors from July 26, 2005 to present ("Wage Statement Class").

Plaintiff Navarro was not employed as a bus driver and is not a member of the Bus Driver Class or Waiting Time Penalty Subclass.  In addition, Plaintiff Navarro's putative

2

Exhibit 3, Page 48

1  class action asserts causes of action for unpaid wages and unlawful deductions from

2  wages not found in Plaintiff Mobely's complaint.  In addition, Plaintiff Navarro seeks to

3  represent a broader class of individuals than bus drivers on the missed meal period claim.

4

5  Dated:  May 22, 2008                           JENNIFER KRAMER LEGAL, APC

6

7

8                                          By: _____

9                                               Jennifer Kramer
                                             Attorney for Plaintiff
10                                            ROBERT NAVARRO

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 3, Page 49

3

## PROOF OF SERVICE

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | FOR COURT USE ONLY |
|---|---|
| **TITLE OF CASE**<br>MOBLEY v. SOUTHLAND TRANSIT, INC., et al. | |
| **ATTORNEY(S) NAME AND ADDRESS**          **TELEPHONE**<br>Jennifer Kramer, Esq., SBN 203385          (213) 955-0200<br>Judith Wiederhorn, Esq., SBN 239885<br>JENNIFER KRAMER LEGAL, APC<br>707 Wilshire Boulevard, Suite 3600<br>Los Angeles, CA 90017 | |
| **ATTORNEY(S) FOR:**          HEARING DATE-TIME-DEPT<br>Plaintiff | **CASE NUMBER**<br>BC356051 |

I am employed in the City of Los Angeles, County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action. My business address is 707 Wilshire Boulevard, Suite 3600, Los Angeles, CA 90017. On **May 23, 2008**, I served the documents named below on the parties in this action as follows:

**DOCUMENT(S) SERVED:**      PLAINTIFF ROBERT NAVARRO'S RESONSE TO NOTICE OF RELATED CASE

**SERVED UPON:**          **SEE ATTACHED SERVICE LIST**

[X]   (BY U.S. MAIL) I caused each envelope, with postage thereon fully prepaid, to be placed in the United States mail Los Angeles, California. I am readily familiar with the practice of the Firm for collection and processing of correspondence for mailing, said practice being that in the ordinary course of business, mail is deposited in the United States Postal Service the same day as it is placed for collection.

[ ]   (BY PERSONAL SERVICE) I caused to be delivered by an authorized courier or driver the documents listed above to be received and delivered on the same date. A Proof of Service signed the authorized courier will be filed forthwith.

[ ]   BY FACSIMILE) I caused to be transmitted the document(s) described herein via fax

[ ]   (BY OVERNIGHT MAIL) I am readily familiar with the practice of the Firm for collection and processing of correspondence for overnight delivery and know that the document(s) described herein will be deposited in a box or other facility regularly maintained by California Overnite for overnight delivery.

[X]   (STATE) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on May 23, 2008, at Los Angeles, California.

_____
Erika Gomez

Exhibit 3, Page 50

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
MOBLEY v. SOUTHLAND TRANSIT, INC., et al.
LASC Case No. BC356051

## SERVICE LIST

Arlo Uriarte, Esq.
Liberation Law Group
2760 Mission Street
San Francisco, CA 94110
*Co-Counsel for Plaintiff*

Jill Ann Porcaro, Esq.
Morgan Lewis
300 S. Grand Ave., 22 Floor
Los Angeles, CA 90071
*Attorney for Defendant*

Mark Yablonovich, Esq.
Marc Primo, Esq.
Robert E. Byrnes, Esq.
Matthew T. Theriault
nh Hua
Initiative Legal Group LLP
1800 Century Park East, 2nd Floor
Los Angeles, CA 90067

Exhibit 3 , Page 5