UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NAVARRO, on behalf of himself and others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>SERVISAIR, LLC, and DOES 1 through 50,<br><br>　　　　　Defendants.<br>　　　　　　　　　　　　　　　　　　　／ | No. C 08-02716 MHP<br><br>**MEMORANDUM & ORDER**<br><br>**Re: Plaintiff's Application for Attorneys' Fees and Costs Incurred in Bringing Remand Motion** |

　　　　On April 24, 2008, plaintiff Robert Navarro, on behalf of himself and others similarly situated, brought an action against Servisair, LLC ("Servisair") in the Superior Court of California for the County of San Francisco. On May 29, 2008, defendant filed its answer and removed the action to this court. Plaintiff's motion to remand was denied, but the court indicated it would award plaintiff attorneys' fees and costs associated with bringing the diversity of citizenship portion of his motion to remand. On September 12, 2008, plaintiff filed an application for a monetary award and a proposed order. Defendant responded on September 23, 2008. Having considered the parties' submissions and for the reasons set forth below, the court enters the following memorandum and order.

## BACKGROUND

Plaintiff Navarro claims that his employer, Servisair, has violated California labor and employment laws. See Docket No.1, Exh. A. Servisair provides aviation ground services such as ramp services and aircraft cleaning. Id. Plaintiff makes claims for: (1) unpaid wages; (2) missed meal periods; (3) unpaid overtime wages; (4) unlawful deductions from wages; (5) improper wage statements; (6) waiting time penalties; and (7) restitution of unpaid wages under California's Unfair Competition Act.

The court found federal jurisdiction based on the following: (1) federal question jurisdiction based on preemption of state law claims by the Labor Management Relations Act and the Railway Labor Act because resolution of the claims at issue requires interpretation of the collective bargaining agreement between the parties; and (2) diversity jurisdiction based on diversity of citizenship of each member of the LLC and an amount in controversy based on the class's claims for over $5 million under the Class Action Fairness Act of 2005. See Docket No. 20.

In its removal papers, defendant incorrectly stated that it was a corporation, not an LLC, and failed to indicate that the residence of each member of the LLC was diverse. In order to deter sloppy drafting and eliminate perverse incentives, the court invited a motion for plaintiff's attorneys' fees and costs incurred with respect to preparing and arguing the diversity of citizenship portion of plaintiff's motion to remand. The plaintiff's attorneys submitted an application for a total of $3,307.85 in fees and costs and provided a summary of total hours spent, individual hourly rates, tasks performed and transportation costs. See Kramer Dec.

## LEGAL STANDARD

The district court has discretion to award attorneys' fees and related costs where a party has unnecessarily wasted time and resources of other litigants and the court. See Fed. R. Civ. P. 54(d)(2); N.D. Cal. Civ. R. 54-6(b). The reasonableness of hourly rates is determined by considerations of experience, skill and reputation of the attorney requesting the fee and the prevailing

rate in the community for similar work performed by comparable attorneys. Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), amended by 808 F.2d 1373 (1987).

DISCUSSION

The court awards plaintiff's attorneys' fees and costs because defendant failed to accurately specify the legal basis for removal and associated factual support in the diversity of jurisdiction portion of its motion for removal. See Docket No. 20.

The hourly rates of plaintiff's attorneys are reasonable for attorneys of similar experience, skill and reputation. Attorney Jennifer Kramer primarily practices employment law and has eight years of experience in prosecuting and handling wage and hour cases. Kramer Dec. ¶ 7. Kramer spent 10.8 hours in preparing and arguing the motion to remand at an hourly rate of $350.00. Id. at ¶ 5. Her tasks included reviewing the removal papers, conducting legal research and drafting the remand motion and reply brief. Id. at ¶ 6. Kramer also spent two hours preparing the application for attorney's fees, totaling $700.00. Id. at ¶ 12. Attorney Judith Wiederhorn received her license to practice law in 2005 and has a primary practice of employment law. Id. at ¶ 9. Wiederhorn expended 4.8 hours, at an hourly rate of $250.00, to review the pleadings to prepare for oral argument and to attend the hearing. Id. at ¶ 8. These hourly rates are comparable to prevailing rates of attorneys of similar skill, experience and reputation. See Chalmers, 796 F.2d at 1210.

Plaintiff's attorneys have concluded based on page count that conservatively fifty percent of the motion to remand concerned the diversity of citizenship issue, and they have therefore applied for half of their total costs and fees. Kramer Dec. ¶ 11. Plaintiff's attorneys have reasonably supported this calculation by delineating the hours spent, the respective hourly rates applied and tasks performed with respect to the diversity of citizenship portion of the motion to remand. Id. at ¶¶ 5-12. Defendant argues that this calculation is based on speculative and flawed reasoning and is not a sufficiently specific outline of the costs and fees incurred. However, the plaintiff's motion to remand was an integrated document with multiple legal issues, and plaintiff's attorneys had no reason to know that they would be asked to account for time specifically spent on the diversity of

citizenship portion of the motion to remand. The court finds that it is reasonable to calculate the time spent on the diversity of citizenship portion of the motion based on page count.

An award of costs other than attorneys' fees, including transportation costs, is permitted as they are related expenses. See Fed. R. Civ. P. 54(d)(2)(A). Plaintiff's attorneys have submitted reasonable costs, totaling $117.85, for half of their airline and ground transportation costs. Kramer Dec. ¶ 10.

CONCLUSION

Plaintiff's application for attorneys' fees and costs is GRANTED. Plaintiff is awarded $3,307.85 to be paid by defendant within thirty (30) days of entry of this order.

IT IS SO ORDERED.

Dated: May 29, 2009

MARILYN HALL PATEL
United States District Court Judge
Northern District of California