United States District Court

For the Northern District of California

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT NAVARRO, | No. C 08-02716 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| SERVISAIR, | Re: Motion for Final Approval of Class Action Settlement and Attorneys' Fees and Costs |
| Defendant. | |

Plaintiff Robert Navarro ("plaintiff") filed this class action alleging that his employer, defendant Servisair, LLC ("defendant"), violated numerous California wage and hour laws. Docket No. 40 (Mot. to Am. Compl.), Exh. A (First Am. Compl. (FAC)) at 1. The parties reached a settlement which the court preliminarily approved on October 13, 2009. Docket No. 76 (Order). Now before the court are plaintiff's unopposed motion for final approval of settlement and unopposed motion for the award of attorneys' fees and costs, including an incentive award on behalf of plaintiff. Having considered the parties' arguments and submissions and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND

Plaintiff alleges that defendant fails to compensate employees for all hours worked; fails to provide proper meal breaks; fails to pay overtime; and fails to furnish accurate wage statements. FAC at 1. The proposed class consists of 1972 individuals employed by defendant as ramp agents,

fuelers, cargo agents and cabin cleaners working at several California airports during the class period. Docket No. 80 (Kramer Dec.), Exh. A (Settlement Agreement) ¶¶ 6 & 7.

The parties have attended mediations and engaged in meaningful discovery. Kramer Dec. ¶ 3. Multiple depositions were taken and nearly 25,000 pages of employment related documents were exchanged. *Id.* Based on shared information and arm's length bargaining, the parties now agree upon the terms of a settlement of this action. *Id.*

Under the terms of this proposed Settlement Agreement, class members will receive a $900,000.00 common fund. Recovery for each class member will equal approximately $5.00 per week worked during the class period. Kramer Dec. ¶ 6. Multiplying the number of work weeks claimed by the class members (82,666.59) by the approximate $5.00 per week compensation unit of the settlement produces an actual class recovery of approximately $413,332.95 (averaging about $567.00 per participating class member). *See* Docket No. 83 (Staples Dec.) ¶ 9. The parties agreed that an incentive award of $10,000.00, to compensate the class representative for his time and effort, and an administration fee of $32,000.00, to pay the claims administrator, will be paid out of the common fund. Kramer Dec., Exh. A ¶ 32; Staples Dec. ¶ 13. Class counsel has also requested $10,000 in costs and $270,000.00 in attorneys' fees which represents roughly a 30% contingency fee of the total common fund. Kramer Dec., Exh. A ¶ 32.

Defendant will retain a substantial portion of the common fund through reversion. The summation of the actual class claims ($413,332.95) and proposed incentive award ($10,000.00), claims administration fee ($32,000.00), attorneys' fees ($270,000.00) and costs ($10,000.00) equals a $735,332.95 draw on the total $900,000.00 common fund. Assuming there is no reduction to the incentive award or the attorneys' fees, defendant will retain at least $164,667.05.

2

LEGAL STANDARD

I.   Final Settlement Approval

In deciding whether to approve a settlement, the court must determine if the settlement terms are "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2). The court's inquiry into a consensual agreement negotiated by the parties should seek only to ensure that the settlement is fair, reasonable and adequate and not the result of fraud, over-reaching or collusion. *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).

II.   Attorneys' Fees and Costs

Federal Rule of Civil Procedure 23(h) allows the court to award reasonable attorneys' fees and costs according to the agreement of the parties. Fed. R. Civ. P. 23(h). "[W]hether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment . . . are fair and proper." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999). When attorneys' fees are to be paid from a common settlement fund, "the relationship between plaintiffs and their attorneys turns adversarial" and "the district court must assume the role of fiduciary for the class plaintiffs." *WPPSSSL*, 19 F.3d at 1302. It thus becomes crucial for the court to scrutinize the attorneys' request in light of their role in the litigation.

In common fund cases, the district court has the discretion to use either a percentage-of-the-recovery method or lodestar method to calculate reasonable attorneys' fees. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994) ("*WPPSSSL*"). Under the percentage-of-the-recovery method, the attorneys' fees are calculated as a percentage of the common fund, with 25% established as the benchmark in the Ninth Circuit. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the lodestar method, the lodestar amount is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Id.* at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The lodestar may then be adjusted up or down by an appropriate multiplier, based on factors not subsumed in the initial calculation of the lodestar. *See*

3

*Purdue v. Kenny A.*, No. 08-970, ___ S. Ct. ____, 2010 WL 1558980, at *7 (Apr. 21, 2010). Importantly, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed" and the court may reduce the award where documentation is inadequate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In light of criticisms of the lodestar method, including concerns that the method "exacerbates the problem of 'cheap settlements' " and " 'facilitates the ability of defendants and the plaintiff's attorneys to arrange collusive settlements that exchange a low recovery for a high fee award,' " *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 30 (2000) (citations omitted), many federal courts have indicated a preference for the percentage-of-the-recovery method. *Id.* at 30-31. The Ninth Circuit has indicated approval of the use of that method even in cases lacking a distinct, traditional common fund. *See Wing v. Asarco Inc.*, 114 F.3d 986, 989-90 (9th Cir. 1997). In *Wing*, the Ninth Circuit held that the district court had not abused its discretion when it estimated the settlement value, "[p]articularly in light of the parties' agreement as to value." *Id.* at 990.

## DISCUSSION

### I. Final Settlement Approval

Under the factors enumerated in *Officers for Justice*, the general terms of the Settlement Agreement before the court are fair, adequate and reasonable. First, the reaction of the class members to the proposed settlement was positive. The claims administrator has currently received 729 valid and timely claims out of the total 1972 ascertainable class members who were sent notice. Staples Dec. ¶ 9. The timely and valid claims represent 36.97% of the class members and 59.59% of the total claimable weeks worked by the class. *Id.* Considering this substantial response, the lack of any objectors and that only three class members requested to be excluded from the settlement, the result is very positive. The transient nature of many wage workers and the fear of participating in a lawsuit against an employer make it difficult to secure a high participation rate in wage and hour cases. Despite these challenges, class counsel has produced a settlement which reflects a

4

commendable response rate. Second, class counsel believes that the $5.00 per week compensation scheme is reasonable based on their experience with settlements in similar cases. Kramer Dec. ¶ 6. Class counsel has adequate experience with similar wage and hour cases to give credibility to such a determination. Kramer Dec. ¶ 2.

II.   Award for Attorneys' Fees, Costs and Incentive Payment

As the court has discretion to use either the lodestar method or the percentage-of-the-recovery method to determine the reasonableness of attorneys' fees, both methods are analyzed below and cross-checked against each other.

A.   Lodestar Method

The calculation of class counsel's lodestar represents a reasonable rate multiplied by a reasonable extent of time. The requested rates of $350.00 for Jennifer Kramer, $325.00 for Arlo Uriarte, $250.00 for Judith Wiederhorn and $100.00 for Johanna Perez (paralegal) are reasonable and reflect their relative experience in prosecuting wage and hour cases. Kramer Dec. ¶¶ 2 & 7; Docket No. 79 (Uriarte Dec.) ¶¶ 2 & 5. This court has previously found the rates of Jennifer Kramer Legal, APC to be reasonable. Docket No. 63 (Order). The rates of Liberation Law Group, PC are comparable and also reasonable. Uriarte Dec. ¶ 5. Class counsel provided detailed contemporaneous time records of the time they spent on this action. Kramer Dec., Exh. C & E; Uriarte Dec., Exh. 1. According to these records, 267.7 hours were expended on this action by Kramer Legal and 273 hours by Liberation Law Group. Kramer Dec. ¶ 18; Uriarte Dec. ¶ 5. Applying these hours to Class counsel's reasonable rates, the total lodestar for class counsel equals $149,891.45 ($84,531.70 for Kramer Legal and $65,359.75 for Liberation Law Group).

B.   Percentage Method

The percentage recovery requested by class counsel, 30%, is not reasonable and must be reduced for three reasons. First, the 30% award unjustifiably varies from the 25% "benchmark" set by the Ninth Circuit. *See, e.g.*, *Vizcaino*, 290 F.3d at 1048. Class counsel has not provided specific justification for why the benchmark should not be applied. Although there are factors that counsel

5

in favor of a percentage greater than 30 %, including the substantial response rate of the class members, an average recovery of more than $500 per class member and the fact that the favorable settlement terms were reached despite potential preemption defenses under the Airline Deregulation Act and the Railway Labor Act, Kramer Dec. ¶ 3, there are also factors that would justify a downward departure from the benchmark, such as the rapidity of the settlement and the lack of extensive motion practice, s*ee In re Twinlab Corp. Sec. Litig.*, 187 F. Supp. 2d 80, 88 (E.D.N.Y. 2003) (awarding 12% fee considering lack of extensive motion practice, appeals or discovery). The parties here reached this settlement relatively quickly without litigating any motions for summary judgment or class certification. On balance, considering all the circumstances surrounding this action, a 25% fee consistent with the Ninth Circuit benchmark would be more appropriate than the requested 30% award.

Second, regardless of the percentage awarded, the $900,000.00 recovery is not the proper amount from which a percentage should be calculated. This $900,000.00 common fund does not represent either the actual or potential recovery made available to the class. Even if 100% of the ascertainable class members had filed timely and valid claims, the total recovery including the requested incentive awards and administration costs would not exceed approximately $736,108.15 (138,821.63 total claimable weeks times approximately $5.00 plus $32,000.00 for administration and $10,000.00 for the incentive award). *See* Staples Dec. ¶ 9 (noting the "total" number of weeks). Because the settlement terms include a provision for reversion to defendant, the $900,000.00 common fund has an artificial pad of $163,891.85 ($900,000.00 minus $736,108.15 for 100% class participation). It would be collusive to award class counsel a percentage of any recovery above the $736,108.15 potential recovery because the excess would be guaranteed to revert to defendant regardless of class participation.

Third, any award of attorneys' fees granted must take into account that class counsel has already been compensated for fees incurred in bringing their motion to remand. The court has previously awarded class counsel $3,190.90 in attorneys' fees and $117.85 in costs incurred in

6

bringing a motion to remand. Kramer Dec. ¶ 7 n.1. Class counsel cannot be paid twice for the same work.

Factoring the previously awarded attorneys' fees into the percentage-of-the-recovery method, a reasonable attorneys' fee award would be $180,836.14 (25% of the $736,108.15 potential recovery made available to the class minus the previously awarded $3,190.90). This award, when cross-checked against the lodestar measure, requires a multiplier of 1.21 ($180,836.34 divided by $149,891.45 lodestar). The Ninth Circuit has expressed general approval of multipliers between 1.0 and 4.0 in common fund cases. *See Vizcaino* 290 F.3d at 1051 n.6. The multiplier in this case is justified given the relative risk class counsel carried in accepting a contingency fee case.

C.   Costs

Class counsel's costs of $10,913.58 ($3,299.59 minus the previously awarded $117.85 for Kramer Legal and $7,731.84 for Liberation Law Group) are reasonable. These costs are reasonably proportionate to the lodestar when compared to similar settlements. *See Tarlecki v. bebe Stores, Inc.*, No. CV-05-1777, 2009 WL 3720872, at *6 (N.D. Cal. Nov. 3, 2009) (Patel, J.) (awarding $30,000.00 in costs in conjunction with attorneys' fees of $200,000.00).

D.   Incentive Award

A $10,000.00 incentive award to plaintiff Navarro is reasonable. In this district, a $5,000 payment is presumptively reasonable. *See Hopson v. Hanesbrands Inc.*, No. CV-08-0844, 2009 WL 928133, at *10 (N.D. Cal. Apr. 3, 2009) (LaPorte, Mag. J.). An employee who lends his name to a lawsuit against a current or former employer is placed in a financially vulnerable position. Plaintiffs who take on this risk for the genuine enforcement of wage and hour provisions should be encouraged. Further, when individual plaintiffs faithfully execute their duties as a class representative, they should be rewarded. Here, Navarro spent a significant amount of time faithfully attending depositions, mediations and meetings with other class members. Uriarte Dec. ¶ 11. Based on this active participation, an incentive award of $10,000.00 is reasonable.

CONCLUSION

Accordingly, because the terms of the settlement are fair, reasonable and adequate, plaintiff's motion for final approval of the settlement is GRANTED. Plaintiff's motion for attorneys' fees, costs and an incentive award is also GRANTED. Class counsel is awarded attorneys' fees in the amount of $180,836.14 and costs of $10,913.58. An incentive award of $10,000.00 is awarded to plaintiff Navarro for his role as class representative.

IT IS SO ORDERED.

Dated: April 26, 2010

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

8